IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV
NOV 20 1996
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,
Plaintiff

v.                                          Criminal No. 1:96CR43-02

JAMES R. ROGERS, a/k/a RICH,
Defendant.

## UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

Comes now the United States of America and William D. Wilmoth, United States Attorney for the Northern District of West Virginia, by David E. Godwin, Assistant United States Attorney and responds that the United States objects to the revocation of the detention order as sought in said motion on the grounds that the evidence in this case supports the Magistrate Judge's determination that no conditions of release are adequate to insure the public's safety considering the nature of the charge and the strength of the evidence in this case. In further response, the following is set forth:

1) The record made before the Magistrate Judge does support the Magistrate Judge's determination that there is clear and convincing evidence that the defendant committed acts which were "reprehensible acts" that "demonstrate his disregard for the potential consequences, which include massive property damage and injury or death to large numbers of FBI employees and

others." (Detention Order at page 6). This record clearly shows that the defendant, although a public safety officer, a fireman, assisted in obtaining information for the purpose of preparing to injure the FBI/CJIS facility near Clarksburg.

2) Contrary to the general allegations contained in the motion, the prosecution's case is not based solely upon the testimony of a paid cooperating witness, O. Marshall Richards. The investigators have in their possession the photographs of the blueprints selected and obtained by the defendant. [Transcript (Tr.) page 43]. The chief engineer for the facility has examined the blueprints and is of the opinion that the particular plans selected and photographed were intelligently selected if one's purpose is to harm the facility. [Tr. pages 44-48]. The investigators have evidence of the defendant's meetings and conversations with the co-defendant Looker and Mr. Richards. This evidence is both in the form of testimony by Mr. Richards and in the form of audio and video taped evidence. [Tr. pages 40-42, 49]. The taped evidence corroborates the testimonial evidence. Of particularly incriminating value is the video tape made on March 7, 1996, in which the defendant discusses the various photographs and notes that he has provided. [Tr. pages 49-52].

3) Many of the averments of the motion are irrelevant to the case. Included in the irrelevant aspects are such matters as whether the blueprints were classified materials; the defendant's religion; his association with the militia; the defendant's denigration of the "informer's" credibility, which has no support in the record of this case; and the dealings of others in explosives or proceeds from the sale of explosives. The defendant is not charged with any crime based on what he believes or with whom he has associated; he is charged with a crime based on what he has done. Likewise, he is not charged concerning explosives or with a crime with a pecuniary motive.

  4) The defendant in his motion advocates that it is to his credit that he was not a party to the scheme to sell the procured information to terrorists. At the detention hearing, the prosecution did not attempt to establish that he participated in this money-making scheme. Rather, the evidence in this case indicates that the defendant was motivated by a desire to be prepared to confront the United States Government when it became necessary, *in the defendant's view*. This political motive makes him a dangerous person. He was preparing for a violent confrontation even before the government took any action against him. Pursuing political goals with violence is the definition of terrorism. The evidence establishes that the co-defendant, Looker, combined this political motive with a pecuniary motive.

  5) The defendant's repeated attack on Mr. Richards' credibility is not based on the record and should carry no weight in the Court's review of the detention order. The record does reflect that he was paid money for his expenses and time. [Tr. pages 94-95]. The defendant correctly asserts that the agent's estimate of the total amount paid to the cooperating witness was approximately $30,000 during the detention hearing of the co-defendant, Looker, even though in his testimony in this case, he estimated approximately $20,000. The $10,000 difference was explained at the Looker hearing; the agent had forgotten to add in the amount of money paid to relocate Mr. Richards and his family after the termination of the investigation for his safety.

  6) The defendant's argument that the charge under Title 18, United States Code, § 2339A is inadequate or invalid is misplaced in this motion. The Magistrate Judge, and now the Grand Jury, found probable cause to believe that the defendant had committed the offense of providing material support and resources with the intent and knowledge that the material would be used in the preparation for an injuring of the government's property. This finding is sufficient for this stage of the proceedings.

7) The Pre-trial Services report did indicate the opinion that the defendant could be released under strict conditions but such was based solely upon the determination that the defendant was not a risk of flight. The Magistrate Judge did not base his decision on the risk of flight but instead on the nature of the crime.

Wherefore, the United States urges the Court to deny the defendant's motion upon a *de novo* review of the transcript of the hearing in this case; or in the alternative, to provide the parties the opportunity to supplement the record with additional evidence.

Respectfully submitted,

United States of America

William D. Wilmoth,
United States Attorney

By: *[signature]*
David E. Godwin
First Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing *UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER* was served upon the defendant by placing a copy thereof in the United States Mail, postage prepaid, addressed to Rocco E. Mazzei, counsel for James R. Rogers, at Suite 318, Goff Building, 321 West Main Street, Clarksburg, WV 26301.

Dated this 19th day of November, 1996.

David E. Godwin
First Assistant U. S. Attorney

Post Office Box 750
Clarksburg, WV 26302-0750