

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                          Case No.    5:96CR40-01
                                                 1:96CR41-01
                                                 1:96CR42-01
                                                 1:96CR43-01

FLOYD RAYMOND LOOKER, a/k/a Ray,
        Defendant.

## UNITED STATES' PRE-TRIAL DISCOVERY STATEMENT
## PURSUANT TO LOCAL RULES 4.04 AND 4.08, AND F.R.Cr.P. RULE 16(a)

Now comes the United States of America and William D. Wilmoth, United States Attorney, by David E. Godwin, First Assistant United States Attorney, and states that pursuant to Local Rules 4.04 and 4.08, and Rule 16(a) of the Federal Rules of Criminal Procedure, the following has been disclosed to the defendant's counsel on December 2, 1996:

I. RULES 4.04 AND 16(a):

(A) Relevant written or recorded statements:

    1. FD-302 dated 1/5/96 related to interview of Floyd Raymond Looker on 12/27/95

    2. FD-302 dated 2/7/96 related to interview of Floyd Raymond Looker, Jr. on 4/28/95

    3. FD-302 dated 10/17/96 related to arrest of Looker on 10/11/96

    4. FD-302 dated 10/29/96 related to interview of Floyd Raymond Looker on 10/11/96

    5. FD-302 dated 10/29/96 related to interview of Floyd Raymond Looker on 10/11/96

    6. FD-302 dated 10/29/96 related to interview of Floyd Raymond Looker on 10/11/96

    7 FD-302 dated 10/29/96 related to interview of Floyd Raymond Looker on 10/11/96

    8. Five (5) VHS videocassettes which relate to Case No. 1:96CR43. The first is a



recording of the meeting of the defendant, the codefendant, Rogers, and the cooperative witness Richards, on March 7, 1996 and is labeled as "266A-PG-62251  3-7-96  1024  Looker. Rogers, Richards."  The second, third, and fourth cassettes all relate to a meeting of the defendant and Richards on May 11, 1996, and are labeled as "266A-PG 62251  5/11/96  1051,1052. and 1053 Richards/Looker."  The fifth cassette is a recording of the defendant's meeting with the undercover special agent Steve Francke on October 11, 1996, and is labeled as "266A PG-62251 10-11-96  3235  Francke, Looker."

       9. The following are transcripts of tape recordings that have been made in these cases, some of which have the defendant as a participant in the recorded conversation.  See Other Matters paragraph A below.  The first column indicates the tape number that has been assigned to the tape cassette, or set of cassettes, and the second column indicates the date of the conversation that is indicated on the cover sheet of the transcript:

<u>5:96CR40</u>

| <u>Tape No.</u> | <u>Date</u> |
|---|---|
| 1 | 9/19/95 |
| 2 | 9/22/95 |
| 2A | 9/22/95 |
| 3 | 9/26/95 |
| 5 | 9/29/95 |
| 6 | 10/3/95 |
| 7 | 10/5 & 6/95 |
| 8 | 10/10 & 11/95 |
| 9 | 10/11/95 |
| 9 | 10/11/95 |
| 9 | 10/11/95 |
| 10 | 10/13/95 |
| 10A | 10/13/95 |
| 11 | 10/22/95 |
| 11 | 10/22/95 |
| 12 | 10/24/95 |
| 12 | 10/24/95 |
| 13 | 10/31/95 |
| 14 | 11/1/95 |
| 15 | 11/2/95 |
| 16 | 11/3/95 |
| 17 | 11/7/95 |
| 17A | 11/7/95 |
| 18 | 11/7/95 |
| 19 | 11/14/95 |
| 20 | 11/15/95 |
| 21 | 11/23/95 |

| | |
|---|---|
| 22 | 11/27/95 |
| 23 | 11/28/95 |
| 23A | 11/28/95 |
| 24 | 12/8/95 |
| 25 | 12/12/95 |
| 25A | 12/12/95 |
| 26 | 12/11/95 |
| 27 | 12/13/95 |
| 27A | 12/13/95 |
| 27B | 12/13/95 |
| 28 | 12/15/95 |
| 28A | 12/15/95 |
| 29 | 12/16/95 |
| 29A | 12/16/95 |
| 29B | 12/16/95 |
| 30A | 12/17/95 |
| 31 | 12/19/95 |
| 32 | 12/21/95 |
| 33 | 12/22/95 |
| 34 | 12/31/95 |
| 34A | 12/31/95 |
| 35A | 1/4/96 |
| 36 | 1/5/96 |
| 36A | 1/5/96 |
| 38 | 1/12/96 |
| 39 | 1/27/96 |
| 39A | 1/27/96 |
| 40 | 1/16/96 |
| 41 | 1/31/96 |
| 42 | 2/2/96 |
| 43 | 2/3/96 |
| 44 | 2/5/96 |
| 45 | 2/7/96 |
| 45A | 2/7/96 |
| 45B | 2/27/96 |
| 46 | 2/8/96 |
| 46A | 2/8/96 |
| 47 | 2/16/96 |
| 48 | 2/17/96 |
| 48A | 2/17/96 |
| 49 | 2/20/96 |
| 50 | 2/22/96 |
| 51 | 2/23/96 |
| 52 | 2/28/96 |
| 53 | 3/1/96 |

| Tape No. | Date |
| --- | --- |
| 54 | 3/4/96 |
| 55 | 3/8/96 |
| 55A | 3/8/96 |
| 56 | 3/9/96 |
| 56A | 3/9/96 |
| 56B | 3/9/96 |
| 57 | 3/11/96 |
| 58 | 3/13/96 |
| 58A | 3/13/96 |
| 59 | 3/14/96 |
| 60 | 3/16/96 |
| 60A | 3/16/96 |
| 60B | 3/16/96 |
| 61 | 3/17/96 |
| 62 | 3/19/96 |
| 63 | 3/21/96 |
| 64 | 11/5/95 |
| 64 | 11/5/95 |
| 65 | 3/28/96 |

1:96CR41

| Tape No. | Date |
| --- | --- |
| 1 | 6/5/96 |
| 1A | 6/5/96 |
| 2 | 6/10/96 |
| 3 | 6/14/96 |
| 4 | 6/17/96 |
| 5 | 6/22/96 |
| 6 | 7/1/96 |
| 7 | 7/3/96 |
| 7A | 7/3/96 |
| 8 | 7/8/96 |
| 8A | 7/8/96 |
| 9A | 7/15/96 |
| 10 | 7/17/96 |
| 10A | 7/17/96 |
| 10B | 7/17/96 |
| 11 | 7/19/96 |
| 11A | 7/19/96 |
| 12 | 7/20/96 |
| 12A | 7/20/96 |
| 12B | 7/20/96 |

| Tape No. | Date |
|---|---|
| 13 | 7/21/96 |
| 13A | 7/21/96 |
| 13B | 7/21/96 |
| 15B | 7/29/96 |
| 16 | 7/30/96 |
| 16A | 7/30/96 |
| 17A | 7/31/96 |
| 18A | 8/8/96 |
| 20 | 8/22/96 |
| 20A | 8/22/96 |
| 21 | 8/25/96 |
| 22 | 4/17/96 |
| 23A | 8/28/96 |
| 24 | 9/4/96 |
| 44 | 5/28/96 |
| 45 | 5/28/96 |
| 46 | 5/29/96 |
| 51 | 6/1/96 |
| 52B | 6/7/96 |
| 56 | 6/25/96 |

1:96CR42

| Tape No. | Date |
|---|---|
| 1 | 9/6/95 |
| 2 | 9/7/95 |
| 3 | 9/8/95 |
| 4 | 9/10 & 11/95 |
| 5 | 9/13/95 |
| 6 | 9/14/95 |
| 6A | 9/14/95 |
| 7 | 9/20/95 |
| 8 | 9/21/95 |
| 9 | 10/28/95 |
| 9 | 10/28/95 |
| 9 | 10/28/95 |
| 9 | 10/28/95 |
| 9A | 10/28/95 |
| 10 | 10/30/95 |
| 11 | 11/2/95 |
| 12 | 11/7/95 |
| 12A | 11/7/95 |
| 13 | 11/18/95 |
| 14 | 11/20/96 (should be 95) |

| Tape No. | Date |
|---|---|
| 15 | 11/21/95 |
| 16 | 11/29/95 |
| 18 | 12/13/95 |
| 19 | 12/14/95 |
| 21 | 1/4/96 |
| 22 | 1/30/96 |
| 24 | 2/7/96 |
| 25 | 2/26/96 |
| 26 | 2/27/96 |
| 26A | 2/27/96 |
| 28 | 5/28/96 |
| 30 | 4/30/96 |
| 31 | 6/7/96 |
| 32 | 8/28/96 |
| 33 | 9/9/96 |

(Tapes involving more than one case)

| Tape No. | Date |
|---|---|
| 2 | 1/30/96 |
| 3 | 9/26/95 |
| 23A | 11/28/95 |
| 24 | 12/8/95 |
| 25 | 12/12/95 |
| 27 | 12/13/95 |
| 28 | 12/15/95 |
| 34 | 12/31/95 |
| 45 | 5/28/96 |
| 62 | 3/19/96 |
| 63 | 3/21/96 |

1:96CR43

| Tape No. | Date |
|---|---|
| 1A | 1/28/96 |
| 1B | 1/28/96 |
| 1C | 1/28/96 |
| 2 | 1/30/96 |
| 3 | 2/8/96 |
| 4 | 2/9/96 |
| 5 | 2/10/96 |
| 6 | 2/13/96 |
| 6A | 2/13/96 |
| 6B | 2/13/96 |
| 7 | 2/18/96 |

| | |
|---|---|
| 7A | 2/18/96 |
| 7B | 2/18/96 |
| 8 | 2/19/96 |
| 8A | 2/19/96 |
| 8B | 2/19/96 |
| 8C | 2/19/96 |
| 9 | 2/20/96 |
| 10 | 2/23/96 |
| 10A | 2/23/96 |
| 11 | 3/3/96 |
| 12 | 3/7/96 |
| 12A | 3/7/96 |
| 13 | 3/4/96 |
| 13A | 3/4/96 |
| 14 | 3/5/96 |
| 15 | 3/19/96 |
| 16 | 3/22/96 |
| 17 | 12/5/95 |
| 18 | 4/10/96 |
| 19 | 3/17/96 |
| 21 | 4/15/96 |
| 22 | 4/17/96 |
| 23 | 4/22/96 |
| 24 | 4/23/96 |
| 25 | 4/24/96 |
| 26 | 4/24/96 |
| 27 | 4/24/96 |
| 28 | 4/25/96 |
| 29 | 4/26/96 |
| 30 | 4/28/96 |
| 31 | 4/28/96 |
| 32 | 5/1/96 |
| 33 | 5/7/96 |
| 34 | 5/9/96 |
| 35 | 5/10/96 |
| 37 | 5/11/96 |
| 39 | 5/15/96 |
| 40 | 5/20/96 |
| 41 | 5/20/96 |
| 42 | 5/24/96 |
| 43 | 5/24/96 |
| 44 | 5/28/96 |
| 45 | 5/28/96 |
| 46 | 5/29/96 |
| 47 | 5/30/96 |

| | |
|---|---|
| 48 | 5/30/96 |
| 49 | 5/30/96 |
| 50 | 5/31/96 |
| 51 | 6/1/96 |
| 52 | 6/7/96 |
| 52A | 6/7/96 |
| 52B | 6/7/96 |
| 53 | 6/4/96 |
| 54 | 6/5/96 |
| 55 | 6/22/96 |
| 55A | 6/22/96 |
| 56 | 6/25/96 |
| 57 | 8/7/96 |
| 59 | 9/4/96 |
| 59A | 9/4/96 |
| 59B | 9/4/96 |
| 60 | 9/9/96 |
| 62 | 9/10/96 |
| 62A | 9/10/96 |
| 67 | 9/19/96 |

(B) <u>Relevant results or reports of tests and examinations:</u>

    1. FBI Laboratory Report dated 9/7/95, Lab No. 50810015 S ZL AR Re: Mountaineer Militia

(C) <u>Relevant grand jury testimony of the defendant:</u>

    1. None

(D) <u>Property of the defendant in the possession of the government:</u>

    1. FD-302 dated 10/16/96 related to search at 210 Maple Street, Stonewood on 10/11/96

    2. FD-302 dated 10/17/96 related to execution of search warrant if 1987 Toyota, Four-runner vehicle on 10/11/96

    3. FD-302 dated 10/29/96 related to consent search for Looker's residence on 10/11/96

(E) <u>F.B.I. criminal history:</u>

    1. Criminal history report dated 11/18/96

II. RULE 4.08:

    A. The United States Attorney is presently unaware of any evidence that is not disclosed herewith that exculpates the defendant.

III. Other matters:

    A. The United States Attorney has one (1) complete set of the tape recordings that have been obtained and produced by the investigators in this case available for the defense. Most of them have been transcribed, in part, by Federal Bureau of Investigation personnel. In preparing these transcripts, the investigating special agent has reviewed each tape and has designated the counter numbers that indicate the portion(s) of the conversation pertinent to the investigation. A clerical pool in the Pittsburgh office has transcribed the portions indicated by the special agent. Some of the tapes are still being reviewed and transcribed. The transcripts that are available have been copied and are being provided as indicated above. There are a total of 433 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to these four cases. All of these tapes are the result of consensual monitoring and there have been no wiretap orders entered by the Court in regard to these cases. The handling and/or reproduction of these tape cassettes will be the subject of a separate motion for a modifying order under Local Rule 4.15. The tapes presently are in the United States Attorney's office in Clarksburg and are available for inspection and copying at that location until the motion for a modifying order is ruled upon by the Court.

    1. There are a total of 113 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to Case No. 5:96CR40. On 53 of these tapes, the defendant is one of the parties to the conversation. On 42 of these tapes, the codefendant, Johnson, is one of the parties to the conversation. On 15 of these tapes, the defendant and the codefendant participate in the conversation. On 3 of these tapes persons other than the defendants are parties to the conversation.

    2. There are a total of 73 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to Case No. 1:96CR41. On 30 of these tapes, the defendant is one of the parties to the conversation. On 16 of these tapes, the defendant and the codefendant, Phillips, participate in the conversation. On 9 of these tapes, the codefendant, Phillips, is one of the parties to the conversation. On 12 of these tapes, the codefendant, Moore, is one of the parties to the conversation. On 5 of these tapes, the defendant and the codefendant, Moore, are parties to the conversation. On 1 of these tapes persons other than the defendants are parties to the conversation

    3. There are a total of 87 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to Case No. 1:96CR42 On 27 of these tapes, the defendant is one of the parties to the conversation. On 31 of these tapes, the codefendant, Coon, is one of the parties to the conversation. On 18 of these tapes, the defendant and the codefendant participate in the conversation. On 11 of these tapes persons other than the defendants are parties to the conversation.

4. There are a total of 160 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to Case No. 1:96CR43. On 106 of these tapes, the defendant is one of the parties to the conversation. On 34 of these tapes, the codefendant, Rogers, is one of the parties to the conversation. On 13 of these tapes, the defendant and the codefendant participate in the conversation. On 7 of these tapes persons other than the defendants are parties to the conversation.

B. Included in this disclosure are FBI Form FD-192 property forms identifying property in the possession the FBI. This property is not compatible with copying and arrangments may be made available for inspection of these materials by contacting AUSA David E. Godwin.

1. In relation to Case No. 5:96CR40 are seven (7) FBI Form FD-192s. This property, identified on the forms as item numbers 1B1, 1B7 to 1B12, may be used as exhibits and may include some of the property taken from the defendant.

2. In relation to Case No. 1:96CR41 are eleven (11) FBI Form FD-192s. This property, identified on the forms as item numbers 1B1 to 1B11, may be used as exhibits and may include some of the property taken from the defendant.

3. In relation to Case No. 1:96CR42 are eleven (11) FBI Form FD-192s. This property, identified on the forms as item numbers 1B5, 1B10, 1B14 to 1B22, may be used as exhibits and may include some of the property taken from the defendant.

4. In relation to Case No. 1:96CR43 are nineteen (19) FBI Form FD-192s. This property, identified on the forms as item numbers 1B1 to 1B19, may be used as exhibits and may include some of the property taken from the defendant. Also included is an FBI Form 597 dated 10/11/96 relating to property turned over to the FBI from Fire Chief Spencer.

IV. Additional discovery:

A. Pursuant to Local Rules 4.06, 4.07, 4.08, and 4.17 and Federal Rule of Criminal Procedure 16(c), this discovery disclosure will be supplemented as additional discoverable material is obtained or discovered by the United States Attorney.

  B. Requests for additional discovery under Local Rule 4.06 should be directed to AUSA David E. Godwin.

          Respectfully submitted,

          United States of America

          William D. Wilmoth
          United States Attorney

By: *[signature]*
    David E. Godwin
    First Assistant U. S. Attorney
    Post Office Box 750
    Clarksburg, WV 26302-0750

## CERTIFICATE OF SERVICE

I, William D. Wilmoth, United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing UNITED STATES' PRE-TRIAL DISCOVERY STATEMENT PURSUANT TO LOCAL RULES 4.04 AND 4.08, AND F.R.Cr.P. RULE 16(a) was hand delivered by me to Stephen Herndon, counsel for defendant, at the Wheeling Courthouse.

Dated: December 2, 1996

*Paul Camilletti for*
William D. Wilmoth
United States Attorney
Post Office Box 591
Wheeling, West Virginia 26003