```
 1  Floyd Raymond, Looker, Sui Juris
 2  c/o HC 63, Box 12-AA
 3  Nettie [zip code exempt]
 4  WEST VIRGINIA
 5
 6  In Propria Persona
 7
 8  Under Protest, Necessity, and
 9  by Special Visitation Only
```

*U.S. DISTRICT COURT FILED AT WHEELING, WV*
*DEC - 2 1996*
*NORTHERN DISTRICT OF WV*
*OFFICE OF THE CLERK*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, [sic] | ) | Criminal No. 1:96-CR-43 -01 |
| | ) | |
| Plaintiff, [sic] | ) | **NOTICE OF PLEA AND** |
| | ) | **PLEA IN ABATEMENT;** |
| v. | ) | **NOTICE OF MOTION AND** |
| | ) | **MOTION TO STAY PROCEEDINGS** |
| FLOYD RAYMOND LOOKER, a/k/a RAY, | ) | **FOR FAILING TO COMPLY WITH** |
| JAMES R. ROGERS, a/k/a RICH, [sic] | ) | **GRAND JURY SELECTION POLICY,** |
| | ) | **AND NOTICE OF CHALLENGE AND** |
| Defendants. [sic] | ) | **CHALLENGE TO** |
| | ) | **CONSTITUTIONALITY OF STATUTE** |
| | ) | Authorities: |
| | ) | 28 U.S.C. 297, 517, 518, |
| | ) | 1861, 1865, and 1867(d),(e), |
| | ) | F.R.Cr.P. Rule 6(b)(2) |
| | ) | F.R.Evid. Rule 201(d); |
| | ) | Full Faith and Credit Clause |

COMES NOW Floyd Raymond, Looker, *Sui Juris*, Citizen of West Virginia state and Defendant in the above entitled matter (hereinafter "Defendant"), to reserve His fundamental Right to abate all jury actions in the instant case, and to Petition this honorable Court for a stay of the instant proceedings, pursuant to the provisions of 28 U.S.C. 1867(d), pending proper review of the Defendant's challenge to the constitutionality of 28 U.S.C. 1865, and to provide notice of same to all interested parties. The offensive statute follows, to wit:

[Please see next page *et seq.*]

*Plea in Abatement, Motion to Stay, Challenge to Statute : Page 1 of 9*

    1865. Qualifications for jury service

(a) The chief judge of the district court, or such other district court judge as the plan may provide ... shall determine **solely on the basis of information provided on the juror qualification form and other competent evidence** whether a person is unqualified for, or exempt, or to be excused from jury service. ...

(b) In making such determination **the chief judge of the district court**, or such other district court judge as the plan may provide, **shall deem any person qualified to serve on grand** and petit **juries in the district court unless he --**

    (1) **is not a citizen of the United States** eighteen years old who has resided for a period of one year within the judicial district; ....

[28 U.S.C. 1865, emphasis added]

In stark contrast, <u>it is the policy of the United States that **all citizens** shall have the opportunity to be considered for service on grand juries</u> in the district courts of the United States. To be constitutional, and to be consistent with its legislative intent, the term "all citizens", as that term is used in 28 U.S.C. 1861, must be construed to include *also* Citizens of the freely associated compact states who are *not also* citizens of the United States (a/k/a "federal citizens"):

    1861.     Declaration of policy

It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. **It is further the policy of the United States that <u>all citizens</u> shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States,** and shall have an obligation to serve as jurors when summoned for that purpose.

[28 U.S.C. 1861, emphasis added]

Defendant hereby provides notice to all interested parties of His sworn (verified) statement of law and facts which constitute a substantial failure to comply with the Constitution

1   for the United States of America, as lawfully amended
2   (hereinafter "U.S. Constitution"), and with the provisions of 28
3   U.S.C. 1861: Declaration of Policy. See 28 U.S.C. 1867(d) and
4   (e). The indicting Grand Jury consisted of members all of whom
5   were citizens of the United States, not necessarily Citizens of
6   West Virginia state. See <u>Dyett v. Turner</u> and <u>State v. Phillips</u>
7   <i>infra</i>; Right of Election; voter registration affidavits; <u>U.S.
8   v. Griffith</u>, 2 F.2d 925 (1924).

9       By way of introduction to the crucial matters of fact and
10  law which are discussed at length in Defendant's sworn
11  (verified) statement, which is hereby incorporated by reference
12  as if set forth fully herein, this honorable Court is hereby
13  respectfully requested to take formal judicial notice of the
14  additional standing authorities on this question:

> **We have in our political system a Government of the United States and a government of each of the several States.** Each one of these governments is distinct from the others, and **each has citizens of its own** .... *Slaughter-House Cases*
> [<u>United States v. Cruikshank</u>, 92 U.S. 542 (1875)]
> [emphasis added]

> A person who is a citizen of the United States** is necessarily a citizen of the particular state in which he resides. But <u>a person may be a citizen of a particular state and not a citizen of the United States</u>. **To hold otherwise would be to deny to the state the highest exercise of its sovereignty, -- the right to declare who are its citizens.**
> [<u>State v. Fowler</u>, 41 La. Ann. 380]
> [6 S. 602 (1889), emphasis added]

> There are, then, under our republican form of government, <u>two classes</u> of citizens, one of the United States and one of the state. <u>One class of citizenship may exist in a person, without the other</u>, as in the case of a resident of the District of Columbia; but both classes usually exist in the same person.
> [<u>Gardina v. Board of Registrars</u>, 160 Ala. 155]
> [48 S. 788, 791 (1909), emphasis added]

> There are over 100,000 elementary and secondary schools in the United States. ... **Each of these now has an invisible federal zone extending 1,000 feet beyond the (often irregular) boundaries** of the school property.
>
> [U.S. v. Lopez, 115 S.Ct. 1624 (1995)]

As a Party to the instant case, **the Defendant hereby challenges the indicting Grand Jury on the ground that such jury was not selected in conformity with section 1861 of Title 28**, because Citizens of West Virginia state who are not also citizens of the United States (a/k/a federal citizens) are disqualified from serving by virtue of their chosen Citizenship status. See 28 U.S.C. 1867(e); Right of Election; 15 Statutes at Large, Chapter 249 (Section 1), enacted July 27, 1868; *jus soli; jus sanguinis*. Specifically, the offensive statute forces the following unconstitutional result upon Citizens of West Virginia state who *choose* not also to be citizens of the United States (a/k/a federal citizens):

| citizen of United States | Citizen of West Virginia | Qualified to serve | |
|---|---|---|---|
| Yes | Yes | Yes | |
| Yes | No | Yes | |
| No | No | No | |
| No | Yes | No | ** |

This result ("**") violates the Tenth Amendment by disqualifying Citizens of West Virginia state from serving on federal grand juries when they are not also federal citizens, thus denying to accused Citizens of West Virginia state a jury of Their Peers when a grand jury consists only of federal citizens.

**An intentional discrimination against a class of persons, solely because of their class, by officers in charge of the selection and summoning of grand jurors in a criminal case, is a violation of the fundamental Rights of an accused.** See Cassell

*Plea in Abatement, Motion to Stay, Challenge to Statute : Page 4 of 9*

v. Texas, 339 U.S. 282; Atkins v. Texas, 325 U.S. 398; Pierre v. Louisiana, 306 U.S. 354. Such a violation is not excused by the fact that the persons actually selected for jury service otherwise possess the necessary qualifications for jurors as prescribed by statute. See State v. Jones, 365 P.2d 460.

Discrimination in the selection of a grand jury, as prohibited by the U.S. Constitution, means an intentional, systematic non-inclusion <u>because of class</u>. There are two (2) *classes* of citizenship in America. *E.g.* Gardina *supra*. The statute 28 U.S.C. 1865(b)(1) specifically excludes those classes of Citizens who are not mentioned. *Inclusio unius est exclusio alterius*.

The following statute dramatically demonstrates that Congress appreciates the difference between the two classes, and knows how to discriminate between "white citizens" (read "state Citizens") and "citizens of the United States" (a/k/a federal citizens). The Act of Congress called the Civil Rights Act, 14 U.S. Statutes at Large, p. 27, which was the forerunner of the so-called 14th Amendment, amply shows the intent of Congress, as follows:

> ... [A]ll persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be **citizens of the United States**; and such citizens, of every race and color ... shall have the same right, in every State and Territory in the United States ... to full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by **white citizens**.
> [emphasis added]

Once a *prima facie* case for the existence of purposeful discrimination is made out, the burden shifts to the prosecution to prove otherwise. See Whitus v. Georgia, 385 U.S. 545.

Reliance on the so-called Fourteenth Amendment to resolve this matter is moot, because the Fourteenth Amendment was never lawfully ratified, and because the authorities cited *supra* allow for the possibility that a Person can be a state Citizen without also being a federal citizen, **whether or not the Fourteenth Amendment was lawfully ratified.** See State v. Phillips, 540 P.2d 936, 941 (1975); Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266, 270 (1968); Full Faith and Credit Clause; 28 Tulane Law Review 22; 11 South Carolina Law Quarterly 484; House Congressional Record, June 13, 1967, p. 15641 *et seq.*

As such, there is no constitutional provision which makes a federal citizen also a citizen of the Union state in which s/he resides, nor is there any constitutional provision which states that the validity of the public debt shall not be questioned.

The judicial history of American citizenship is a subject which is rich in nuance and detail, as demonstrated in Defendant's sworn (verified) statement. For example, at a time when those Islands were in the federal zone, the Supreme Court of the Philippine Islands found that "citizenship," strictly speaking, is a term of municipal law and, according to that Court, it is municipal law which regulates the conditions on which citizenship is acquired:

> **Citizenship**, says Moore on International Law, **strictly speaking, is a term of municipal law** and denotes the possession within the particular state of full civil and political rights subject to special disqualifications, such as minority, sex, etc. **The conditions on which citizenship are [sic] acquired are regulated by municipal law.** There is no such thing as international citizenship nor international law (aside from that which might be contained in treaties) by which citizenship is acquired.
>
> [Roa v. Collector of Customs]
> [23 Philippine 315, 332 (1912)]

Indeed, inter*national* law is divided roughly into two groups: (1) public international law and (2) private international law. Citizenship is a term of *private* international law (also known as *municipal* law) in which the terms "state", "nation" and "country" are *all* synonymous:

> Private international law assumes a more important aspect in the United States than elsewhere, for the reason that **the several states**, although united under the same sovereign authority and governed by the same laws for all national purposes embraced by the Federal Constitution, **are otherwise, at least so far as private international law is concerned, in the same relation as <u>foreign countries</u>**. The great majority of questions of private international law are therefore subject to the same rules when they arise between two states of the Union as when they arise between two foreign countries, and **in the ensuing pages <u>the words "state," "nation," and "country" are used synonymously and interchangeably</u>, there being no intention to distinguish between the several states of the Union and foreign countries by the use of varying terminology.**
>
> [16 <u>Am Jur</u> 2d, Conflict of Laws, Sec. 2] [emphasis added]

Congress does refer to the Union states as "countries." See 28 U.S.C. 297.

## RELIEF SOUGHT

*Wherefore*, Defendant petitions this honorable Court for an indefinite stay of the proceedings in the instant case, pending proper review of the substantial issues of law and fact which are alleged in this Motion and which are contained in Defendant's sworn (verified) statement which is attached hereto and incorporated by reference as if set forth fully herein. In the event that Defendant should prevail on said issues, Defendant reserves His fundamental Right to abate all jury action(s) in the instant case, because of the unlawful class discrimination which is exhibited by the Jury Selection and Service Act, 28 U.S.C. 1861 *et seq.*

```
 1     Executed on: x  (T.B.A.)  PM

 2     Respectfully submitted,
 3
 4
 5     x (T.B.A.)  PM
 6
 7
 8     Floyd Raymond, Looker, Sui Juris
 9     Citizen of West Virginia state
10     all rights reserved without prejudice

11     Executed on:  November 29, 1996
12
13
14     Paul Mitchell
15
16
17     Paul Andrew, Mitchell, B.A., M.S.
18     Citizen of Arizona state, federal witness,
19     Counselor at Law, and Counsel of Record in Fact
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51
52
53
54
```

```
 1                      PROOF OF SERVICE

 2    I, Paul Andrew, Mitchell, Sui Juris, hereby certify, under

 3    penalty of perjury, under the laws of the United States of

 4    America, without the "United States," that I am at least 18

 5    years of age, a Citizen of one of the United States of America,

 6    and that I personally served the following document(s):
 7
 8              NOTICE OF PLEA AND PLEA IN ABATEMENT;
 9         NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS
10       FOR FAILING TO COMPLY WITH GRAND JURY SELECTION POLICY,
11                   AND NOTICE OF CHALLENGE AND
12            CHALLENGE TO CONSTITUTIONALITY OF STATUTE:
13          28 U.S.C. 297, 517, 518, 1861, 1865, and 1867(d),(e),
14              F.R.Cr.P. Rule 6(b)(2); F.R.Evid. 201(d);
15                   Full Faith and Credit Clause

16    by placing one true and correct copy of said document(s) in

17    first class U.S. Mail, with postage prepaid and properly

18    addressed to the following:
19
20    Office of the United States Attorney
21    Federal Building
22    Wheeling
23    WEST VIRGINIA
24
25    Clerk of Court
26    United States District Court
27    Wheeling
28    WEST VIRGINIA
29
30    Attorney General
31    Department of Justice
32    10th and Constitution, N.W.
33    Washington
34    DISTRICT OF COLUMBIA
35
36    Solicitor General
37    Department of Justice
38    10th and Constitution, N.W.
39    Washington
40    DISTRICT OF COLUMBIA

41    Executed on:  November 29, 1996
42
43
44    /s/ Paul Mitchell
45    _____
46    Paul Andrew Mitchell, Sui Juris
47    Citizen of Arizona state, federal witness,
48    Counselor at Law, and Counsel Record in Fact
```