IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
Plaintiff,

v.   Case No. 1:96CR43 -02

FLOYD RAYMOND LOOKER, a/k/a RAY,
JAMES R. ROGERS, a/k/a RICH,
Defendants.

U.S. DISTRICT COURT
FILED AT WHEELING, WV
DEC - 5 1996
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

## UNITED STATES' MOTION FOR A MODIFYING ORDER PURSUANT TO LOCAL RULE 4.15

Now comes the United States of America and William D. Wilmoth, United States Attorney, by David E. Godwin, First Assistant United States Attorney, and moves the Court pursuant to Local Rule 4.15 to enter an order pertaining to access by the defense attorneys to copies of recorded statements in this case and if such order requires the reproduction of tape cassettes that the order further provide for the commercial reproduction of the tape recordings in this case to be paid for as a defense expense. In support of this motion the following is set forth for the Court's consideration:

1) The United States Attorney has one (1) complete set of the tape recordings that have been obtained and produced by the investigators in this case available for the defense. Most of them have been transcribed, in part, by Federal Bureau of Investigation personnel. Seventy-six (76) transcripts have been copied and disclosed to the defendants. In preparing these transcripts, the investigating special agent has reviewed each tape and has designated the counter numbers



that indicate the portion(s) of the conversation pertinent to the investigation. A clerical pool in the Pittsburgh office has transcribed the portions indicated by the special agent. Some of the tapes are still being reviewed and transcribed.

2) There are a total of 160 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to this case. On 34 of these tapes, the defendant Rogers is one of the parties to the conversation. On 106 of these tapes, the defendant, Looker, is one of the parties to the conversation. On 13 of these tapes, both defendants participate in the conversation. On 7 of these tapes persons other than the defendants are parties to the conversation. All of these tapes are the result of consensual monitoring and there have been no wiretap orders entered by the Court in regard to this case. The tapes are in the United States Attorney's office in Clarksburg and are available for inspection and copying at that location at the present time.

3) The 76 transcripts which have been prepared and disclosed pertain to more than 76 tape cassettes. The transcripts were prepared according to the numbering system used for the investigation by the F.B.I. and some cover more than one tape cassette. There are approximately 33 transcripts which are outstanding, most of which have not been received by the U. S. Attorney's office as yet.

4) This case is being litigated contemporaneously with three other cases which are based upon the same investigation. Those cases are: 5:96CR40; 1:96CR41; and, 1:96CR42. In these cases collectively there are 433 tape cassettes. Each of these cases is in the discovery and pretrial motion stage.

5) Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure provides that the government shall permit the defendant to inspect and copy any relevant recorded statement of the

defendant. Local Rule of Criminal Procedure 4.04(1) provides that the United States Attorney shall provide the defendant's counsel with copies of any relevant recorded statements.

6) The present response of the United States is adequate under the provision of Rule 16(a)(1)(A) in that the tape cassettes are available for the defense counsel to inspect and copy. The provision of the transcripts goes beyond the basic requirement of the Federal rule.

7) Under a literal reading of Local Rule CR P 4.04(1) the United States would be in compliance if: 34 of the cassettes were sent to the attorney for the defendant Rogers; 106 of the cassettes were sent to the attorney for the defendant Looker; and if 13 of the cassettes were reproduced one additional time and provided to each defendant. It is not defined in the local rule whether copies of partial transcripts are "copies" of the recorded statements within in the meaning of the rule. If the transcripts do constitute "copies," then the United States Attorney has already complied with the rule by providing all copies he has received (with the exception of 8 transcripts which are being photocopied at the present time for disclosure).

8) In addition to the audio tapes that have been discussed above, there are 6 video tape cassettes that are pertinent to this case. Five of these cassettes contain audio and video and have already been reproduced and provided to the defense attorneys. The sixth of these video tapes does not have audio and was recorded by surveilling officers. The video-only, surveillance tape will probably not be used as an exhibit at the trial of this case unless it is needed as rebuttal evidence. The United States has no convenient or economical way of reproducing video tapes. The one tape which has not been disclosed is available for inspection and copying by defense counsel.

9) It is believed from informal conversations with defense attorneys in this case and from the practice of the United States Attorney's office in other cases involving tape recordings, that it

is preferable and desirable that each defendant have convenient access to every tape that is relevant to his case. Whether that requires each defendant to have a full set of the tape recordings or whether the one set presently available can be delivered to the defense attorneys for their collective use is a matter upon which defense counsel should comment. The United States Attorney's office is willing to handle the matter in whatever way is acceptable to the defense and the Court *but does not have the capacity to make the copies of the cassettes that would be necessary for each defense attorney to have a full set.* The United States Attorney could reproduce the particular tape cassettes on which more than one defendant speaks and subdivide the tapes as indicated in paragraph 7) above, but even that would be a considerable problem and cause delay since the United States Attorney's office would have to borrow the needed equipment and reassign an employee to the project.

10) Should a mass reproduction project be needed, the most expeditious resolution would be employing a private commercial firm to make the copies. The expense involved would be a defense expense and should be paid by the Court for an indigent defendant. The United States Attorney has a limited budget for litigation expenses which is intended by the Department of Justice to be spent on government expenses as opposed to defense expenses.

Accordingly, the United States moves the Court, upon receiving the responses of the defense counsel, to enter an order pertaining to access by the defense attorneys to copies of recorded statements in this case and if such order requires the reproduction of tape cassettes that the order further provide for the commercial reproduction of the tape recordings in this case to be

paid for as a defense expense. This motion is not being made *ex parte* as provided for in Local Rule CR P 4.15, nor is there any reason to seal this motion or papers associated with it as also provided for in said local rule.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAM D. WILMOTH
UNITED STATES ATTORNEY

By: /s/ David E. Godwin
David E. Godwin
First Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing UNITED STATES' MOTION FOR A MODIFYING ORDER PURSUANT TO LOCAL RULE 4.15 was served upon the defendants by placing a copy thereof in the United States Mail, postage prepaid, addressed to Rocco E. Mazzei, counsel for James R. Rogers, at Suite 318, Goff Building, 321 W. Main Street, Clarksburg, WV 26301; and a copy thereof in the United States Mail, postage prepaid, addressed to Stephen D. Herndon, counsel for Floyd Raymond Looker, at 76 15th Street, Wheeling, WV 26003.

Dated this 5th day of December, 1996.

/s/ David E. Godwin
David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV   26302-0750