IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV
DEC 0 9 1996
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         Criminal No. 1:96CR43-02

JAMES R. ROGERS,

    Defendant.

MOTION TO CONTINUE TRIAL
AND FOR ENLARGEMENT OF TIME
AND INCORPORATED MEMORANDUM OF LAW

        Comes now the Defendant, James R. Rogers, (hereinafter "Mr. Rogers") by his counsel, Rocco E. Mazzei, and hereby moves this Court pursuant to 18 USC 3161 (8) (A) to continue the pretrial and trial of this matter presently scheduled for December 16, 1996, and January 7, 1997, respectfully, and to enter an Order enlarging the time frames set forth in the Initial Scheduling Order filed herein on November 26, 1996.

        As a basis for this Motion, the Defendant would state as follows:

30 (1-2)

1. The Initial Scheduling Order herein filed on November 26, 1996 following the November 22, 1996, arraignment sets the current trial date at January 7, 1996, with a pretrial schedule for December 16, 1996. The Government was to provide discovery by November 29, 1996; Pretrial motions by December 9, 1996; Responses by December 16, 1996; and a hearing on pretrial motions set for December 20, 1996;

2. Mr. Rogers was indicted by an indictment filed November 8, 1996, following an arrest on Friday, October 11, 1996, and a preliminary hearing and detention hearing conducted on October 17, 1996. Mr. Rogers has been detained and is awaiting a determination by the District Court of his Motion For Revocation of Detention Order Pending Trial wherein Mr. Rogers seeks pretrial release as recommended by the Probation Officer;

3. Mr. Rogers is charged in two counts of a three count indictment. Count One alleges a conspiracy to violate 18 USC 2339A; Count Two alleges a violations of 18 USC 2339A, providing material resources to terrorists;

4. The arrest and indictment of Mr. Rogers is said by the Government to have been the result of a 16 month investigation. The Government indicates there are 430 audio tapes relevant to their investigation and lengthy video tapes. At the arraignment conducted November 22, 1996, the Government was to provide copies of the audio tapes within 10 days. Counsel received 5 video tapes from the government on Wednesday, December 4, 1996. At the arraignment November 22, 1996, counsel was provided with the Government's pre-trial discovery statement consisting of 76 transcripts, 1,479 pages in length. These alleged audio tapes are said to have ben transcribed, in part, by FBI personnel. Also provided was a report of the October 11, 1996, arrest; a negative criminal history report; 19 FBI property forms; and a Form 597;

5. The Government's statement reflects that it is in possession of Mr. Roger's property that was seized during the arrest on October 11, 1996, and pursuant to a search warranted executed at his residence. Counsel has not been provided with the opportunity to view these items;

6. The Government's statement states that there are 160 audio tapes relevant to this case. Therefore, it appears that counsel has only received 76 transcripts of these 160 recordings. No copies of these 160 audio tapes have been provided. From a review of the partial list of transcripts received, it is imperative that counsel receive copies of all of the audio tapes due to the repetitive indications therein that the tapes being transcribed are unintelligible and due to the speech mannerisms of Okey Richards, the Government's informer. Counsel requires the same to be able to effectively represent Mr. Rogers and without said audio tapes, effective assistance of counsel would be denied;

7. The government's statement indicates 19 FBI Form FD-192 property forms relating to evidence the government intends on using at trial. Counsel has not had the opportunity to review these items. These items appear to be lengthy and numerous in nature and consist in part of photographs, negatives,, documents, handwriting notations, maps, photocopies, books, reports, schedules, pamphlets and seized evidence, all requiring lengthy inspection and review by counsel;

8. The government has advised that this is a case of first impression. No one before has ever been arrested or indicted for an alleged violation of 18 USC 2339A. No appellate decisions nor district court rulings exist as to this new statute initially enacted September 13, 1994, and amended under the new Comprehensive Anti-terrorism Act which became effective April 24, 1996;

9. Counsel's review of the legislative history of both versions of this yet to be challenged law reveals a convoluted mire of documents, hearings and congressional action. Said history reveals a strong dissenting view expressed in the passage of these laws. The record is replete with the possibilities of constitutional challenges relevant to this new law. Accordingly, this new legislation poses a substantial challenge requiring extensive further time, legal research and review to make, challenge and, if necessary, preserve constitutional issues apparent therefrom and necessary in the defense of Mr. Rogers;

10. In addition to the anticipated Constitutional issues, it is anticipated that jurisdictional issues need to be researched and developed in the defense of Mr. Rogers, apparent from the two versions of 2339A, given each version's legislative history and dates of enactment;

11. In addition to the substantial amount of time anticipated in the research and preparation of these legal issues, counsel anticipates that the defense of the facts in this case will also require a significant amount of time that the current time frame will not allow. Should Mr. Roger's anticipated legal challenges to this law be unsuccessful, a considerable amount of time will be required to prepare for trial given the nature and circumstances of the government's investigation;

12. The Government's investigation is said to have been of long duration and primarily involves the use of a paid informer. Said investigation is also an investigation of first impression relevant to 18 USC 2339A and its 1994 version requiring protection of First Amendment rights. Due to the unique nature of this matter, additional time is needed to research and develop any issues relevant to the conduct of this novel investigation;

13. Given the above, it is apparent that this matter constitutes complex criminal litigation. This matter will involve novel and complex issues of law and also involves complex, unusual and novel issues of fact;

14. To further complicate matters, Defendant Looker is presently requesting to represent himself and is a co-defendant with Mr. Rogers. As this issue is being presented to the Court, additional time than that anticipated in the Initial Scheduling Order may be required and poses additional issues that counsel will need to address;

15. That taking into consideration, the due diligence that counsel would represent has been dedicated to the preparation of this matter for pretrial and trial, that additional time is still needed to effectively represent and prepare this matter for trial and in the preparation of pretrial motions, and that a denial of this motion will deny this Defendant effective legal representation given the complexity of the case. Further, Counsel believes such a delay is necessary for a just determination of this case;

16. That the above constitutes good and sufficient reason for this Court to find that the ends of justice would be served by granting such continuance and that granting such continuance would far outweigh the best interest of the public and the Defendant in and to a speedy trial;

17. The decision to grant such a motion for continuance rests within the sound discretion of the District Court. U.S. v. Johnson, 732 F2d 379, 381 (4th Cir. 1984);

18. That this request for a continuance of this trial date and enlargement of time is not the result of any lack of diligent preparation on the part of counsel on this defendant nor any party, nor do the reasons include general congestion of the Court's calendar;

19. Counsel would require an additional 6 (six) months to prepare pretrial motions and prepare for trial;

WHEREFORE, the Defendant, James R. Rogers, by counsel, requests that the Court order a continuance of the present trial date all pursuant to 18 USC 3161 (8); and to enlarge the time frames of the Initial Scheduling Order entered herein to allow for the required time counsel needs to prepare appropriate pretrial motions and to prepare for any trial of this cause.

James R. Rogers,
Defendant, by counsel

*Rocco E. Mazzei*
Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I, Rocco E. Mazzei, Counsel for James R. Rogers, do hereby certify that on this the 6th day of December, 1996, a true copy of the foregoing Motion to Continue Trial and For Enlargement Of Time was served upon the following by placing a true copy thereof in the United States Mail, postage prepaid, addressed to them as follows:

1) David E. Godwin, Assistant U. S. Attorney
   United States Attorney's Office
   Federal Post Office Building
   Post Office Box 750
   Clarksburg, West Virginia 26301

2) Stephen Herndon, Counsel for Defendant Looker
   75 15th Street
   Wheeling, West Virginia 26003

3) Jerald E. Jones, Esquire
   West and Jones
   Post Office Box 2348
   Clarksburg, West Virginia 26302-2348

4) Jolyon W. McCamic, Esquire
   McCamic and McCamic
   Post Office Box 151
   Wheeling, West Virginia 26003

5) John J. Pizzuti, Esquire
   Camilletti, Sacco, Pizzuti
   30 12th Street
   Wheeling, West Virginia 26003

6) Vincent Murovich, Esquire
   1653 McFarland Road
   Pittsburgh, PA 15216-1810

7) John W. Cooper
   Cooper and Preston
   Post Office Box 365
   Parsons, West Virginia 26287

_____
ROCCO E. MAZZEI
Attorney At Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301