*U.S. DISTRICT COURT*
*FILED AT WHEELING, WV*
*DEC 11 1996*
*NORTHERN DISTRICT OF WV*
*OFFICE OF THE CLERK*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
             **Plaintiff,**

**v.**                          Case Numbers:        **5:96CR40-001**
                                                     **1:96CR41-001**
                                                     **1:96CR42-001**
                                                     **1:96CR43-001**

**FLOYD RAYMOND LOOKER, a/k/a RAY,**
             **Defendant,**

### RESPONSE OF UNITED STATES TO THE DEFENDANT'S MOTION
### TO DISMISS, STYLED "NOTICE OF PLEA AND PLEA IN ABATEMENT; . . . ETC."

Comes now the United States of America and William D. Wilmoth, United States Attorney

for the Northern District of West Virginia, by David E. Godwin, First Assistant U. S. Attorney and

responds to the defendant's motion to dismissed styled as a "plea in abatement" by stating that for

the various reasons set forth below  the defendant's motion should be denied.

1)  The essence of the defendant's pleading is that he challenges the validity of the grand jury's

act of indicting him in these four cases on the grounds that Title 28, United States Code, §1865(b)(1)

requires that a prospective juror be a citizen of the United States.  The defect he asserts is that

resident aliens are citizens of the State of West Virginia and therefore cannot be excluded from the

prospective jury panel under the provision of Title 18, United States Code,  §1861 which declares

it to be the policy of the United States  that "all citizens shall have the opportunity to be considered

for service on grand and petit juries . . ."  The resultant exclusion of resident aliens is asserted by the

defendant to be a violation of the Tenth Amendment to the Constitution of the United States.

2) The defendant's pleading is not properly filed with the court and should be stricken for the reason that it does not conform to the provisions and intent of Federal Rules of Criminal Procedure [F.R.Cr.P.] 12(a) and 49(d), Local Rule of Criminal Procedure [L.R.Cr.P.]4.02, and Federal Rules of Civil Procedure [F.R.Cv.P.] 5(e) and 11(a).

F.R.Cr.P. 12(a) abolishes all pleas other than guilty, not guilty and nolo contendere. In lieu of pleadings such as a "plea in abatement," the rule provides that a motion to dismiss should be filed. L.R.Cr. P. 4.02 contemplates that defense pretrial motions will be made in writing and requires such motions be served on the United States Attorney. F.R.Cr.P. 49(d) requires that all papers "required to be served shall be filed with the court" in the manner provided in civil actions. F.R.Cv.P. 5(e) provides that papers are to be filed with the clerk. The section also provides that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." F.R.Cv.P. 11(a) provides that every written motion shall be signed by the attorney representing the party and if the party is not represented by an attorney, the motion is to be signed by the party. The rule also provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

In this case the defendant is represented by Stephen D. Herndon. The defendant has not exercised his right under the Sixth Amendment of the United States Constitution and Title 28, United States Code, §1654 to represent himself nor has he waived his right to counsel. Accordingly, he is not a pro se defendant at this stage of the proceedings. The "plea in abatement" does not bear the signature of Mr. Herndon. According to representations made at the hearing before Magistrate Judge Seibert on December 2, 1996, the absence of Mr. Herndon's signature was not an inadvertent oversight but was the result of Mr. Herndon's concern for the filing of pleadings which are not

warranted by existing law.  The "plea in abatement" is not signed by any attorney or by the defendant. It should be "stricken" under the provisions of F.R.Cv.P. 11(a).

3)  The defendant has asserted in his pleading, and orally at the December 2nd hearing, that he is entitled to have all proceedings stayed until his "plea in abatement" is resolved.  He cites the provisions of Title 28, United States Code, §1867(d) as the basis for such a stay.  §1867(d) provides that if a motion is filed under paragraph (a) or (b) or (c) of that section "containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" Title 28 then the moving party will be permitted to adduce certain evidence in support of his motion.  The section continues by providing that if after the production of evidence by the moving party,  the court determines that there has been a substantial failure to follow the provisions of Title 28 in selecting the grand jury, then the court should either stay further proceedings until a properly constituted grand jury can be empaneled or dismiss the indictment, whichever is appropriate.

Accordingly, in applying the provisions of §1867(d), the Court must determine  a) whether the defendant has filed a motion under §1867(a) or (b) or (c); b) whether the defendant has filed a sworn statement of fact which, if true,  demonstrates that here has been a substantial failure to follow the jury selection law: c) whether the defendant has adduced evidence sufficient to convince the Court that there has, in fact, been a substantial failure to follow the jury selection law; and d) if such a showing is made, whether the appropriate remedy is i) a stay of proceedings until a new grand jury can be appropriately empaneled, or ii) a dismissal of the indictment.

In this case, for the reasons set forth in paragraph 2) above the defendant has not properly filed any  motion.  If he were to file a motion under § 1867, it would necessarily be one under §1867(a) since neither (b) [pertaining to a motion by the Attorney General in a criminal case] or (c) [pertaining to petit juries in civil cases] is applicable here.

The motion in this case is not upon the grounds intended by the statute nor was it timely filed. In order to be timely under §1867(a), the motion should have been filed within seven days of the defendant's preliminary hearing which was held on October 24, 1996. The defendant has not filed a sworn statement which, if true, would establish that the jury selection law has not been followed. The document entitled "Verified Statement In Support Of Challenge to Grand Jury Selection Policy and Its Federal Statute" is insufficient for any purpose since it is not a sworn statement. It purports to be a verified statement in that the first line under the title "Verification" on the first page of the document states "[t]he Undersigned hereby verifies, under penalty of perjury, under the laws of the United States of America, without the 'United States,' that the following Statement is true and correct, to the best of My current information, Knowledge, and belief, so help Me God, pursuant to 28 U.S.C. 1746(1):" The statement is inadequate because it must substantially comply with §1746(2) instead of §1746(1) since it could not have been executed by the defendant "without the United States" since he has been in the custody of the U. S. Marshal in this judicial district since October 11, 1996. More significantly, the statement is inadequate as a sworn statement of the defendant because the defendant did not sign the document. Finally, the document is inadequate for the purpose for which it was tendered since it does not set forth any averred facts which, if true, would support his motion.

The defendant, upon the record developed to date, is not entitled to an evidentiary hearing on the motion. There is no issue of a stay in this case since he has not shown any entitlement to any relief and the stay referred to in §1867(d) was intended for a purpose wholly unrelated to the circumstances of this case. The defendant's motion, to the extent it is considered at all, should be treated as a pretrial motion to dismiss and should be ruled on before trial according to the provisions of F.R.Cr.P. 12(e)

4) The defendant's pleading is without merit for the following reasons:  a) the defendant has not established that the term "all citizens" as used by Congress in Title 28, U. S.C. § 1861 includes citizens of the several states; b)  the exclusion of resident aliens from jury panels is a constitutional exercise of Congress' authority; c) the State of West Virginia's rights and authority could not be offended under the Tenth Amendment by the contested federal jury selection rule since West Virginia law is virtually identical to the federal law and also excludes resident aliens; d) the defendant has no standing to assert the rights of  resident aliens; and e) Congress has authority to define the rights of resident aliens under Article I, section 8, clause 4 of the Constitution.

a) <u>Meaning of the term "citizen" in Title 28, U. S. C. §1861.</u>  The interpretation given the term "all citizens" by the defendant is that it includes citizens of the United States of America and citizens of the various states, including West Virginia.  This interpretation ignores two principles of statutory interpretation.  First, since §1861 and §1865 where passed by Congress to regulate the same subject, jury selection, they should be read together.  Accordingly, since §1865 specifies United States citizens and §1861 does not specify a category of citizens, §1861 should be read to mean "all United States citizens." Secondly, courts interpret statutes in a manner consistent with the meaning of the Constitution if such interpretation is one of the available interpretations.  The defendant is asking the Court to assume that the term "citizen" in §1861 necessarily includes resident aliens and is a contradiction of  §1865.  Interpreting the word "citizen" in §1861 to mean United States citizen, one of the available interpretations, avoids any contradiction and therefore avoids the contorted logic of the defendant leading to a constitutional infirmity.

b) <u>Congress has the constitutional authority to exclude resident aliens even though alienage is a suspect class.</u>

The constitutional authority of the Congress to prescribe the qualification of grand jurors has

been long recognized.  In Re: Charge to Grand Jury -- Treason, 30 F. Cas. 1042 (D.Mass. 1863);

Brickley v. United States, 123 F.2d 341, 346 (8th Cir. 1941); and United States v. Wilson, 158

F.Supp. 442, 449-50 (MD Ala. 1958) aff'd 255 F.2d 686 (5th Cir. 1958).

      In Perkins v. Smith, 370 F.Supp. 134, 138 (D. Md. 1974) aff'd 426 U.S. 913 (1974), a three-

judge panel heard the claim of a resident alien that the exclusion of resident aliens from jury panels

denied him equal protection of the law under the Fifth and Fourteenth Amendments to the

Constitution since no compelling interest justified discriminating against the suspect class.  The court

found that the government's interest in having only persons who owed allegiance to the country and

who had a commitment to the enforcement of the nation's laws as a justifying, compelling interest in

excluding resident aliens from federal juries.

      The Fifth Circuit agreed with the Perkins opinion in United States v. Gordon-Nikkar, 518

F.2d 972 (5th Cir. 1975).  In that case, all of the defendants were persons of Cuban descent.  The

defendants asserted that the exclusion of resident aliens denied them a "fair cross-section of the

community" since nearly 30% of the community's (Miami, Florida) population was made up of

resident aliens of Cuban descent.  The Gordon-Nikkar court agreed with the Perkins court that the

United States had a compelling interest of "'ensuring that persons who serve as jurors are personally

committed to the proper application and enforcement of the laws of the United States' which

therefore justifies  the exclusion of aliens." Gordon-Nikkar at page 976.

      c) The sovereignty of the State of West Virginia could not be offended by the federal

statute.

      The Tenth Amendment to the United States Constitution states: "The powers not delegated

to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States

respectively, or to the people."  Although for the reasons set out herein above and below, the

exclusion of resident aliens is a Constitutional exercise of the United States' authority, the defendant's assertion that the exclusion is a denial "to accused Citizens if West Virginia state a jury of Their Peers when a grand jury consists only of federal citizens" (defendant's Plea in Abatement, page 4 of 9) is particularly unconvincing since the law of the State of West Virginia also excludes resident aliens. Chapter 52, Article 1, Section 1, of the West Virginia Code is a "Declaration of policy" that is the equivalent of the federal statute policy statement in Title 28, U. S. C., §1861. While the state statute and federal statute are not identical, verbatim, they have the same meaning and much of the same language including the reference to "all citizens." Chapter 52, Article 1, Section 8(b)(1), of the West Virginia Code excludes resident aliens from service on state juries by requiring that the prospective juror be a citizen of the United States. Accordingly, the federal criminal justice system is no more exclusionary of the citizens of the State of West Virginia than the state system.

   d) <u>The defendant has no standing to assert the rights of resident aliens.</u>

In <u>United States v. Huber</u>, 457 F.Supp. 1221, 1232 (SDNY 1978) the defendant moved to dismiss the indictments against him on the grounds that the grand juries were selected by a process that substantially failed to comply to the jury selection statutes, Title 28, U.S.C. §1861 et seq. He particularly challenged the requirement that the prospective juror reside within the judicial district for one-year before becoming eligible to serve. This requirement, along with the citizenship requirement, is contained in §1865(b)(1). The court found that the defendant did not have a sufficient nexus to "our more nomadic countrymen to designate him advocate of their

rights." In the present case, the defendant has not alleged that he has effectively renounced his

citizenship or in any manner connected himself with the category of "resident alien." Accordingly,

he has no standing to assert their rights and privileges.

        e) <u>Congress has authority to define the rights of resident aliens under Article I, section</u>

<u>8, clause 4 of the Constitution.</u>

        The Fifth Circuit in its <u>Gordon-Nikkar</u> opinion at pages 977 and 978, stated as

follows:

> "While we are satisfied that the Government has a compelling state interest sufficient
> to uphold the statute as constitutional, there is another reason why aliens may be
> excluded from federal juries. Under Article I, section 8, clause 4 of the Constitution,
> Congress is granted the power "to establish an uniform Rule of Naturalization."
> [citations omitted]
> The plenary authority to admit or exclude aliens necessarily permits Congress to place
> certain conditions on an alien's right of entry or continued residence. [citations
> omitted] . . . Thus, while most state classifications based on alienage are inherently
> suspect, [citations omitted] the same is not true of all such federal classifications
> where Congress' plenary authority in the field of immigration is involved.
> Although Congress may not single out aliens for discriminatory treatment in matters
> not related to the furtherance of its naturalization responsibilities, [citations omitted]
> Congress has the power to define reasonable prerequisites to an alien's exercise of the
> rights and duties of citizenship. We believe that preventing resident aliens from
> serving as jurors is rationally related to Congress' legitimate power to define the
> extent of resident aliens' rights prior to obtaining citizenship. . . .
> If a state has the inherent power to deprive aliens of the right to vote, Congress, with
> its broad powers in dealing with aliens, may validly require citizenship as a
> prerequisite of service on federal juries."

Wherefore, the United States moves the court to strike the defendant's "plea in abatement" or in the alternative to deny it.

Respectfully submitted,

United States of America

William D. Wilmoth
United States Attorney

By: _David E. Godwin (signature) for_
David E. Godwin
First Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant U. S. Attorney for the Northern District of West Virginia, do hereby certify that the foregoing *Response of United States to the Defendant's Motion to Dismiss, Styled "Notice of Plea and Plea in Abatement; . . . Etc."* was served upon the defendant by placing a copy thereof in the United States Mail, postage prepaid, addressed to Stephen D. Herndon, counsel for Floyd Raymond Looker, at 76 15th Street, Wheeling, WV 26003.

Dated this <u>11th</u> day of December, 1996.

David E. Godwin
First Assistant U. S. Attorney

Post Office Box 750
Clarksburg, WV   26302-0750