U.S. DISTRICT COURT
FILED AT WHEELING, WV
DEC 16 1996
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                              **Criminal No. 1:96CR43-02**

**JAMES R. ROGERS,**

        **Defendant.**

### MOTION FOR RECONSIDERATION AND RENEWED MOTION TO CONTINUE TRIAL AND FOR ENLARGEMENT OF TIME

Comes now the Defendant, through counsel, pursuant to 18 USC 3161 (8)(A) and under considerations of law set forth in the attached memorandum of law in support hereof, hereby respectfully requests and moves this Court to reconsider defendant's previously filed motion to continue trial and for enlargement of time and the Court's order entered herein on December 10, 1996, and hereby renews his motion to continue based upon the following:

        1)      The defendant restates his motion to continue trial and for enlargement of time previously filed herein as if set forth here fully.  Said motion is attached hereto and made a part of herein as Exhibit A;



2)      No objection was filed by the government to said motion;

3)      The Court's current scheduling order was entered December 10, 1996, and received by counsel December 11, 1996.   The schedule so ordered provides that the government shall provide copies of all pretrial discovery and exculpatory evidence by December 23, 1996.  Defendant's pretrial motions are due the same day, December 23, 1996; and a trial date of February 11, 1997.  Effectively, the order allows counsel only 14 additional days to file pretrial motions and 34 additional days to prepare for trial, including the Christmas and New Year holidays and weekends;

4)      To date counsel still has received not one of the 433 audio tapes said by the government to exists as a part of its investigation.   Further, not one of the 160 tape cassettes the government says originate from the FBI and identified by the FBI as being relevant to this case has been provided;

5)      To date, counsel has only received seventy-six (76) transcripts of the 160 tapes, which are approximately 1,479 pages in length.  Counsel's review of these 76 transcripts is still incomplete due to their length and character.  The FBI transcribers have listed the terms "unintelligible" or "U.I." throughout and on many and numerous pages making a reading of these transcripts without the aid of the audio cassettes time consuming, burdensome and at times impossible to determine the content and tenor of these conversations.  These limited but lengthy transcripts also have numerous references to gaps in the transcriptions of the conversations because the FBI or its transcriber deemed the content not pertinent to the investigation.   It is imperative in counsel's representation that these audio tapes yet to be provided be reviewed in their entirety for verification of content and its relevancy to the

defense of Mr. Rogers. Further the speech mannerisms of the government's informer as revealed in a review of the transcripts provided are such that review of these transcripts without the audio tape at times is impossible to determine for content and tenor, and makes review of these transcripts time consuming and burdensome;

6) Counsel still has to review the remaining and apparently lengthy and anticipated same quality transcripts. Counsel will require the audio tapes as well for the same reasons stated above. Attached hereto is a copy of the U.S.'s pretrial discovery statement made a part hereof as Exhibit B;

7) It would be ineffective assistance of counsel to not have these audio tapes for review and verification. It would also constitute ineffective assistance of counsel if counsel does not review all 433 audio tapes and evidence in the related cases in that Informer Okey Richards is common to all along with co-defendant Looker. It is apparent that an unusual amount of time will be required by counsel to review the audio evidence alone and to review the same with his client;

8) Five lengthy video tapes have been provided to counsel to date. Counsel has been only able to review one of these tapes with the defendant, who is incarcerated. Counsel requires additional time to review these 5 videos with him;

9) The government has now indicated the existence of a 6th video which does not have audio. To date, counsel has not been supplied with a copy of this video for review and review with his client;

10) The United States has filed a motion for a modifying order which is attached hereto as Exhibit C and made a part hereof. Therein the government acknowledges

the above quantity of evidence and indicates the problems in not supplying the same and requests the court to order the same be commercially reproduced and be paid by the defense;

11)     Counsel has dedicated substantial time to date in travel; in legal research; conferences with his client and counsel; review of transcripts of preliminary hearings; review of the transcripts referred to above; review of audio tapes referred to above, investigation of the facts, research of the legislative history of the 18 USC 2339A and the Anti-terrorism legislation; research of jurisdictional issues, and anticipated defenses.   Counsel's request for a continuance is not based upon any lack of diligence or diligent preparation.  Counsel has also employed a law student in an effort to complete the required research and address the complex issues that 18 USC 2339A presents.  Counsel would state that the filing of this motion is not based upon the general congestion of a Court's calendar nor the lack of diligent preparation under 18 USC 3161 (8)(C).  Counsel represents to the contrary, that given the tremendous amounts of time and effort already expended in the defense of Mr. Rogers, counsel, as an officer of this court, states unequivocally the need for additional time as stated in this motion;

12)     Defendant's arrest and indictment and the government's investigation is a case of first impression in the federal courts.  This case may well be the test case for issues concerning 18 USC 2339 A.  This law has never before been used to arrest or prosecute a United States citizen nor anyone else.  No appellate and no judicial decisions exists interpreting this new legislation, enacted first in 1994 and amended April 24, 1996, this year.

13)     Counsel's review of the legislative history of both versions of this yet to be challenged law reveals a convoluted mire of documents, hearing and congressional actions. Said history reveals a strong dissenting view expressed in the passage of these laws. The record is replete with the possibilities of constitutional challenge relevant to this new law. Accordingly, this new legislation poses a substantial challenge requiring extensive further time, legal research and review to meet, challenge, and, if necessary, preserve constitutional issues apparent therefrom and necessary in the defense of Mr. Rogers;

14)     In addition to the anticipated Constitutional issues, it is anticipated that jurisdictional issues need to be researched and developed in the defense of Mr. Rogers, apparent from the two versions of 2339A, given each version's legislative history and dates of enactment;

15)     In addition to the substantial amount of time anticipated in the research and preparation of these legal issues, counsel anticipates that the defense of the facts in this case will also require a significant amount of time the current time frame will not allow. Should Mr. Roger's anticipated legal challenges to this law be unsuccessful, a considerable amount of time will be required to prepare for trial given the nature and circumstances of the government's investigation;

16)     The Government's investigation is said to have been of long duration and primarily involves the use of a paid informer. Said investigation is also an investigation of first impression relevant to 18 USC 2339A and its 1994 version requiring protection of First Amendment rights. Due to the unique nature of this matter, additional time is needed to research and develop any issues relevant to the conduct of this novel investigation;

17)    Counsel requires additional time to determine the existence of multiple defenses apparent from the research and the limited discovery given to date.  Counsel requires additional time to determine the existence of defenses regarding:

a.    the constitutional and jurisdictional challenges to 18 USC 2339A;

b.    the defense of entrapment and related issues;

c.    defenses based upon protections guaranteed by the First Amendment and specifically guaranteed by 18 USC 2339 A(c)(2), "Activities protected by the First Amendment";

d.    defenses based upon the 1994 version of 18 USC 2331 defining "terrorism";

e.    defenses possibly based upon selective persecutions, to name just a few that this complex novel case poses;

18)    This case is unusual and complex due to the nature of the prosection of 18 USC 2339A and is a case of first impression.  This case presents novel questions of both fact and law.  Never has a 2339A investigation been prosecuted.  2339A has never been interpreted or decided upon by any federal court district, current or otherwise; 18 USC 3161 (8)(B)(ii) mandates a finding in this case that this case is so unusual or so complex due to either the number of defendants, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for <u>pretrial proceedings</u> or for the trial itself within the scheduled times;

19)    In addition, based upon the above, if the court fails to grant a continuance as requested herein, taking this case as a whole, the same would deny counsel the reasonable

time necessary for effective preparation given counsel's already exercise of due diligence and all as contemplated by 18 USC 3161 (8)(B)(iv);

20)    Due to the nature of this case and the discovery yet to be provided, all of which is lengthy and burdensome in nature; and given counsel's due diligence already provided and the additional time counsel needs to review these extensive items and the need to determine the existence of defenses, together with needed time to research these defenses as applied to yet to be provided evidence, and given the time needed to prepare and file appropriate pretrial motions, the current schedule allowing counsel 14 more days when discovery is incomplete makes counsel's job _impossible_ and can only result in a miscarriage of justice as contemplated by 18 USC 3161 (8)(B)(i).  In addition, requiring counsel to file pretrial motions the same day that discovery is due from the government on December 23, 1996, 2 days before Christmas, without allowing a reasonable and extensive time thereafter to prepare appropriate motions thereto as these circumstances clearly dictate make counsel's duties impossible and will result in a miscarriage of justice;

21)    Given these circumstances and the complexity of this case, a denial of this motion will deny this defendant's right to a fair trial; and, will deny this defendant's right to effective assistance of counsel under the Sixth Amendment;

22)    To further complicate matters, Defendant Looker is presently requesting to represent himself and is a co-defendant with Mr. Rogers.  As this issue is being presented to the Court, additional time than that anticipated in the Initial Scheduling Order may be required and poses additional issues that counsel will need not address;

23)     That taking into consideration, the due diligence that counsel would represent has been dedicated to the preparation of this matter for pretrial and trial, that additional time is still needed to effectively represent and prepare this matter for trial and in the preparation of pretrial motions, and that a denial of this motion will deny this Defendant effective legal representation given the complexity of the case.  Further, Counsel believes such a delay is necessary for a just determination of this case;

24)     That the above constitutes good and sufficient reason for this Courts to find that the ends of justice would be served by granting such continuance and that granting such continuance would for outweigh the best interest of the pubic and the Defendant in and to a speedy trial;

25)     Attached hereto are the motions of defendants Edward F. Moore, Jack Arland Phillips, and Terrell P. Coon filed in the related investigations, as EXHIBITS D, E, and F, respectively.   Counsel would state that he is not alone in his assessment of the complexities is of this case and the need for 6 months following discovery to prepare this case for trial and pretrial motions; Also attached hereto is Exhibit G. a letter from attorney Cooper to the Court and further reflects the need for a continuance;

26)     Counsel would state a 6 month extension of time following discovery is required to review these matters, prepare appropriate pretrial motions and to prepare for trial;

27)     The current scheduling order also ignores counsels obligations to other courts and clients.  Counsel's current trial schedule alone is as follows:

| December 23, 1996 | Harrison County Magistrate Trial | State v. Young |
| December 30, 1996 | Hearing, Southern District of West Virginia | US. v. Lawson |
| | Charleston, West Virginia | |
| January 21, 1997 | Jury Trial, Harrison County, Circuit Court | St. v. Elwell |
| January 27, 1997 | Jury Trial, U. S. District Court, | U.S. v. Williams |
| | Judge Keeley | |
| February 10, 1997 | 3 State trials, Harrison County Circuit Court | |
| | St. v. Murphy | |
| | St. v. Powers | |
| | St. v. Rinehart, before Judge Marks | |
| February 11, 1997 | current scheduled trial of defendant in | |
| | Wheeling, West Virginia | |
| February 24, 1997 | Jury trial, Clarksburg | St. v. Starr |

28)    The current pretrial is scheduled in this matter on January 27, 1997, at 1:15 p.m. in Wheeling, West Virginia, at the same time counsel is required to appear before Judge Keeley in Clarksburg in US v. Williams, a federal drug case for jury selection set as a "first case" for some time now.  This trial is scheduled the same week as 3 jury trials before Judge Marks in Clarksburg;

29)    Given counsel's current schedule of trials previously set by order of other courts, the same constitutes a substantial schedule conflict with this court's scheduling order of recent date.  The same will prohibit counsel adequate preparation for a February 11, 1997,

trial in Wheeling and will deny this defendant effective assistance of counsel, due process, and a fair trial if a continuance is not granted herein.

WHEREFORE, the Defendant, James R. Rogers, by counsel, requests that the Court order a continuance of the present trial date all pursuant to 18 USC 3161 (8); and to enlarge the times frames of the Scheduling Order entered herein to allow for the required time counsel needs to prepare appropriate pretrial motions and to prepare of any trial of this cause.

                                        James R. Rogers,
                                        Defendant, by counsel


Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I, Rocco E. Mazzei, Counsel for James R. Rogers, do hereby certify that on this the 13th day of December, 1996, a true copy of the foregoing Motion to Continue Trial and For Enlargement Of Time was served upon the following by placing a true copy thereof in the United States Mail, postage prepaid, addressed to them as follows:

1) David E. Godwin, Assistant U. S. Attorney
   United States Attorney's Office
   Federal Post Office Building
   Post Office Box 750
   Clarksburg, West Virginia  26301

2) Stephen Herndon, Counsel for Defendant Looker
   75 15th Street
   Wheeling, West Virginia 26003

3) Jerald E. Jones, Esquire
   West and Jones
   Post Office Box  2348
   Clarksburg, West Virginia 26302-2348

4) Jolyon W. McCamic, Esquire
   McCamic and McCamic
   Post Office Box 151
   Wheeling, West Virginia 26003

5) John J. Pizzuti, Esquire
   Camilletti, Sacco, Pizzuti
   30 12th Street
   Wheeling, West Virginia 26003

6) Vincent Murovich, Esquire
   1653 McFarland Road
   Pittsburgh, PA 15216-1810

7) John W. Cooper
   Cooper and Preston
   Post Office Box 365
   Parsons, West Virginia 26287

ROCCO E. MAZZEI
Attorney At Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia  26301

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.
                                  **Criminal No. 1:96CR43-02**

JAMES R. ROGERS,

        **Defendant.**

## MOTION TO CONTINUE TRIAL
## AND FOR ENLARGEMENT OF TIME
## AND INCORPORATED MEMORANDUM OF LAW

Comes now the Defendant, James R. Rogers, (hereinafter "Mr. Rogers") by his counsel, Rocco E. Mazzei, and hereby moves this Court pursuant to 18 USC 3161 (8) (A) to continue the pretrial and trial of this matter presently scheduled for December 16, 1996, and January 7, 1997, respectfully, and to enter an Order enlarging the time frames set forth in the Initial Scheduling Order filed herein on November 26, 1996.

As a basis for this Motion, the Defendant would state as follows:



Exhibit A

1.      The Initial Scheduling Order herein filed on November 26, 1996 following the November 22, 1996, arraignment sets the current trial date at January 7, 1996, with a pretrial schedule for December 16, 1996.  The Government was to provide discovery by November 29, 1996; Pretrial motions by December 9, 1996; Responses by December 16, 1996; and a hearing on pretrial motions set for December 20, 1996;

2.      Mr. Rogers was indicted by an indictment filed November 8, 1996, following an arrest on Friday, October 11, 1996, and a preliminary hearing and detention hearing conducted on October 17, 1996.  Mr. Rogers has been detained and is awaiting a determination by the District Court of his Motion For Revocation of Detention Order Pending Trial wherein Mr. Rogers seeks pretrial release as recommended by the Probation Officer;

3.      Mr. Rogers is charged in two counts of a three count indictment.  Count One alleges a conspiracy to violate 18 USC 2339A; Count Two alleges a violations of 18 USC 2339A, providing material resources to terrorists;

4.      The arrest and indictment of Mr. Rogers is said by the Government to have been the result of a 16 month investigation.  The Government indicates there are 430 audio tapes relevant to their investigation and lengthy video tapes.  At the arraignment conducted November 22, 1996, the Government was to provide copies of the audio tapes within 10 days.  Counsel received 5 video tapes from the government on Wednesday, December 4, 1996.  At the arraignment November 22, 1996, counsel was provided with the Government's pre-trial discovery statement consisting of 76 transcripts, 1,479 pages in length.  These alleged audio tapes are said to have ben transcribed, in part, by FBI personnel.  Also provided was a report of the October 11, 1996, arrest; a negative criminal history report; 19 FBI property forms; and a Form 597;

5.      The Government's statement reflects that it is in possession of Mr. Roger's property that was seized during the arrest on October 11, 1996, and pursuant to a search warranted executed at his residence.   Counsel has not been provided with the opportunity to view these items;

6.      The Government's statement states that there are 160 audio tapes relevant to this case.  Therefore, it appears that counsel has only received 76 transcripts of these 160 recordings.  No copies of these 160 audio tapes have been provided.  From a review of the partial list of transcripts received, it is imperative that counsel receive copies of all of the audio tapes due to the repetitive indications therein that the tapes being transcribed are unintelligible and due to the speech mannerisms of Okey Richards, the Government's informer.  Counsel requires the same to be able to effectively represent Mr. Rogers and without said audio tapes, effective assistance of counsel would be denied;

7.      The government's statement indicates 19 FBI Form FD-192 property forms relating to evidence the government intends on using at trial.  Counsel has not had the opportunity to review these items. These items appear to be lengthy and numerous in nature and consist in part of photographs, negatives,, documents, handwriting notations, maps, photocopies, books, reports, schedules, pamphlets and seized evidence, all requiring lengthy inspection and review by counsel;

8.      The government has advised that this is a case of first impression.  No one before has ever been arrested or indicted for an alleged violation of 18 USC 2339A.  No appellate decisions nor district court rulings exist as to this new statute initially enacted September 13, 1994, and amended under the new Comprehensive Anti-terrorism Act which became effective April 24, 1996;

9. Counsel's review of the legislative history of both versions of this yet to be challenged law reveals a convoluted mire of documents, hearings and congressional action. Said history reveals a strong dissenting view expressed in the passage of these laws. The record is replete with the possibilities of constitutional challenges relevant to this new law. Accordingly, this new legislation poses a substantial challenge requiring extensive further time, legal research and review to make, challenge and, if necessary, preserve constitutional issues apparent therefrom and necessary in the defense of Mr. Rogers;

10. In addition to the anticipated Constitutional issues, it is anticipated that jurisdictional issues need to be researched and developed in the defense of Mr. Rogers, apparent from the two versions of 2339A, given each version's legislative history and dates of enactment;

11. In addition to the substantial amount of time anticipated in the research and preparation of these legal issues, counsel anticipates that the defense of the facts in this case will also require a significant amount of time that the current time frame will not allow. Should Mr. Roger's anticipated legal challenges to this law be unsuccessful, a considerable amount of time will be required to prepare for trial given the nature and circumstances of the government's investigation;

12. The Government's investigation is said to have been of long duration and primarily involves the use of a paid informer. Said investigation is also an investigation of first impression relevant to 18 USC 2339A and its 1994 version requiring protection of First Amendment rights. Due to the unique nature of this matter, additional time is needed to research and develop any issues relevant to the conduct of this novel investigation;

13.    Given the above, it is apparent that this matter constitutes complex criminal litigation. This matter will involve novel and complex issues of law and also involves complex, unusual and novel issues of fact;

14.    To further complicate matters, Defendant Looker is presently requesting to represent himself and is a co-defendant with Mr. Rogers. As this issue is being presented to the Court, additional time than that anticipated in the Initial Scheduling Order may be required and poses additional issues that counsel will need to address;

15.    That taking into consideration, the due diligence that counsel would represent has been dedicated to the preparation of this matter for pretrial and trial, that additional time is still needed to effectively represent and prepare this matter for trial and in the preparation of pretrial motions, and that a denial of this motion will deny this Defendant effective legal representation given the complexity of the case. Further, Counsel believes such a delay is necessary for a just determination of this case;

16.    That the above constitutes good and sufficient reason for this Court to find that the ends of justice would be served by granting such continuance and that granting such continuance would far outweigh the best interest of the public and the Defendant in and to a speedy trial;

17.    The decision to grant such a motion for continuance rests within the sound discretion of the District Court. U.S. v. Johnson, 732 F2d 379, 381 (4th Cir. 1984);

18.    That this request for a continuance of this trial date and enlargement of time is not the result of any lack of diligent preparation on the part of counsel on this defendant nor any party, nor do the reasons include general congestion of the Court's calendar;

19.   Counsel would require an additional 6 (six) months to prepare pretrial motions and prepare for trial;

WHEREFORE, the Defendant, James R. Rogers, by counsel, requests that the Court order a continuance of the present trial date all pursuant to 18 USC 3161 (8); and to enlarge the time frames of the Initial Scheduling Order entered herein to allow for the required time counsel needs to prepare appropriate pretrial motions and to prepare for any trial of this cause.

James R. Rogers,
Defendant, by counsel

Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I, Rocco E. Mazzei, Counsel for James R. Rogers, do hereby certify that on this the 6th day of December, 1996, a true copy of the foregoing Motion to Continue Trial and For Enlargement Of Time was served upon the following by placing a true copy thereof in the United States Mail, postage prepaid, addressed to them as follows:

1)  David E. Godwin, Assistant U. S. Attorney
    United States Attorney's Office
    Federal Post Office Building
    Post Office Box 750
    Clarksburg, West Virginia  26301

2)  Stephen Herndon, Counsel for Defendant Looker
    75 15th Street
    Wheeling, West Virginia 26003

3)  Jerald E. Jones, Esquire
    West and Jones
    Post Office Box  2348
    Clarksburg, West Virginia 26302-2348

4)  Jolyon W. McCamic, Esquire
    McCamic and McCamic
    Post Office Box 151
    Wheeling, West Virginia 26003

5)  John J. Pizzuti, Esquire
    Camilletti, Sacco, Pizzuti
    30 12th Street
    Wheeling, West Virginia 26003

6)  Vincent Murovich, Esquire
    1653 McFarland Road
    Pittsburgh, PA 15216-1810

7)  John W. Cooper
    Cooper and Preston
    Post Office Box 365
    Parsons, West Virginia 26287

ROCCO E. MAZZEI
Attorney At Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia  26301

COPY

Copied to App. Investig.

2958 cap iss

U.S. DISTRICT COURT
FILED AT WHEELING, WV
NOV 22 1996
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No.  1:96CR43-002

JAMES R. ROGERS, a/k/a RICH,

        Defendant.

### UNITED STATES' PRE-TRIAL DISCOVERY STATEMENT
### PURSUANT TO LOCAL RULES 4.04 AND 4.08, AND F.R.Cr.P. RULE 16(a)

      Now comes the United States of America and William D. Wilmoth, United States Attorney, by David E. Godwin, First Assistant United States Attorney, and states that pursuant to Local Rules 4.04 and 4.08, and Rule 16(a) of the Federal Rules of Criminal Procedure, the following has been disclosed to the defendant's counsel on November 22, 1996:

I. RULES 4.04 AND 16(a):

(A) Relevant written or recorded statements:

    1. FD-302 dated 10/11/96 related to arrest of Rogers

    2. The following are transcripts of tape recordings that have been made in this case, some of which have the defendant as a participant in the recorded conversation.  See Other Matters paragraph A below.  The first column indicates the tape number that has been assigned to the tape cassette, or set of cassettes, and the second column indicates that date of the conversation that is indicated on the cover sheet of the transcript:

| Tape No. | Date |
|----------|--------|
| 1A | 1/28/96 |
| 1B | 1/28/96 |
| 1C | 1/28/96 |
| 2 | 1/30/96 |
| 3 | 2/8/96 |



Exhibit B

| | |
|---|---|
| 4 | 2/9/96 |
| 5 | 2/10/96 |
| 6 | 2/13/96 |
| 6A | 2/13/96 |
| 6B | 2/13/96 |
| 7 | 2/18/96 |
| 7A | 2/18/96 |
| 7B | 2/18/96 |
| 8 | 2/19/96 |
| 8A | 2/19/96 |
| 8B | 2/19/96 |
| 8C | 2/19/96 |
| 9 | 2/20/96 |
| 10 | 2/23/96 |
| 10A | 2/23/96 |
| 11 | 3/3/96 |
| 12 | 3/7/96 |
| 12A | 3/7/96 |
| 13 | 3/4/96 |
| 13A | 3/4/96 |
| 14 | 3/5/96 |
| 15 | 3/19/96 |
| 16 | 3/22/96 |
| 17 | 12/5/95 |
| 18 | 4/10/96 |
| 19 | 3/17/96 |
| 21 | 4/15/96 |
| 22 | 4/17/96 |
| 23 | 4/22/96 |
| 24 | 4/23/96 |
| 25 | 4/24/96 |
| 26 | 4/24/96 |
| 27 | 4/24/96 |
| 28 | 4/25/96 |
| 29 | 4/26/96 |
| 30 | 4/28/96 |
| 31 | 4/28/96 |
| 32 | 5/1/96 |
| 33 | 5/7/96 |
| 34 | 5/9/96 |
| 35 | 5/10/96 |
| 37 | 5/11/96 |
| 39 | 5/15/96 |
| 40 | 5/20/96 |
| 41 | 5/20/96 |

| 42 | 5/24/96 |
| 43 | 5/24/96 |
| 44 | 5/28/96 |
| 45 | 5/28/96 |
| 46 | 5/29/96 |
| 47 | 5/30/96 |
| 48 | 5/30/96 |
| 49 | 5/30/96 |
| 50 | 5/31/96 |
| 51 | 6/1/96 |
| 52 | 6/7/96 |
| 52A | 6/7/96 |
| 52B | 6/7/96 |
| 53 | 6/4/96 |
| 54 | 6/5/96 |
| 55 | 6/22/96 |
| 55A | 6/22/96 |
| 56 | 6/25/96 |
| 57 | 8/7/96 |
| 59 | 9/4/96 |
| 59A | 9/4/96 |
| 59B | 9/4/96 |
| 60 | 9/9/96 |
| 62 | 9/10/96 |
| 62A | 9/10/96 |
| 67 | 9/19/96 |

(B) <u>Relevant results or reports of tests and examinations:</u>

    1.  None available yet.

© <u>Relevant grand jury testimony of the defendant:</u>

    1. None

(D) <u>Property of the defendant in the possession of the government:</u>

    1.  FD-302 dated 10/11/96 related to execution of search warrant at Rogers' residence.

    2.  FD-302 dated 10/11/96 relating to consent search of Rogers' locker.

    3.  See Other Matters paragraph B below.

(E) <u>F.B.I. criminal history</u>:

    1.  Criminal history report dated 11/18/96.

II. <u>RULE 4.08</u>:

    A.  The United States Attorney is presently unaware of any evidence that is not disclosed herewith that exculpates the defendant.

III. <u>Other matters</u>:

    A.  The United States Attorney has one (1) complete set of the tape recordings that have been obtained and produced by the investigators in this case available for the defense.  Most of them have been transcribed, in part, by Federal Bureau of Investigation personnel.  In preparing these transcripts, the investigating special agent has reviewed each tape and has designated the counter numbers that indicate the portion(s) of the conversation pertinent to the investigation.  A clerical pool in the Pittsburgh office has transcribed the portions indicated by the special agent.  Some of the tapes are still being reviewed and transcribed.  The transcripts that are available have been copied and are being provided as indicated above.  There are a total of 160 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to this case.  On 34 of these tapes, the defendant is one of the parties to the conversation.  On 106 of these tapes, the codefendant , Looker, is one of the parties to the conversation.  On 13 of these tapes, the defendant and the codefendant participate in the conversation.  On 7 of these tapes persons other than the defendants are parties to the conversation.  All of these tapes are the result of consensual monitoring and there have been no wiretap orders entered by the Court in regard to this case.  The handling and/or reproduction of these tape cassettes will be the subject of a separate motion for a modifying order under Local Rule 4.15.  The tapes presently are in the United States Attorney's office in Clarksburg and are available for inspection and copying at that location until the motion for a modifying order is ruled upon by the Court.

    B.  Included in this disclosure are nineteen (19) FBI Form FD-192 property forms identifying property in the possession the FBI.  This property, identified on the forms as item numbers 1B1 to 1B19, may be used as exhibits and include some of the property taken from the defendant.  This property is not compatible with copying and arrangments may be made available for inspection of these materials by contacting AUSA David E. Godwin.  Also included is an FBI Form 597 dated 10/11/96 relating to property turned over to the FBI from Fire Chief Spencer.

IV.  <u>Additional discovery</u>:

    A.  Pursuant to Local Rules 4.06, 4.07, 4.08, and 4.17 and Federal Rule of Criminal Procedure 16(c), this discovery disclosure will be supplemented as additional discoverable material is obtained or discovered by the United States Attorney.

B. Requests for additional discovery under Local Rule 4.06 should be directed to AUSA David E. Godwin.

Respectfully submitted,

United States of America

William D. Wilmoth
United States Attorney

By: _David E. Godwin by wdw_

David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV 26302-0750

## CERTIFICATE OF SERVICE

I, William D. Wilmoth, United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing UNITED STATES' PRE-TRIAL DISCOVERY STATEMENT PURSUANT TO LOCAL RULES 4.04 AND 4.08, AND F.R.Cr.P. RULE 16(a) was hand delivered by me to Rocco Mazzei, counsel for defendant, at the Wheeling Courthouse.

Dated: November 22, 1996

_William D. Wilmoth_

William D. Wilmoth
United States Attorney
Post Office Box 591
Wheeling, West Virginia 26003

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
                    Plaintiff,

v.                                          Case No.  1:96CR43

FLOYD RAYMOND LOOKER, a/k/a RAY,
JAMES R. ROGERS, a/k/a RICH,
                    Defendants.


## UNITED STATES' MOTION FOR A MODIFYING ORDER
## PURSUANT TO LOCAL RULE 4.15

Now comes the United States of America and William D. Wilmoth, United States

Attorney, by David E. Godwin, First Assistant United States Attorney, and moves the Court

pursuant to Local Rule 4.15 to enter an order pertaining to access by the defense attorneys to

copies of recorded statements in this case and if such order requires the reproduction of tape

cassettes that the order further provide for the commercial reproduction of the tape recordings in

this case to be paid for as a defense expense.  In support of this motion the following is set forth

for the Court's consideration:

1)  The United States Attorney has one (1) complete set of the tape recordings that have

been obtained and produced by the investigators in this case available for the defense.  Most of

them have been transcribed, in part, by Federal Bureau of Investigation personnel.  Seventy-six

(76) transcripts have been copied and disclosed to the defendants.  In preparing these transcripts,

the investigating special agent has reviewed each tape and has designated the counter numbers

Exhibit C

that indicate the portion(s) of the conversation pertinent to the investigation.  A clerical pool in the Pittsburgh office has transcribed the portions indicated by the special agent.  Some of the tapes are still being reviewed and transcribed.

2)  There are a total of 160 tape cassettes which have been received from the Federal Bureau of Investigation and have been identified as being relevant to this case.  On 34 of these tapes, the defendant Rogers is one of the  parties to the conversation.  On 106 of these tapes, the defendant, Looker, is one of the parties to the conversation.  On 13 of these tapes, both defendants participate in the conversation.  On 7 of these tapes persons other than the defendants are parties to the conversation.  All of these tapes are the result of consensual monitoring and there have been no wiretap orders entered by the Court in regard to this case.   The tapes are in the United States Attorney's office in Clarksburg and are available for inspection and copying at that location at the present time.

3) The 76 transcripts which have been prepared and disclosed pertain to more than 76 tape cassettes.  The transcripts were prepared according to the numbering system used for the investigation by the F.B.I. and some cover more than one tape cassette.  There are approximately 33 transcripts which are outstanding, most of which have not been received by the U. S. Attorney's office as yet.

4) This case is being litigated contemporaneously with three other cases which are based upon the same investigation.  Those cases are: 5:96CR40; 1:96CR41; and, 1:96CR42.  In these cases collectively there are 433 tape cassettes.  Each of these cases is in the discovery and pretrial motion stage.

5) Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure provides that the government shall permit the defendant to inspect and copy any relevant recorded statement of the

defendant.    Local Rule of Criminal Procedure 4.04(1) provides that the United States Attorney

shall provide the defendant's counsel with copies of any relevant recorded statements .

6) The present response of the United States is adequate under the provision of Rule

16(a)(1)(A) in that the tape cassettes are available for the defense counsel to inspect and copy.

The provision of the transcripts goes beyond the basic requirement of the Federal rule.

7) Under a literal reading of Local Rule CR P 4.04(1) the United States would be in

compliance if: 34 of the cassettes were sent to the attorney for the defendant Rogers; 106 of the

cassettes were sent to the attorney for the defendant Looker; and if 13 of the cassettes were

reproduced one additional time and provided to each defendant.  It is not defined in the local rule

whether copies of partial transcripts are "copies" of the recorded statements within in the meaning

of the rule.  If the transcripts do constitute "copies," then the United States Attorney has already

complied with the rule by providing all copies he has received (with the exception of 8 transcripts

which are being photocopied at the present time for disclosure).

8)  In addition to the audio tapes that have been discussed above, there are 6 video tape

cassettes that are pertinent to this case.  Five of these cassettes contain audio and video and have

already been reproduced and provided to the defense attorneys.  The sixth of these video tapes

does not have audio and was recorded by surveilling officers.  The video-only, surveillance tape

will probably not be used as an exhibit at the trial of this case unless it is needed as rebuttal

evidence.  The United States has no convenient or economical way of reproducing video tapes.

The one tape which has not been disclosed is  available for inspection and copying by defense

counsel.

9) It is believed from informal conversations with defense attorneys in this case and from

the practice of the United States Attorney's office in other cases involving tape recordings, that it

is preferable and desirable that each defendant have convenient access to every tape that is relevant to his case.  Whether that requires each defendant to have a full set of the tape recordings or whether the one set presently available can be delivered to the defense attorneys for their collective use is a matter upon which defense counsel should comment.  The United States Attorney's office is willing to handle the matter in whatever way is acceptable to the defense and the Court *but does not have the capacity to make the copies of the cassettes that would be necessary for each defense attorney to have a full set.*  The United States Attorney could reproduce the particular tape cassettes on which more than one defendant speaks and subdivide the tapes as indicated in paragraph 7) above, but even that would be a considerable problem and cause delay since the United States Attorney's office would have to borrow the needed equipment and reassign an employee to the project.

10) Should a mass reproduction project be needed, the most expeditious resolution would be employing a private commercial firm to make the copies.  The expense involved would be a defense expense and should be paid by the Court for an indigent defendant.  The United States Attorney has a limited budget for litigation expenses which is intended by the Department of Justice to be spent on government expenses as opposed to defense expenses.

Accordingly,  the United States moves the Court, upon receiving the responses of the defense counsel, to enter an order pertaining to access by the defense attorneys to copies of recorded statements in this case and if such order requires the reproduction of tape cassettes that the order further provide for the commercial reproduction of the tape recordings in this case to be

paid for as a defense expense.   This motion is not being made *ex parte* as provided for in Local Rule CR P 4.15, nor is there any reason to seal this motion or papers associated with it as also provided for in said local rule.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAM D. WILMOTH
UNITED STATES ATTORNEY

By: *David E. Godwin*
David E. Godwin
First Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing UNITED STATES' MOTION FOR A MODIFYING ORDER PURSUANT TO LOCAL RULE 4.15 was served upon the defendants by placing a copy thereof in the United States Mail, postage prepaid, addressed to Rocco E. Mazzei, counsel for James R. Rogers, at Suite 318, Goff Building, 321 W. Main Street, Clarksburg, WV 26301; and a copy thereof in the United States Mail, postage prepaid, addressed to Stephen D. Herndon, counsel for Floyd Raymond Looker, at 76 15th Street, Wheeling, WV 26003.

Dated this 5th day of December, 1996.

*David E. Godwin*
David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV   26302-0750