IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CASE NUMBER 1:96M31
 CASE NUMBER 1:96M33-02   1:96CR43-02

JAMES R. ROGERS,
 Defendant.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION AND RENEWED
MOTION TO CONTINUE TRIAL AND FOR ENLARGEMENT OF TIME

Comes now the defendant by counsel and in support of his Motion For Reconsideration and Renewed Motion To Continue Trial And For Enlargement Of Time submits the following:

1. 18 USC § 3161 (8)(B) mandates that the court "shall" consider 4 factors, three of which are particularly applicable:

A) 18 USC 3161 (8)(B)(i) requires the Court to consider "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."

B) 18 USC 3161 (8)(B)(ii) requires the Court to consider "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to



expect adequate preparation for <u>pretrial proceedings</u> or for the trial itself within the time limits established by this section."

    C) 18 USC 3161 (8)(B)(iv) <u>requires</u> the Court to consider "whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii),... would deny counsel for the defendant... the <u>reasonable time necessary for effective preparation,</u> taking into account the exercise of due diligence.

  3. 18 USC 3161 (8)(c) allows no continuances under subparagraph (A) due to general congestion of the court's calendar, or lack of diligent preparation. Counsel is not requesting a continuance on this basis and states that his preparation has been diligent given the complexities of this case.

  4. Although the determination of a continuance is within the sound discretion of the trial court, if the failure to grant a continuance makes a continuation of such proceedings impossible, or results in a miscarriage of justice or if it is unreasonable to expect adequate preparation for pretrial proceedings or trial is due to a case that is either unusual or complex; due to the nature of the proceedings or the existence of novel questions of fact or law, or, if the failure to grant a continuance denies defense counsel the reasonable time necessary for effective preparation, when counsel has been diligent, a denial of a request based upon these factors in this case would constitute a violation of due process.

  5. The denial of a continuance may be so arbitrary and so fundamentally unfair as to invoke constitutional principles. <u>Ungar v. Sarafite</u>, 372 U.S. 575, 84 S. Ct. 841, 11 L. Ed, 2d 921 (1964); <u>Shirley v. North Carolina</u>, 528 F. 2d 819 (4th Cir. 1975).

  6. A denial of a request for more time constitutes a violation of due

process if it is arbitrary and unfairly hinders the defendant's ability to present his case. <u>Lee v. Winston,</u> 717 F2d 888 (4th Cir. 1983).

7. In <u>Ungar v. Sarafite</u>, supra the U.S. Supreme Court addressed this issue as follows: "There are no mechanical tests for deciding when the denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

8. The Fourth Circuit has on several occasions <u>overturned convictions</u> because of a trial court's refusal to grant a continuance <u>United Sates v. Colon,</u> 975 F.2d 128, 130-131 (4th Cir. 1992); <u>United States v. Evans</u>, 569 F.2d 209 (4th Cir. 1978); <u>Shirley v. north Carolina,</u> supra; <u>United States v. Walker</u>, 537 F2d 1192 (4th Cir. 1976).

9. The present case is particularly analogous to the Fourth Circuit's ruling in <u>United States v. Walker</u>, supra. In <u>Walker</u>, the defendant's right to a fair trial was violated because his counsel was deprived of an adequate opportunity to determine the existence of an insanity defense. Here, particularly due to the fact that this action is one of first impression given the convoluted legislative history; the lack of court decisions on the instant offense; the nature of the prosection; the novel nature of the investigation, the potential for multiple constitutional and jurisdictional challenges to such law; the novel issues of law and fact; the complexity of the case as a whole; the ambiguity of the law; and the First Amendment considerations, counsel is being denied adequate preparation time and/or opportunity to determine the existence of defenses critical to this defendant. The lack of complete discovery of critical information to this defense underlines the need for more time. The impossibility of researching; preparing and filing pretrial motions the same day that

discovery is due from the government makes representation impossible, is a violation of due process; denies this defendant effective assistance of counsel, and will result in the denial of a fair trial. In addition, due to the nature of the government's investigation and a review of the limited discovery to date the defendant will be denied an adequate opportunity to determine the existence of the entrapment defense and to develop appropriate pretrial motions and trial issues thereto. Counsel is being deprived of an adequate opportunity to determine the existence of defenses based upon: constitutional and jurisdictional challenges to 18 USC 2339A, a law never before used to arrest or prosecute a U.S. citizen; defenses based upon selective prosecution; defenses based upon protection guaranteed by the First Amendment to the U. S. Constitutional and specifically guaranteed under the 1994 version of 18 USC 2339A (c)(2), "<u>Activities protected by the First Amendment</u>"; defenses based upon the 1994 version of 18 USC § 2331 defining "terrorism"; to name just a few that counsel has to date dedicated substantial time researching. However, due to novelty of law and fact and the complexities of this case, considerable more research and preparation is required particularly when the government has not to date provided the discovery discussed in the motion herein.

   10. A denial of this motion will result in a significant infringement upon defendant's right to counsel guaranteed by the 6th Amendment.

Respectfully Submitted

_____  Defendant
                            By Counsel

Rocco E. Mazzei
Counsel for defendant
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I, Rocco E. Mazzei, Counsel for James R. Rogers, do hereby certify that on this the 13th day of December, 1996, a true copy of the foregoing Motion to Continue Trial and For Enlargement Of Time was served upon the following by placing a true copy thereof in the United States Mail, postage prepaid, addressed to them as follows:

1) David E. Godwin, Assistant U. S. Attorney
   United States Attorney's Office
   Federal Post Office Building
   Post Office Box 750
   Clarksburg, West Virginia 26301

2) Stephen Herndon, Counsel for Defendant Looker
   75 15th Street
   Wheeling, West Virginia 26003

3) Jerald E. Jones, Esquire
   West and Jones
   Post Office Box 2348
   Clarksburg, West Virginia 26302-2348

4) Jolyon W. McCamic, Esquire
   McCamic and McCamic
   Post Office Box 151
   Wheeling, West Virginia 26003

5) John J. Pizzuti, Esquire
   Camilletti, Sacco, Pizzuti
   30 12th Street
   Wheeling, West Virginia 26003

6) Vincent Murovich, Esquire
   1653 McFarland Road
   Pittsburgh, PA 15216-1810

7) John W. Cooper
   Cooper and Preston
   Post Office Box 365
   Parsons, West Virginia 26287

_____
ROCCO E. MAZZEI
Attorney At Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia  26301