IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            Criminal No. 1:96CR43-02

JAMES R. ROGERS,

        Defendant.

DEFENDANT ROGERS RESPONSE
TO U.S. MOTION FOR
MODIFYING ORDER
PURSUANT TO LOCAL
RULE 4.15

        Comes now the Defendant, by counsel, and files this response to the government's motion as follows:

        1.    The defendant would agree that 76 transcripts have been copies and disclosed to this defendant.  However, a considerable number of the transcripts contain the term "unintelligible" or "U.I." throughout.  In addition, there are numerous gaps in these transcripts wherein the F.B.I. has indicated that numerous parts of these tape recordings were considered not relevant to the investigation.  Therefore, these transcripts are not complete

transcripts of the tape recordings and counsel needs and requires these audio tapes to verify the transcript and to review these recordings as a whole. It should be considered ineffective assistance of counsel for defense counsel not to insist on being provided with the entire tape recordings in these matters t diligently investigate the facts of this case. In addition to the above, the speech mannerisms of the informer make it burdensome and time consuming in reviewing the transcripts without benefit of the voice inflections and tenor of the speaker,; particularly given the repetitive "U.I." indications in these transcripts.

2. Although the 160 tapes are said to now be in the U.S. Attorney's Office in Clarksburg, it is defense counsel's recollection at the arraignment in Wheeling, West Virginia on November 22, 1996, that U.S. Attorney Wilmoth indicated that these tapes would be provided to defense counsel within 10 days of the arraignment if speed copied or that it might take longer if other means were utilized to copy.

3. Local Rule 4.04 requires the U.S. Attorney to provide the defendant's counsel with copies of (1) any relevant or recorded statement made by the defendant within the possession of the government. It is not unreasonable to require the government to provide copies of all these recordings to defense counsel given the nature of these proceedings and considering that the Government has featured its 16 month investigation, which heretofore was more than sufficient time to have these recordings ready to provide to defense counsel 10 days after the arraignment. Production of these audio recordings and transcripts to defense counsel cannot be said by the Government to be unanticipated. This delay has caused counsel to file motions for continuance and for enlargement of time. The ends of justice can now be served by this court ordering the Government to provide the entire transcripts and tape recordings as soon as possible at the Government's expense;

4. The defendant would agree that there have been 5 lengthy video tapes provided by the government. In one tape, at several critical points the sound and picture is blurred and unintelligible. Counsel has not received the 6th video tape now identified by the government as a surveillance tape. Again counsel can see no reason why this evidence was not ready for disclosure and its non-disclosure is now the cause for delay. The court should require the government to copy and provide this 6th video tape as soon as possible at the government's expense as the government did with the 5 earlier provided videos.

5. Counsel will require a full set of video and audio tapes in the government's possession particularly given the manner of the government's investigation and the use of a paid informer common throughout;

6. It would be an unreasonable financial burden upon defense counsel who is court appointed under 18 USC 3006 to require the defense to pay for this copying as the payment would be needed now before counsel receives any compensation or submits any bills to the Court for payment. Again this is the government's case it says of 16 month duration and this issue of disclosure cannot be said to be unanticipated and is now causing delay.

WHEREFORE, defendant requests these items be disclosed as soon as practical at the Government's expense.

James R. Rogers,
Defendant, by counsel

_____
Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I, Rocco E. Mazzei, Counsel for James R. Rogers, do hereby certify that on this the 16th day of December, 1996, a true copy of the foregoing Motion to Continue Trial and For Enlargement Of Time was served upon the following by placing a true copy thereof in the United States Mail, postage prepaid, addressed to them as follows:

1) David E. Godwin, Assistant U. S. Attorney
United States Attorney's Office
Federal Post Office Building
Post Office Box 750
Clarksburg, West Virginia 26301

2) Stephen Herndon, counsel for Defendant Looker
75 15th Street
Wheeling, West Virginia 26003

3) Jerald E. Jones, Esquire
West and Jones
Post Office Box 2348
Clarksburg, West Virginia 26302-2348

4) Jolyon W. McCamic, Esquire
McCamic and McCamic
Post Office Box 151
Wheeling, West Virginia 26003

5) John J. Pizzuti, Esquire
Camilletti, Sacco, Pizzuti
30 12th Street
Wheeling, West Virginia 26003

6) Vincent Murovich, Esquire
1653 McFarland Road
Pittsburgh, PA 15216-1810

7) John W. Cooper
Cooper and Preston
Post Office Box 365
Parsons, West Virginia 26287

_____
ROCCO E. MAZZEI
Attorney At Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia  26301

# Rocco E. Mazzei

*ATTORNEY AT LAW*

U.S. DISTRICT COURT
RECEIVED AT WHEELING, WV

DEC 17 1996

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

Goff Building, Suite 318
321 West Main Street
Clarksburg, West Virginia 26301

304-623-9241

December 16, 1996

United States District Court
Clerk's Office
Post Office Box 471
Wheeling, West Virginia 26003

RE:
  United States of America
  Vs. James R. Rogers
  Case No.'s: 1:96M31 and 1:96M33-02

Attn: Clerk's Office

  Enclosed please find the original and two copies of the **DEFENDANT ROGERS RESPONSE TO U.S. MOTION FOR MODIFYING ORDER PURSUANT TO LOCAL RULE 4.15**. Please file the same. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Rocco E. Mazzei

REM/jp
Enclosures