IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

DEC 20 1996

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Criminal Action No. 1:96CR43-02
    (STAMP)

JAMES R. ROGERS,

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER PENDING TRIAL AND SETTING CONDITIONS OF PRE-TRIAL RELEASE

Defendant James R. Rogers is currently charged with a conspiracy to commit the offense of providing material support and resource for the commission of an injury to the property of an agency of the United States, namely the Federal Bureau of Investigation's Criminal Justice Information Services Facility, in violation of 18 U.S.C. § 2339(A).

On October 17, 1996, a pre-trial detention hearing was held in this matter before the Honorable David L. Core, United States Magistrate Judge for the Northern District of West Virginia at Clarksburg. At this hearing, Magistrate Judge Core found that defendant Rogers, because of his involvement in the alleged offenses in this matter, presented such a danger to the community that no condition of release or combination of conditions of release would alleviate that danger. However, Magistrate Judge Core did not find that defendant Rogers posed a significant risk of nonappearance. Nonetheless, Magistrate Judge Core ordered defendant Rogers detained pending further proceedings in this



matter. On November 8, 1996, the one-count indictment in this matter was filed. On that same day, defendant Rogers filed a motion for revocation of detention order pending trial. On November 20, 1996, the United States filed its response to the defendant's motion. After consideration of the defendant's motion, the Government's response and the pre-trial services report in this matter, this Court finds that defendant's motion should be granted for the reasons and upon the conditions set forth below.

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In construing that statute, the Fourth Circuit Court of Appeals noted in United States v. Clark, 865 F.2d 1433 (4th Cir. 1989), that "[a] defendant ordered detained by a magistrate may seek de novo review in the district court." Id. at 1436 (quoting United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985)). Pursuant to 18 U.S.C. § 3142(e), detention of a defendant is appropriate if "the judicial officer finds that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." After consideration of the factors set forth in 18 U.S.C. § 3142(g), it is clear to this Court that there are conditions or a combination of conditions that this Court could establish which would reasonably assure his appearance and the safety of other persons and the community.

Subsection (g) of 18 U.S.C. § 3142 provides four factors to be taken into account "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include "(1) the nature and circumstances of the offense charged, . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

1. <u>The Nature and Circumstances of the Offense Charged</u>

In addition to a consideration of the nature and circumstances of the offense charged, the consideration of this factor also includes the determination of whether or not the offense is a crime of violence or involves a narcotic drug. As mentioned above, defendant Rogers is charged with providing material support and resources to be used in preparation for the injury or destruction of the Federal Bureau of Investigation's Criminal Justice Information Services Facility. Section 3156(a)(4) of this title provides the relevant definition of "crime of violence." According to that section, a crime of violence means "(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the

offense." Here, the charges against defendant Rogers which include providing material support and resources clearly do not fall within the definition of "crime of violence" as provided by this section. While Magistrate Judge Core made a finding that the offenses with which defendants Coon and Phillips are charged did fall within the section's definition of crime of violence, he made no such finding as to the charges against defendant Rogers. Thus, the nature and circumstances of the offense charged against defendant Rogers weigh in favor of his pre-trial release under specific conditions.

2. <u>The Weight of the Evidence Against the Person</u>

Here, the grand jury determined that there was probable cause that defendant Rogers committed the crime with which he is charged. However, as at least one court of appeals has noted, the weight of the evidence against the person is the least important of the four factors to be considered in the determination of whether a defendant may be released pending trial. See <u>United States v. Motamedi</u>, 767 F.2d 1403 (9th Cir. 1985). Thus, while the weight of the evidence against defendant Rogers has been considered in this Court's determination of his release status, standing alone it does not provide a sufficient basis for his detention.

3. <u>The History and Characteristics of the Person</u>

In considering the history and characteristics of the person, the third factor to be considered in a pre-trial release determination, the Court is directed to consider "(A) the person's character, physical and mental condition, family ties, employment,

financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or a completion of sentence for an offense under Federal, State, or local law." Initially, this Court notes and supports Magistrate Judge Core's finding that defendant Rogers has "substantial community and family ties in [his] respective locale[]." Further, Magistrate Judge Core correctly found that defendant Rogers had no "history of drug or alcohol abuse, [and had no] criminal record." Additionally, Magistrate Judge Core found that defendant Rogers had an opportunity for employment if released and had reasonable financial resources. Also, Probation Officer John Burlas prepared an extensive personal history of defendant Rogers in his pre-trial services report. While the pre-trial services report has previously been ordered sealed, it has been unsealed and reviewed by this Court for purposes of making a ruling on this motion only. In the pre-trial services report, Probation Officer Burlas makes extensive findings as to defendant Rogers' familial connections to community. While Mr. Rogers has been suspended from his position as a fireman for the City of Clarksburg, he appears to be a skilled brick mason and if released will be employed as a full-time bricklayer for a construction company. A review of his financial

5

assets reveals a positive net monthly cash flow. Defendant Rogers is in good health and has no history of mental illness. Similarly, he has no history relating to drug or alcohol abuse and is not viewed by Pre-Trial Services as a risk for nonappearance. Finally, defendant Rogers has no prior criminal record and thus, the crimes with which he is charged were not committed during any period of probation, parole, or other release pending trial. Thus, consideration of the elements set forth in factor three of this subsection weighs heavily in favor of defendant Rogers' release.

4. <u>Nature and Seriousness of the Danger to Any Person or the Community Resulting from the Defendant's Release</u>

In the pre-trial services report prepared by Probation Officer Burlas, the potential for defendant Rogers to pose any serious danger to any individual or the community was assessed. In that pre-trial services report, Probation Officer Burlas notes that while the offense with which Mr. Rogers is charged is a very serious one and one which, if proven, displayed a "total disregard for the concerns and safeties of the citizens of his own community. . . . his role in the offense was that of an intelligence gatherer." It was defendant Rogers' position as a fireman which allowed him to obtain sensitive information. As he has been suspended from his position as a fireman, any access to sensitive information should be eliminated. Thus, any risk of defendant Rogers repeating his behavior is clearly reduced. Further, the pre-trial services report notes that defendant Rogers has no

history of violent behavior. Probation Officer Burlas concludes that pre-trial services received no information which would suggest that defendant Rogers would participate in any kind of criminal activity if released. Thus, consideration of this fourth factor similarly weighs in favor of defendant Rogers' pre-trial release.

After weighing all of the evidence presented in this matter, this Court finds that the defendant has shown by clear and convincing evidence that, if certain conditions are imposed, he is not likely to flee or pose a danger to any person or the community at large. Based upon this finding, it is hereby ORDERED that:

(1) The motion of the defendant James R. Rogers, pursuant to 18 U.S.C. § 3145(b) to revoke the detention order previously entered is GRANTED and the defendant shall be released upon the conditions set forth below, pursuant to 18 U.S.C. § 3142;

(2) The defendant shall execute an agreement to forfeit the following property upon any failure to appear as required: Route 2, Box 196-0, Jane Lew, West Virginia 26378 (Agreement to Forfeit Property, Form AO 100); defendant's release is also contingent upon his agreement to sign a standard bond form (Order Setting Conditions of Release, AO Form 199A), the signing of which will subject the defendant to certain standard and special conditions which are as follows:

(a) The defendant shall maintain or actively seek employment;

(b) The defendant shall limit his travel to the Northern District of West Virginia;

(c) The defendant shall avoid all direct or indirect contact with any and all potential witnesses and co-defendants in this or any related criminal actions;

(d) The defendant shall report on a regular basis to the United States Probation Officer assigned to his case for purpose of pre-trial services;

(e) The defendant shall refrain from possessing a firearm, destructive device, or any other dangerous weapon;

(f) The defendant shall be confined to his home and shall be permitted to leave only for approved absences for employment, religious services, court appearances, and consultation with his counsel or to report as directed by the United States Probation Office. In connection with defendant's home detention, he shall be placed under electronic monitoring and the defendant shall bear the cost of this monitoring.

It should be noted that the defendant may be subject to the provisions of 18 U.S.C. § 4132(h) if he violates any of the conditions of his release. Defendant Rogers is hereby advised that the sanctions and penalties which are available under these circumstances which include revocation of release, an order of detention and prosecution for contempt of court. In addition, defendant Rogers shall be subject to those provisions entitled "advice of penalties and sanctions" of this Court's standard order

setting conditions of release, a copy of which shall be given to defendant Rogers at the time he executes the bond.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the defendant, to counsel of record herein and to the appropriate agencies.

ENTERED: December 20, 1996

*/s/ Frederick P. Stamp, Jr.*
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed on this 8th day of November, 1996, to David A. Godwin, Assistant United States Attorney's Office, Post office Box 750, Clarksburg, West Virginia, 26301-0750:

## MOTION FOR REVOCATION OF DETENTION ORDER PENDING TRIAL

Respectfully Submitted,

*/s/ Rocco E. Mazzei*

Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301
(304) 623-9241

9

FILED

NOV - 8 1996

U.S. DISTRICT COURT
CLARKSBURG, WV

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                      CASE NUMBER 1:96M31
                                         CASE NUMBER 1:96M33-02

JAMES R. ROGERS,
        Defendant.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REVOCATION OF DETENTION ORDER PENDING TRIAL

1.    18 USC § 3145 (b) provides the method for review and appeal from an order denying release.

2.    The District Court's review of a magistrate's detention order is _de novo_. U.S. v. Clark 865 F 2d 1433 (4th Cir. 1989).

3.    18 USC § 3142 (g) specifies the factors, the judicial officer should consider in determining whether there are suitable conditions that will reasonably assure the accused's presence and assure the safety of others.

4.    3142 (f) requires the magistrate to make findings supported by _clear_ and _convincing_ evidence as to a 3142 (c) finding that an accused be detained because there are _no_ conditions, or combination of conditions, that would reasonably assure the safety of any other person and the community.

    5.  3142 (f) fails to provide a standard of proof for a finding of risk of flight. Professor Cleckley in his <u>Handbook On West Virginia Criminal Procedure</u>, Volume one, page I- 114, section e., suggests the "preponderance of evidence" standard be used.

    6.  18 USC § 3145 (b) provides that a review of a detention order "shall be determined promptly".

Respectfully Submitted

*/s/ Rocco E. Mazzei*

Rocco E. Mazzei
Counsel for defendant
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed on this 8th day of November, 1996, to David A. Godwin, Assistant United States Attorney's Office, Post Office Box 750, Clarksburg, West Virginia, 26301-0750:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REVOCATION OF DETENTION ORDER PENDING TRIAL

Respectfully submitted,

Rocco E. Mazzei
Attorney at Law
Suite 318, Goff Building
321 West Main Street
Clarksburg, West Virginia 26301
(304) 623-9241