U.S. DISTRICT COURT
FILED AT WHEELING

JAN -8 1997

NORTHERN DISTR...
OFFICE OF TH...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Criminal Action No. 1:96CR43-01

FLOYD RAYMOND LOOKER,

    Defendant.

## ORDER

On December 13, 1996, came the United States of America by William D. Wilmoth, United States Attorney, and David E. Godwin, Assistant United States Attorney, and the Defendant in person and by Stephen D. Herndon, his counsel, for a hearing on what I had deemed to be the Defendant's Motion for Substitution of Counsel made at arraignment. After determining that the Defendant was able to speak despite the fact that he had refused to take the substitute medication offered to him at the Northern Regional Jail where he is being housed, I proceeded to examine the Defendant to determine the status of his relationship with his current counsel. It was obvious after listening to the Defendant that there was a total breakdown in the communication between the Defendant and his counsel. It was further obvious that the total breakdown in communication was that the Defendant is relying on the legal advice of one Mitchell, who apparently is not a lawyer, from the state of Arizona, for his legal advice and ignoring what his court-appointed counsel is saying. One example: the Defendant filed a plea in abatement. Pleas in abatement have been abolished for more than 50 years in federal criminal proceedings. Defense counsel would not file that motion because he believes he has an obligation not to

file motions without legal basis. Defendant asked at the hearing whether the law in the federal courts in West Virginia was different from that of Arizona, suggesting that this plea in abatement is appropriate pleading in an Arizona federal criminal proceeding. While the breakdown in communication is not caused by counsel for the Defendant, but rather by the Defendant's relying on the advice of a non-lawyer, the breakdown is total and complete. The motion is timely and I believe it is appropriate to provide new counsel.

The Fourth Circuit standards in determining whether to grant or deny a motion for substitution are the timeliness of the motion, the adequacy of the inquiry into the defendant's complaint and whether the conflict is so great that it resulted in a total lack of communication, preventing an adequate defense. United States v. Mullen, 32 F.3d 891 (4th Cir. 1994). The motion is timely, my inquiry was adequate enough to indicate to me that there is a total lack of communication and no matter how skilled this counsel for the Defendant is, there cannot be an adequate defense because of this total breakdown in communication.

Decision. Therefore, what I deem Defendant's Motion for Substitution for Counsel is GRANTED. Stephen D. Herndon is relieved of his representation of Defendant.

I advised the Defendant that he had the choice of representing himself or having court-appointed counsel. If he represented himself, he would be entitled to stand-by counsel. However, if he represents himself he is not entitled to a hybrid representation in

which both he and the stand-by counsel participate in the case. He must choose one way or the other, either to represent himself or have counsel represent him. The Defendant represent asked for new counsel to confer with before he made that decision. The request is granted. ORDERED that William Cipriani be appointed to represent the Defendant.

ORDERED that a hearing be set the **13th day of January, 1997, at 3:00 p.m.**, at which time the Defendant shall advise me whether he intends to proceed *pro se* with Mr. Cipriani as stand-by counsel, or whether he intends to have Mr. Cipriani represent him.

The Clerk of the Court is directed to mail a copy of this order to counsel of record.

ENTERED: January 7, 1997

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE