IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JAMES R. ROGERS,
    Defendant.

CRIMINAL ACTION
NO. 1:96CR43-01

## AMENDED AND SUPPLEMENTAL MOTION TO SUPPRESS PHYSICAL EVIDENCE

AND NOW, comes the Defendant, JAMES R. ROGERS, by his attorney, GARY B. ZIMMERMAN, and amends and supplements his Motion to Suppress Physical Evidence.

1. The search warrant issued for the search of the defendant's home states with particularity that the purpose of the search was to locate:

    a. A 35 mm. camera; and

    b. Thirty-five (35) color photos of the F.B.I. C.S.I. building.

2. A catch-all sentence is added to the warrant authorizing the search for property that constitutes evidence of a crime.

3. The affidavit in support of the search warrant was signed under oath by J. C. Raffety, Special Agent F.B.I.

4. The affidavit strongly implies that Rogers took the photographs in question with his camera.



5. The affidavit states that in Raffety's investigative experience, people normally maintain property such as cameras and photographs within their personal effects in their residence.

6. It is clear that this affidavit and the request to search for the camera strongly implies that the defendant took the photographs and kept that camera at home.

7. On March 7, 1996, a video and audio tape was made of a meeting between Mr. Looker, Mr. Richards and the defendant.

8. During this meeting and recorded on the video tape, the defendant, in response to numerous inquiries by the cooperating witness (Richards) about the origin of the photographs, says, "That he did not take them; that he obtained them from a drawer in the Clarksburg Firehouse; that they had been previously taken by other members of the fire department; that they were taken sometime in the past and were taken because of the fire department and its business; and that the photos were not taken at the defendant's request."

9. Agent Raffety was aware of this information on October 9, 1996, when he prepared the affidavit.

10. Agent Raffety's failure to include the information as set forth in Paragraph 8 above, was a deliberate falsehood or a reckless disregard for the truth which misled the Magistrate, who issued the warrant.

11. The defendant asserts that the affiant's omission of the source of the photographs in question is a violation of his rights as guaranteed by the Fourth Amendment to the United States

Constitution as per *Franks v. Delaware*, 438 U.S. 154 (1978) and its progeny.

The law is clear that a material omission in an affidavit for a search warrant has the same force and effect as a false or reckless statement and is a *Franks* violation. *United States v. Frost*, F.2d 737 (3d Cir. 1993); *United States v. Calisto*, 838 F.2d 711, 714-716, (3d Cir. 1988); *United States v. Runmey*, 867 F.2d 714, 720 (1st Cir. 1989 ("material omissions may also be the basis of a *Frank* hearing"), cert. denied, 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989); *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984) ("we acknowledge that the rationale of *Franks* applies to omissions..."), cert. denied, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985

The defendant submits that the criteria established in *Franks* is met in this case. First, the omission of the information that the defendant did not take the photographs with a camera, but obtained them from a group of previously taken photos stored in the firehall, was intentionally not included in the affidavit. There can be no question the affiant was aware of this information and it is equally clear the intent was to search the defendant's home for a camera. Therefore, the only conclusion is that the affiant deliberately omitted this information from the affidavit. Second, the omitted information was material. If the magistrate was aware of this uncontradicted information there can be no doubt whatsoever that probable cause to search the house did not exist.

WHEREFORE, Defendant requests a hearing on this motion and; thereafter, an order suppressing any and all evidence seized from the defendant's residence on October 11, 1996.

Respectfully submitted,

Dated: 4-9-97

GARY B. ZIMMERMAN
Attorney for James R. Rogers
PA I.D. No. 10080
Suite 304
100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 1:96CR43-01 |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ROGERS, | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

On this 9TH day of April, 1997, I hereby certify that a true and correct copy of the foregoing AMENDED AND SUPPLEMENTAL MOTION TO SUPPRESS PHYSICAL EVIDENCE was served by regular first class, United States mail, upon the following counsel of record:

David E. Godwin                    (Via Fax at (304) 234-0110)
Assistant U. S. Attorney
United States Attorney's Office
Federal Post Office Building
Post Office Box 750
Clarksburg, WV 26301

James Seibert                      (Via Fax at (304) 233-2185)
United States Magistrate

William Cipriani, Esquire
634 Charles Street
Wellsburg, WV 26070

Mr. Floyd R. Looker
Northern Regional Jail
R.D. #2, Box 1
Moundsville, WV 26041

_____
GARY B. ZIMMERMAN