**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

U.S. DISTRICT COURT
FILED AT WHEELING, WV
APR 23 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,
            PLAINTIFF,

v.                                                    CRIMINAL NO.  1:96CR43-02

JAMES R. ROGERS, a/k/a Rich,
            DEFENDANT.


**SUPPLEMENTAL RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**


Comes now the United States of America and William D. Wilmoth, United States Attorney

for the Northern District of West Virginia, by David E. Godwin, First Assistant United States

Attorney, and supplements its earlier filed response to defendant's motion by stating:

1) In the defendant's supplemental motion he complains that the affiant for the search warrant

for his house issued on October 9, 1996, by Magistrate Judge Core failed to inform Magistrate Judge

Core that the defendant had claimed in a taped meeting on March 7, 1996, that he had obtained the

photographs at the fire station.  He asserts that this omission "was a deliberate falsehood or a reckless

disregard for the truth which misled the Magistrate."

2) At the suppression hearing in this case on April 14, 1996, the Court inquired as to the

application of the case of United States v. Colkley, 899 F.2d 297 (4th Cir. 1990).  Having reviewed

the Colkley case, the United States asserts that the opinion supports the United States' position that

the defendant's motion is without merit.



3)  It is  important to look at the affidavit to determine what factual basis was given for the affiant's belief that there existed another set of photographs to be recovered.  The materials provided by the defendant to the F.B.I.'s cooperative witness included the packaging from the photographic processor and the negatives.  The negatives had a number on them.  On pages 4 and 5 of the affidavit, the affiant described these facts and the investigation the agents had done to follow-up on this information.  In the affidavit the affiant explained that the records of the Rite Aid Pharmacy at the Rosebud Plaza indicated that an individual named "Rogers" may have had 2 sets of the photographs processed during the week of  February 10 - 16, 1996.

4)  As the defendant suggests in the supplemental motion it is reasonable to believe that the affiant deliberately or intentionally did not inform the Magistrate Judge of the defendant's claim to have found the photographs at the fire station.  It does not follow however that the affiant therefore intended to mislead the Magistrate Judge or that the affiant omitted a material fact.

5)  The Fourth Circuit stated in Colkley  at page 301 that "Franks protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate."   The defendant in this case has not made any showing that the affiant intended to mislead the issuing magistrate judge.  To the contrary, taking the record as a whole, it is clear that the photographic processor's packaging, the number on the negatives, and the pharmacy's log showing the obtaining of duplicates by "Rogers" during the relevant time period were all circumstantial facts which tended to show that the photographs delivered to the cooperative witness did not come from the fire station as the defendant had claimed on March 7, 1996.  Instead of misleading the issuing judicial officer, the affiant was providing the best and most specific information he had regarding to the source of the photographs.

6)  The Fourth Circuit also stated on page 301 of the Colkley opinion that:

"While omissions may not be per se immune from inquiry, [citations omitted], the affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory.  This latter situation potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to the defendant's benefit.  The potential for endless rounds of Franks hearings to contest facially sufficient warrants is readily apparent. "

7)  The omission of the defendant's statements to the cooperative witness on March 7, 1996, were not "material" as that term is described in the following passage which also appears on page 301 of the Colkley opinion:

"However, to be material under Franks, an omission must do more than potentially affect the probable cause determination: it must be 'necessary to the finding of probable cause.' [citation omitted]. For an omission to serve as  the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause for arrest. [citation omitted]. Omitted information that is potentially relevant but not dispositive is not enough to warrant a Franks hearing. [citation omitted]."

The omission from the affidavit in this case clearly was not "material." The omission of the defendant's statements of March 7, 1996, would not be material to probable cause even if his statements were true.  He claimed to have obtained already existing photographs at the fire station. The evidence from the Rite Aid Pharmacy records gave the officer probable cause to believe that the objects handed over to the cooperative witness came from that pharmacy's photographic processing service.  Whether the defendant had photographed the blueprint documents themselves or had photographed already existing photographs is immaterial to the officer's probable cause to believe that the defendant had taken  and processed the photographs he delivered to the cooperative witness on February 18, 1996.  The number on the photographic negatives and the commercial packaging were enough to establish probable cause to believe that the defendant had obtained two copies of the photographs within the week preceding his delivery of them to the cooperative witness.

Wherefore, the United States requests the Court to deny the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAM D. WILMOTH
UNITED STATES ATTORNEY

By: _David E. Godwin_
David E. Godwin
First Assistant United States Attorney


CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing SUPPLEMENTAL RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE was served upon the defendant by placing a copy thereof in the United States Mail, postage prepaid, addressed to:

1) Floyd Raymond Looker, Jr., defendant *pro se*, Northern Regional Jail, RD # 2, Box 1, Moundsville, WV  26041

2) William Cipriani, standby counsel for Floyd Raymond Looker, 634 Charles Street, Wellsburg,     WV 26070

3) Gary B. Zimmerman, counsel for James R. Rogers, Suite 304, 100 Ross Street, Pittsburgh, PA 15219


Dated this 22nd day of April, 1997.

_David E. Godwin_
David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV   26302-0750