U.S. DISTRICT COURT
FILED AT WHEELING, WV
MAY -1 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 1:96CR43-01 |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ROGERS, | : | |
| Defendant. | : | |

### DEFENDANT'S SUPPLEMENTAL BRIEF
### IN SUPPORT OF HIS MOTION TO SUPPRESS

AND NOW, comes the defendant, JAMES R. ROGERS, by his attorney, GARY B. ZIMMERMAN, Esquire, and files the following Supplemental Brief in Support of his Motion to Suppress the items seized from his home pursuant to a search warrant.

1.  The defendant alleged in his original motion that Agent Raffety failed to include important and pertinent information in the affidavit for the search warrant. Further, that this information, if included, would vitiate probable cause for the search of the defendant's residence.

2.  At the scheduled motions hearing on April 14, 1997, the Court directed counsel to the case of *United States v. Colkley*, 899 F.2d 297 (4th Cir. 1990). The Court requested that counsel address the holding in this case concerning omissions from affidavits for search warrants where the omission was material and misleading as to probable cause and how that holding interacts with *Franks v. Delaware*, 438 U.S. 154 (1978).

1



3. The defendant submits that in view of all of the allegations and facts before the court as well as the applicable law of the United States and the Fourth Circuit, he is entitled to a hearing pursuant to *Franks* and; thereafter, an order suppressing the evidence seized from his residence.

## Discussion

The Court in *Colkley* held that omissions are subject to inquiry in a *Franks* challenge. However, the court must be cautious where omissions are alleged, as *Franks* requires that the defendant allege more than an "intentional" omission. He must show that the omission is the product of a deliberate falsehood or a reckless disregard for the truth and that the omitted material, if added, would defeat probable cause.

In this case, the defendant has satisfied both prongs of the *Franks* and *Colkley* test.

>    1. *The* affidavit contains <u>no facts</u> that would convince the magistrate that the photographs or the camera in question were presently in the defendant's home.
>
>    2. The agent rendered his opinion on page 6 of the affidavit that:
>
>        . . .It is also affiant's investigative experience that people normally maintain property such as cameras and photographs with their personal effect in their residence.
>
>    3. There is no other sentence, phrase or word in the affidavit which would provide even the slightest nexus of probable cause to search the defendant's residence.

2

4.  The evidence omitted from the affidavit were multiple statements made by the defendant that he did not take the photographs in question and that he obtained them from a set of photographs previously taken which were stored at the firehouse. When the defendant made these statements, he was unaware that his statements were being recorded. Therefore, he had no reason for deception.

Agent Raffety intentionally decided that the defendant's statements were of no value to the magistrate, but that his unsupported opinion should carry the day.

Agent Raffety usurped the power of the court by intentionally omitting this crucial information.

The defendant submits that he has met the tests of *Franks*. This case in its facts and circumstances is clearly distinguishable from *Colkley*.

WHEREFORE, the Defendant requests that the Court either set a hearing in conformity with *Franks v. Delaware*, or issue an order suppressing the evidence seized pursuant to the warrant in question.

Respectfully submitted,

Dated: 4-30-97

GARY B. ZIMMERMAN
Attorney for James R. Rogers
PA I.D. No. 10080
Suite 304
100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133

3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 1:96CR43-01 |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ROGERS, | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

On this __30th__ day of April, 1997, I hereby certify that a true and correct copy of the foregoing DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO SUPPRESS was served by regular first class, United States mail, upon the following counsel of record:

David E. Goodwin
Assistant U. S. Attorney
United States Attorney's Office
Federal Post Office Building
Post Office Box 750
Clarksburg, WV 26301

William Cipriani, Esquire
634 Charles Street
Wellsburg, WV 26070

*/s/ Gary B. Zimmerman*
GARY B. ZIMMERMAN