U.S. DISTRICT COURT
FILED AT WHEELING, WV

MAY -1 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 1:96CR43-01 |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ROGERS, | : | |
| Defendant. | : | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### HIS MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

AND NOW, comes the defendant, JAMES R. ROGERS, by his attorney, GARY B. ZIMMERMAN, Esquire, and files the following Memorandum in support of his Motion for Severance:

1. The Government began an investigation of the Mountaineer Militia and Raymond Looker, a co-defendant herein, on or about June of 1995 and continued said investigation until October of 1996.

2. That investigation included intercepting approximately ninety-two (92) conversations to which Mr. Looker participated. (This only represents the conversations applicable to the instant indictment. There are hundreds more which involve three (3) other indictments wherein Mr. Looker is a defendant)

3. During these conversations, Mr. Looker makes numerous statements which are incriminating to him, however, none of these statements are incriminating to the defendant, Mr. Rogers.

4. Some of these statements have to do with destroying the FBI facility in Clarksburg, West Virginia. One of them clearly



states the terrorists to whom certain materials were being sold were more capable of destroying the building and doing it sooner than Mr. Looker.

5. There are so many statements of this nature made by Mr. Looker and the spill-over effect is so great that Mr. Rogers will not be able to obtain a fair trial.

6. Defendant asserts that limiting instructions to the jury will not erase the prejudice to Mr. Rogers that is created by Mr. Looker's statements.

7. The defendant intends to introduce evidence against Mr. Looker which would be 404(b) evidence. This evidence is that which is the subject matter of three (3) other Looker indictments and his co-defendants. This evidence is essential to Mr. Rogers' defense as he intends to prove that he did not agree with or Mr. Looker or anyone else to damage the FBI center in Clarksburg.

8. If the 404(b) material is introduced, Mr. Looker will be denied due process. However, if the admissible evidence is denied, Mr. Rogers will be denied due process.

9. The Government in its zeal to try the defendants together envisions a trial in which the actions and statements of Raymond Looker become indistinguishable from the actions of James Rogers. The Government is in fact delighted anytime when the defendant's in a joint trial have inconsistent or antagonizing defenses. In this case, they can not possibly introduce the facts supporting the other indictment into evidence against Mr. Looker. It is clear that to do so would be unfair, but they

urge the Court to deny severance so they can benefit from the introduction of the otherwise inadmissible evidence about Looker by Rogers.

10. The defendant submits that he would be prejudiced by a joint trial with Mr. Looker and that the prejudice as set forth meets the standards set forth in *Zafiro v. United States*, 506 U.S. 534 (1993).

WHEREFORE, Defendant requests that his Motion for Severance be granted.

Respectfully submitted,

Dated: 4-30-97

GARY B. ZIMMERMAN
Attorney for James R. Rogers
PA I.D. No. 10080
Suite 304
100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133

3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 1:96CR43-01 |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ROGERS, | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

On this __30th__ day of April, 1997, I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RELIEF FROM PREJUDICIAL JOINDER** was served by regular first class, United States mail, upon the following counsel of record:

David E. Goodwin
Assistant U. S. Attorney
United States Attorney's Office
Federal Post Office Building
Post Office Box 750
Clarksburg, WV 26301

William Cipriani, Esquire
634 Charles Street
Wellsburg, WV 26070

_____
GARY B. ZIMMERMAN