IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>           Plaintiff | )<br>)<br>) |
| vs. | )   CIVIL ACTION No. 1:96CR 43-02<br>)<br>) |
| JAMES R. ROGERS<br>           Defendant | )<br>)<br>)<br>) |

U.S. DISTRICT COURT
FILED AT WHEELING, WV
MAY 27 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

### DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION FOR DISPOSITION OF PRE TRIAL MOTIONS

And now comes the defendant James Richard Rogers by his attorney, Gary B. Zimmerman, and files the following objections to the magistrates recommendation for the disposition of pre-trial motions filed in this case.

1. The magistrate has recommended that the defendant's motion to dismiss the indictment be dismissed. The defendant asserts that 18 U.S.C. 2339A is so vague and overbroad in its definition of "other physical assets" that a prosecution based on an item alleged to fall into that category cannot be supported because that overbroad and vague term denies the defendant due process of law.

The magistrate in his recommendation failed to consider the basic meaning and definition of 18 U.S.C. 2339A. The statute is

103

titled " Providing material support to terrorists". The defendant submits that the word material is the key to the interpretation of this statute. In fact, the definition section of the statute sets forth what in fact consists of material support or resources.

The magistrate has accepted the government's argument that providing anything what-so-ever to another knowing they will use it to damage property of the government is the crime this statute is designed to punish. The defendant disagrees with this rationale. The clear meaning of the statute as read by a reasonable person concludes that a defendant must provide something that is material to the success of the endeavor by the recipient. Webster's dictionary describes material as 1. Physical matter 2. Of solid or weighty character; of consequence; of importance. The photographs in this case like the picture of the Capitol Building from The Washington Post which lists the address of the Capitol Building are in the same category. They represent public documents which can be obtained from public records and do not fit into any of the designated material resources or support as defined by the statute.

The defendant submits that the magistrate failed to properly analyze the statute and failed to apply strict statutory construction as required by the law of the United States to this criminal statute. He disregarded the meaning of the word material and decided that any physical item fits this description of "other physical asset".

The defendant has previously submitted a brief with his

motion. He supplemented his brief at oral argument before the magistrate and stands on his position that this statute as applied to the facts of this case denies the defendant due process of law. There is no authority that permits the court to rewrite this statute to eliminate its congressional intent which is to punish someone who provides **material** support or resources to terrorists.

The defendant requests that the court review the motions and briefs submitted by the parties as well as the transcript of the oral argument and schedule a hearing on this important matter.

2. The defendant moved to suppress items seized from his home pursuant to a search warrant. Three separate issues were raised. First, was the information in the affidavit was insufficient to establish probable cause as it did not set forth the necessary nexus between the actions described in the affidavit and the place to be searched. The affidavit made a guess that a camera would be in the house without establishing any factual basis; second, that the warrant was not executed in good faith; and finaly, that there were intentional material ommisions in the affidavit which would have changed the probable cause outcome. The magistrate recommends that the defendant's motions be denied as probable cause is established by the affidavit and that a hearing pursuant to *Frank v Delaware* be denied.

The defendant submits that he has made a showing that there has been an intentional omission and that if that ommitted

information had been included that probable cause would have been defeated. *United States v Colkley* 899 F2d 297 (4th Cir 1990).

The defendant submits that the magistrates recommendations are in error and requests the court to review the previously filed motions and briefs and schedule further hearings on this motion to suppress.

Wherefore the defendant requests this honorable court to review the magistrates reccommendation, schedule additional hearings, and to issue an order deciding this pre-trial motion in favor of him.

Respectfully submitted

*[signature: Gary B Zimmerman]*

Gary B. Zimmerman
Attorney for Claimant
Suite 304
100 Ross St
Pittsburgh, PA 15219
(412) 566-2133
PA ID# 10080

## CERTIFICATE OF SERVICE

Service of the foregoing Motion was had upon the following by mailing a true copy, by United States mail, postage prepaid, this 27th day of May, 1997.

By: *Gary B Zimmerman*
Gary B. Zimmerman
Counsel for Defendant

David Godwin
First Assistand U.S. Atty.
P.O. Box 750
Clarksburg, WV 26303-0750
Counsel for the Government

William Cipriani
CIPRIANI & PAULL, L.C.
634 Charles Street
Wellsburg, WV 26070
Counsel for Floyd Raymond Looker

# Gary B. Zimmerman

ATTORNEY AT LAW

SUITE 304
100 ROSS STREET
PITTSBURGH, PA 15219
(412) 566-2133

Clerk of Courts
United States District Court
Northern District of West Virginia
PO Box 471
Wheeling WV, 26003

U.S. DISTRICT COURT
RECEIVED AT WHEELING, WV

**MAY 29 1997**

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

In Re:   United States       Civil Action No. 1:96CR
              v
         Rogers

Dear Clerk,

    This motion was originally filed by a fax transmission that included an incorrect Certificate of Service. PLease find enclosed the corrected Certificate of Service for Civil Action No. 1:96CR.

                                            Sincerely,

                                          Gary B. Zimmerman

CERTIFICATE OF SERVICE

Service of the foregoing Motion was had upon the following by mailing a true copy, by United States mail, postage prepaid, this 27th day of May, 1997, to:

David E. Goodwin
Assistant U.S. Attorney
United States Attorney's Office
Federal Post Office Building
Post Office Box 750
Clarksburg, WV 26301

By: *Gary B. Zimmerman /AK*

Gary B. Zimmerman
Counsel for defendant