IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
PLAINTIFF,

v. ::                CRIMINAL NO.  5:96CR40
                                                   1:96CR41
FLOYD RAYMOND LOOKER, et. al.             1:96CR42
DEFENDANTS.                                 1:96CR43-02

UNITED STATES' MOTION TO PREVENT FURTHER
PUBLIC DISCLOSURE OF DISCOVERY
MATERIAL BY THE COURT'S CLERK

Comes now the United States of America and William D. Wilmoth, United States Attorney for the Northern District of West Virginia, by David E. Godwin, First Assistant United States Attorney, and moves the Court to enter an order directing the Clerk to deliver all discovery material heretofore delivered to the Court for the Court's reference to the Judge's staff and to terminate permitting public access to the same. In support of this motion, the United States sets forth the following:

1) At the direction of the Magistrate Judge, the United States Attorney's office delivered the F.B.I. rough transcripts of various tape recordings to the Clerk so that the transcripts would be available to the Magistrate Judge for his review in considering pretrial motions.

2) Upon the physical delivery of the transcripts the Clerk inquired as to whether the transcripts were being filed or provided as discovery to which the response was made that they were discovery materials being provided to the Clerk as orally directed by the Magistrate Judge.

3) During the course of the pretrial motions hearings in these cases, the United States agreed

to make early disclosure of the F.B.I. documentation of the investigations. These documents are Jencks material for the agents who prepared them and also contain the substance of reports given to the agents by the cooperating witness in this case. A copy of the cover letter and the F.B.I. documents were sent to the Court's Clerk. These documents were intended only as a reference copy for the Court and were not intended to be filed as public documents.

4) Public disclosure is inappropriate at the present time for the reason that such will jeopardize the parties' and the Court's interest in conducting a fair trial of these cases. These documents are the record of the F.B.I.'s investigation of these matters and as such contain information that should not be disclosed. Some of the information should not and will not be adduced as evidence in the trial of the case. An excellent example is the disclosure last Friday, June 13, by the press that the militia had plotted the assassinations of Senator Jay Rockefeller and Federal Reserve Chairman Greenspan. This news report is apparently based upon the F.B.I. documentation in that within the discovery material there is a report of a discussion by various persons regarding this subject. The reported discussion occured on September 23, 1995. It was dealt with then and determined not to be a legitimate threat.

5) The public is not entitled to obtain copies of the discovery materials or Jencks Act material in a criminal matter and the United States did not intend to make a public disclosure of these materials. The materials were erroneously sent to the Clerk in the mistaken belief that the Clerk would treat them as the Court's copy of discovery materials.

6) Each of these cases are scheduled for a jury trial. The premature disclosure of evidence is not conducive to the selection of an unbiased jury. The disclosure of information that is not expected to be adduced in the trial but which may have the effect of prejudicing the jury panel against one or both of the parties is also not conducive to the selection of an unbiased jury..

7) The attorneys listed below for Floyd Raymond Looker, Imam A. Lewis, James R. Rogers, and Terrell P. Coon have been orally consulted regarding this motion and each have indicated that he agrees that the Court should prevent further public access to discovery materials as requested herein.

Wherefore the United States moves the Court to enter an order directing the clerk to deliver all discovery material heretofore delivered to the Court for the Court's reference to the Judge's staff and to terminate permitting public access to the same.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAM D. WILMOTH
UNITED STATES ATTORNEY

By: *[signature]*
David E. Godwin
First Assistant United States Attorney

CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing UNITED STATES' MOTION TO PREVENT FURTHER PUBLIC DISCLOSURE OF DISCOVERY MATERIAL BY THE COURT'S CLERK was served upon the defendants by placing a copy thereof in the United States Mail, postage prepaid, addressed to:

William Cipriani, counsel for Floyd Raymond Looker, 634 Charles Street, Wellsburg, WV 26070

Jolyon W. McCamic, counsel for Imam A. Lewis, Post Office Box 151, Wheeling, WV 26003

John J. Pizzuti, counsel for James M. Johnson, 30 - 12th Street, Wheeling, WV 26003

Gary B. Zimmerman, counsel for James R. Rogers, Suite 304, 100 Ross Street, Pittsburgh, PA 15219

John W. Cooper, counsel for Edward F. Moore, Post Office Box 365, Parsons, WV 26287

Jerald E. Jones, counsel for Jack Arland Phillips, Post Office Box 2348, Clarksburg, WV 26302-2348

Vincent Murovich, counsel for Terrell P. Coon, 1653 McFarland Road, Pittsburgh, PA 15216-1810

Dated this 18th day of June, 1997.

*[signature]*
David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV 26302-0750