IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUN 1 9 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Criminal Action No. 1:96CR43-01

FLOYD RAYMOND LOOKER,

    Defendant.

## RECOMMENDATION

On May 8, 1997, came the United States of America by David E. Godwin, Assistant United States Attorney, and the Defendant, Floyd Raymond Looker, in person and by William Cipriani, his counsel, for a hearing on pretrial motions.

### I. Introduction

A. <u>Background</u>. Defendant Looker is one of two defendants in a three-count indictment relating to providing material support for committing injury to government property. Defendant Looker is charged in Counts One and Three.

B. <u>The Motions</u>.

    1. <u>Motion to Suppress</u>. (Docket #71-1)

    2. <u>Motion to Dismiss</u>. (Docket #89-1)

C. <u>Recommendation</u>. I recommend the motion to suppress and the motion to dismiss, both alleging outrageous government conduct, be denied because the Defendant cannot provide a sufficient factual basis to entitle him to an evidentiary hearing, let alone sustain his burden.

### II. Motion to Suppress and Motion to Dismiss



A.  <u>Contentions of the Parties</u>.  Defendant contends that the conduct of government confidential witness (CW) Richards created the crime and but for the actions of Richards, no crime would have occurred.  Defendant further contends that such action is so outrageous that it shocks the conscience and requires suppression of the evidence and dismissal of the indictment.

On the other hand, the government contends that CW Richards did no such thing and that the crime was committed by Defendant.  The government further contends that not only was there no outrageous conduct, there was not even any conduct that would entitle the Defendant to an entrapment instruction.

B.  <u>The Standards</u>.  The possibility of dismissal of an indictment for outrageous government conduct was first recognized as a possibility in <u>United States v. Russell</u>, 411 U.S. 423 (1973).  Courts must be closed to the trial of a crime instigated by the government's own agents.  <u>Sorrells v. United States</u>, 287 U.S. 435 (1932).  The distinction between outrageous government conduct and the defense of entrapment is that entrapment looks at the state of mind of the defendant to determine whether he or she is predisposed to commit a crime, while outrageous conduct looks at the behavior of the government.  <u>United States v. Lacey</u>, 86 F.3d 956 (10th Cir. 1996).  The test for granting an evidentiary hearing in a criminal case is whether or not the defendant made a sufficient threshold showing that the material facts were in doubt of dispute.  <u>United States v. Panitz</u>, 907 F.2d 1267 (1st Cir. 1990).

C.  <u>Discussion</u>.  At the motion hearing the Defendant cited the following portions of transcribed recordings made by the confidential witness without the knowledge of Defendant Looker as providing evidence of the government's outrageous conduct.

1.  Recording date: October 28, 1995, pages 3-4. Confidential witness suggests fragmentation be added to bombs.

2.  December 22, 1995, pages 10-11.  Confidential witness suggests fragmentation be added to bombs and explosives more as available.

3.  September 13, 1995, pages 5, 8 and 9. Confidential witness suggests getting together with explosives manufacturer in Cleveland and that potential buyer is interested in certain kinds of explosives.

4.  September 14, 1995, pages 6-7.  Confidential witness suggests timing devices and who can make them.

5.  December 16, 1995, pages 9 and 15.  Buyer wants to get together with explosives sellers and confidential witness suggest Coon can be used for security.

6.  February 7, 1996, page 8.  Confidential witness has to expedite obtaining the FBI Center plans.

7.  April 17, 1996, pages 8-16, pages 37-38. Confidential witness is not happy because Defendant Looker is not moving fast enough.

3

8. May 30, 1996, page 19. Confidential witness complains to Rogers about Defendant Looker's handling of things.

9. August 25, 1996, pages 13-15. Confidential witness complains to Moore about how Defendant Looker is handling things.

10. Preliminary hearing transcript, pages 20, 23, 33 and 35. It is Special Agent Rafferty who tells confidential witness what to do and directs the whole operation.

In addition Defendant supplemented this presentation with further written material in Docket #93.

Counsel for the Defendant has accurately portrayed and represented what the specific pages of the specific transcripts state. However, in reviewing each of those transcripts for the specific date involved in their entirety, it is not the government agent who creates the crime and it is not the government agent who is obviously giving the orders and in control of the operation. An examination of those transcripts demonstrates that it was Defendant Looker who remained in control and in charge of the entire operation.

Defendant Looker has not made a threshold showing that entitles him to an evidentiary hearing on this matter. The evidence simply doesn't exist.

D. <u>Recommendation</u>.  For the foregoing reasons, I recommend the motion to suppress the transcripts and the motion to dismiss for outrageous conduct be denied without an evidentiary hearing.

The Clerk of the Court is directed to mail a copy of this Recommendation to counsel of record.

ENTERED: June __19__, 1997

                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE