IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

```
U.S. DISTRICT COURT
FILED AT WHEELING, W

JUN 20 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Criminal Action Nos. 1:96CR43-01-02
                                                        (STAMP)

FLOYD RAYMOND LOOKER a/k/a RAY
and JAMES B. ROGERS a/k/a RICH,

    Defendants.

## ORDER GRANTING UNITED STATES' MOTION TO
## PREVENT FURTHER PUBLIC DISCLOSURE OF DISCOVERY MATERIALS

On June 18, 1997, the Government filed a motion in this case requesting that this Court prevent further public disclosure of certain pre-trial discovery materials inadvertently filed and made a part of the court record. In the motion, the Government states that it delivered "FBI rough transcripts of various tape recordings" to the Clerk of this Court at the direction of the magistrate judge for his review in relation to pre-trial motions.[4] However, the Government states that it did not intend for this information to become part of the public record in this case and intended only that the materials be for reference by the Court. The Government further suggests that the continued disclosure of these materials may affect the ability of the parties to select an unbiased jury in the upcoming trials in this case and other related cases. The motion further indicates that counsel for the defendant

---

[4] For administrative purposes, these collective discovery materials were docketed by the Clerk of Court as "Document #98."



Looker agrees that the Court should prevent further public access to the above-mentioned discovery materials.

In this judicial division, criminal pre-trial discovery materials are, generally, not filed with the Court. LR Cr P 4 does not require the filing of discovery materials. Rather, the discovery, after being provided to a defendant, is often provided to the Court for such review as may be necessary to resolve discovery disputes and pre-trial motions and becomes part of the Court record only after it is admitted as evidence during trial or other court proceedings. The public does not normally have access to pre-trial discovery materials in criminal cases by way of the Court record in this judicial division. The subject discovery materials have neither been offered nor admitted into evidence at this time. Additionally, other courts have held that the public does not have a constitutional right to view pre-trial discovery materials and that access to such material may be restricted from the public. See In re Gannett News Serv., Inc., 772 F.2d 113, 116 (5th Cir. 1985). "[T]o the extent that courthouse records could serve as a source of public information, access to that source is customarily subject to the control of the trial court." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 n.19 (1984).

Magistrate Judge James E. Seibert directed the Government to provide the discovery materials for his review in deciding a pending pre-trial motion and did not direct the Government to file such discovery. However, the discovery inadvertently became part of the court record. This Court finds that it is in the interest of

justice and will not be unfairly prejudicial to the public's right of access to grant the Government's motion and to withdraw from the court file those above-mentioned discovery materials produced by the Government in response to Magistrate Judge Seibert's request. This Court further finds that continued access to these pre-trial discovery materials through the Court record could possibly impinge upon the defendants' right to a fair trial. This order shall not prohibit any person from using information already obtained from these discovery materials while they were part of the court record, keeping in mind the obligation of this Court and counsel to see that any such use does not cause a substantial likelihood of materially prejudicing any adjudicative proceeding in this case. Further, this order does not prevent dissemination of the information contained in these discovery materials if the information is properly obtained from another source. Rather, this order simply eliminates the Court record as a public source of these discovery materials. Accordingly, it is ORDERED that the motion is GRANTED and the Clerk is DIRECTED to withdraw Document #98 from the court record.

The Clerk is directed to transmit copies of this order to the defendant and to counsel of record herein.

ENTERED: June 20, 1997

FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE