IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV
JUL 15 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v. Criminal Action Nos. 1:96CR43-01-02
(STAMP)

FLOYD RAYMOND LOOKER a/k/a RAY
and JAMES B. ROGERS a/k/a RICH,

Defendants.

**ORDER ACCEPTING AND AFFIRMING PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS FOR DISPOSITION OF MAGISTRATE JUDGE**

On March 3, 1997, defendant Floyd Raymond Looker filed a motion to dismiss the indictment in this matter in which he claimed that 18 U.S.C. § 2339A, the statute under which he is charged is void for its vagueness and therefore unconstitutional. On February 27, 1997, defendant James R. Rogers filed a similar motion to dismiss. Additionally, on that date, defendant Rogers filed a motion to suppress physical evidence. Finally, on April 10, 1997, defendant Rogers filed a supplemental motion to suppress.[1] On April 1, 1997, the Government responded to the pre-trial motions of

[1] In his first motion to suppress, filed on February 27, 1997, defendant Rogers moves to suppress the search of the firehouse as well as the search of his residence. The supplemental motion to suppress deals only with the search of his residence. Similarly, defendant Rogers' objections to the magistrate judge's recommendations on the motions to suppress deal only with the search of defendant Rogers' residence. Because Magistrate Judge Seibert has addressed the motions to suppress in terms of the location being searched and not in terms of the individual motions, for purposes of clarity, this Court will do the same.



defendant Rogers.[2] These motions were referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). On May 14, 1997, the magistrate judge entered an order in which he recommended that defendant Looker's motion to dismiss be denied. On that date, the magistrate judge also entered an order in which he recommended denying defendant Rogers' motion to suppress, his supplemental motion to suppress and his motion to dismiss.

According to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, those portions of the magistrate judge's ruling to which no objection is made may be overruled by this Court only if the recommendation of the magistrate judge is clearly erroneous. On May 27, 1997, defendant Looker filed an objection to the magistrate judge's recommendation on his motion to dismiss. On that date, defendant Rogers also filed objections to the magistrate judge's recommendation on his motion to dismiss as well as on his motion to

---

[2] On May 2, 1997, the Government responded to various pre-trial motions of defendant Looker. While this response did not contain a response to defendant Looker's motion to dismiss the indictment on the basis that 18 U.S.C. § 2339A is unconstitutionally vague, the substance of defendant Looker's argument on this issue is similar to the argument made on that same issue by defendant Rogers. Thus, this Court will consider the Government's response to defendant Rogers' motion to dismiss for reasons of unconstitutional vagueness as a response to defendant Looker's argument on this issue as well.

suppress and his supplemental motion to suppress to the extent that these motions addressed the search of his residence. No objection was made to that portion of the magistrate judge's recommendation which addressed the search of the firehouse.

Magistrate Judge Seibert recommended that defendant Rogers' motion to suppress the Government search of the firehouse at which he was employed be denied. Defendant Rogers has not objected to that recommendation. Thus, because defendant Rogers has not objected to this proposed recommendation for disposition on the motion to suppress the search of the firehouse and because this Court finds that this recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's recommendation.

As noted above, this Court is required to make a de novo review of those portions of the magistrate judge's findings to which the defendant objected. Magistrate Judge Seibert also recommended that the motion to suppress the search of defendant Rogers' residence be denied. Because defendant Rogers has objected to the recommendation on this motion to suppress, this Court has conducted a de novo review of this issue. The defendant raises no new issues in his objection to the magistrate judge's recommendation that the motion to suppress the search of his residence that have not already been addressed by the magistrate judge. In his consideration of the motion to suppress the search of the defendant's residence, Magistrate Judge Seibert considered

the arguments of defendant Rogers under the appropriate standard as set forth in United States v. Colkley, 899 F.2d 297 (4th Cir. 1990). Under Colkley, a defendant must (a) make a substantial preliminary showing of intentional or recklessly false omission and (b) demonstrate that the false omission would have defeated the probable cause necessary for the issuance of the search warrant. Id. Magistrate Judge Seibert has examined the defendant's claims on this issue carefully and has provided a clear explanation for his recommendation that the motion to suppress the residential search be denied. This Court finds that the magistrate judge's ruling was a correct one and thus, after de novo consideration of the defendant's objection and the record relating thereto, Magistrate Judge Seibert's recommendation on the motion to suppress the search of Rogers' residence is AFFIRMED and ADOPTED.

Both defendant Looker and defendant Rogers have objected to Magistrate Judge Seibert's recommendation that their respective motions to dismiss the indictment on the basis of the unconstitutional vagueness of 18 U.S.C. § 2339A be denied. Thus, because the defendants have objected to the magistrate judge's recommendation on this issue, this Court has conducted a de novo review of the motions to dismiss of both defendants.

The United States Supreme Court set forth a helpful summary of the void for vagueness doctrine in Grayned v. City of Rockford, 408 U.S. 104 (1972). In that case, the court noted that "an enactment is void for vagueness if its prohibitions are not clearly defined.

. . . We insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." Id. at 108. This is the same standard that the magistrate judge applied in reaching his recommendation that the defendants' motions to dismiss for unconstitutional vagueness be denied. Specifically, the defendants contend that the catch-all term "other physical assets," which appears after other enumerated items in the definition of "material support or resources," as found in 18 U.S.C. § 2339A, is void for its vagueness. In his recommendation, the magistrate judge determined that, in order for the phrase "other physical assets" to have meaning, it must be read in the context of that portion of the statute which describes the offense of providing material support or resources with the intent that these resources be used to prepare for or assist in the violation of certain enumerated statutory provisions. This Court has reviewed the objections of the defendants on this issue as well as the record relating thereto and notes that the magistrate judge was correct in his recommendation. It is an axiomatic principle of statutory construction that "all parts of the statute must be read together." Alexander S. v. Boyd, 113 F.3d 1373, 1383 (4th Cir. 1997) (quoting United States v. Snider, 502 F.2d 645, 652 (4th Cir. 1974)). "A cardinal rule of statutory construction is that statutes which were originally part of the same [a]ct should be construed together." Id. at 1383-84. Thus, it is appropriate to

read the phrase "other physical assets" in conjunction with the rest of § 2339A. Doing so, this Court finds that the term "other physical assets" when read in conjunction with that part of the statute which prohibits the provision of material support or resources the phrase "other physical assets" is not unconstitutionally vague and does provide a person of average intelligence with sufficient notice of what is considered a prohibited act. Therefore, after de novo consideration of defendants' objections to the magistrate judge's recommendation that their respective motions to dismiss be denied, the magistrate judge's recommendations on the motions to dismiss are AFFIRMED and ADOPTED.

For the reasons stated above, it is ORDERED that defendant Rogers' motion to suppress be DENIED. It is ORDERED that defendant Rogers' supplemental motion to suppress be DENIED. It is further ORDERED that the motions to dismiss for reason of unconstitutional vagueness, filed by defendants Looker and Rogers, be DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the defendants and to counsel of record herein.

ENTERED: July 14, 1997

FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE