IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
PLAINTIFF,

v.       CRIMINAL NO.   5:96CR40
                       1:96CR41
                       1:96CR42
                       1:96CR43

FLOYD RAYMOND LOOKER, a/k/a Ray,
DEFENDANT.

## RESPONSE TO DEFENDANT'S MOTION FOR IDENTIFICATION AND PRODUCTION OF EVIDENCE OF PSYCHIATRIC TREATMENT

Comes now the United States of America and William D. Wilmoth, United States Attorney for the Northern District of West Virginia by David E. Godwin, First Assistant U. S. Attorney and opposes the defendant's motion for the production of evidence related to any psychiatric treatment of the prosecution's witness, O. Marshall Richards. In support of its opposition, the following is set forth:

1) The defendant has failed to cite any specific psychiatric evaluations and/or treatments. The defendant cites a July 29, 1974 memorandum of the United States Navy in which it is requested that Mr. Richards undergo a psychiatric evaluation. However, there is no evidence in the military records that Mr. Richards underwent any psychiatric evaluations. Soon thereafter, Mr. Richards was discharged from the Navy on November 6, 1974. Mr. Richards has been asked about this matter and has indicated that he has no recollection of any evaluation in the Navy and




recalls only that he counseled with the chaplain about the problems he was having at the time.

2) The United States Attorney does not have any such records and the United states Attorney does not have any knowledge of the whereabouts of any such records, if they exist. Mr. Richards has further indicated that he has experienced some depression but that he has not had any involvement with a psychologist or psychiatrist since the 1970's. He recalls that he was hospitalized for about a week in West Virginia University's hospital during approximately 1976. He believes that this hospitalization was related to depression. He further recalls that he saw a doctor in Salem, West Virginia in the late 1970s, approximately 1979. He does not recall the doctor's name but believes that the doctor's first name was "Sam." Mr. Richards does not recall whether this doctor was a psychiatrist or psychologist and does not recall for certain whether he was given any medication but believes he was. This medical attention was also related to depression but Mr. Richards does not recall ever being diagnosed as having any particular condition or illness. The witness list for a codefendant identifies Dr. Samuel Goats of Clarksburg, West Virginia, as a possible witness to the doctor's "examination, diagnosis and treatment of Okey M. Richards Jr. . . ." This may be the same doctor.

3) Even if the defendant could discover the evidence moved for, the Court should deny the defendant access to the psychiatric materials, as those materials would not be relevant as to Mr. Richards credibility in testifying in this matter. The Fourth Circuit has held that "[o]ne's psychiatric history is an area of great personal privacy which can only be invaded in cross-examination when required in the interests of justice," and is only relevant to credibility "if it bears on the witness's ability to perceive the events at issue, to recall clearly the events, or to testify accurately and truthfully about them." United States v. Lopez, 611 F.2d 44, 45 (4th Cir. 1979). The defendant seeks the production of a psychiatric records, which if they exist, would

relate to depression which is a common problem and which does not have any apparent relationship to the witness' credibility. Further any treatment he may have obtained in Morgantown or Salem would have occurred from 18 to 21 years prior to the witness testimony and from 16 to 19 years prior to the events about which he will be asked during the trial. Any evaluation he could have received in the Navy would had to have occurred between July 29, 1974 (memo requesting an evaluation) and November 6, 1974 (date of discharge). This evaluation, if any exists, would now be 23 years old. and cannot be probative as to any mental impairment of Mr. Richards during the matters to which he is to testify.

4) For any previous mental impairment to constitute a "proper subject for cross-examination, [the impairment] must have been 'at a time probatively related to the time period about which he was attempting to testify,' [citations omitted] must go to the witness' qualification to testify and ability to recall, [citations omitted] and must not 'introduce into the case a collateral issue which would confuse the jury and which would necessitate allowing the Government to introduce testimony explaining the matter,'" United States v. Lopez, 611 F.2d 44, 46 (4th Cir. 1979)

5) The Court, in making a determination whether such evidence should be admitted into the trial, should weigh the potential unfairness of the inquiry against the materiality of the evidence. "To enable the trial court to make that determination, the party seeking to engage in the determination should make an offer of proof of the evidence it seeks to develop on the witness' mental impairment" Lopez, at page 46, citing United States v. Honneus, 508 F.2d 566 at 573 (1st Cir. 1974).

6) The defendant cites United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) and United States v. Partin, 493 F.2d 750 (5th Cir. 1974) as authority that he is entitled to evidence of

psychiatric treatment of an informant. However, in both of those cases the psychiatric materials demonstrated the presence and treatment of a continuing mental illness of the witness embracing the time period to which he would testify.

7) The United States does not have anything to disclose to the defendant and should not be required to take any action as a result of the defendant's motion.

Wherefor the United States moves the Court to deny the defendant's motion. Should the defendant locate any such records and issue a subpoena for the same, the United States requests that the Court direct that the subpoena be returnable to the Court and that the Court seal any such records and view them in camera to make the determination referred to in the Lopez decision.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAM D. WILMOTH
UNITED STATES ATTORNEY

By: _____
David E. Godwin
First Assistant United States Attorney

CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR IDENTIFICATION AND PRODUCTION OF EVIDENCE OF PSYCHIATRIC TREATMENT was served upon the defendant by placing a copy thereof in the United States Mail, postage prepaid, addressed to:

William Cipriani, counsel for Floyd Raymond Looker, 634 Charles Street, Wellsburg, WV 26070

Jolyon W. McCamic, counsel for Imam A. Lewis, Post Office Box 151, Wheeling, WV 26003

John J. Pizzuti, counsel for James M. Johnson, 30 - 12th Street, Wheeling, WV 26003

Gary B. Zimmerman, counsel for James R. Rogers, Suite 304, 100 Ross Street, Pittsburgh, PA 15219

Vincent Murovich, counsel for Terrell P. Coon, 1653 McFarland Road, Pittsburgh, PA 15216-1810

Dated this 18th day of July, 1997.

David E. Godwin
First Assistant U. S. Attorney
Post Office Box 750
Clarksburg, WV 26302-0750