U.S. DISTRICT COURT
FILED AT WHEELING, WV
JUL 21 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Criminal Action No.1:96CR43-01

FLOYD RAYMOND LOOKER,

    Defendant.

## MOTION IN LIMINE

The defendant, Floyd Raymond Looker, respectfully moves this Court in limine, to preclude or restrict the Government's proposal to elicit testimony from Special Agent Earl Roberts and Charles Archer and/or David R. Loesch, and in support of this motion states as follows:

    1.    In its witness list, the United States has listed Special Agent Earl Roberts as a probable expert witness regarding engineering/construction; further, the United States has listed Charles Archer or David R. Loesch as probable witnesses regarding the FBI/CJIS facility.

    2.    It is assumed that the purpose of such testimony would be to link up or relate the relevance of the blueprint photographs with the actual construction, layouts, design and engineering of the FBI/CJIS facility.

3. It is further assumed that the purpose of such testimony would be to influence the jury to believe that the blueprint photographs would be of some importance or relevance to any potential terrorists interested in damaging the FBI/CJIS facility.

4. The defendant submits that such evidence would be irrelevant and immaterial based upon the previous position and assertions made by the United States in response to the defendant's motion to dismiss the indictment, which motion to dismiss was premised upon the argument that 18 USC §2339A was void for vagueness. It should be recalled that the United States took the position that **anything** provided to a potential terrorists could serve as a basis for a conviction since the threshold issue was the defendant's intent. The Government took the position that providing a postcard or newspaper photograph which was widely circulated could serve as the basis of a conviction if the requisite intent existed.

5. Further, this Court adopted the Government's position in its order accepting and affirming proposed findings of fact and recommendations for disposition of Magistrate Seibert's Order filed on July 15, 1997. In that order, the Court underscored the provision of 18 USC §2339A pertaining to the word "intent" and appeared to rule that such portion of the statute held paramount importance to the portion of the statute referring to "other physical assets."

6. Since intent is the operative factor, and not "other physical assets," it is irrelevant and immaterial whether the photograph blueprints had any importance whatsoever to a potential terrorist. Accordingly, the submission of such evidence would only serve to confuse the jury.

\ WHEREFORE, the defendant requests this Court to it or restrict the proposed testimony of the United States as requested hereinabove.

Respectfully submitted this 21st day of July, 1997.

_____
William Cipriani
Counsel for Defendant

William Cipriani, Esq.
CIPRIANI & PAULL, L.C.
634 Charles Street
Wellsburg, WV 26070

William C. Gallagher
CASSIDY, MYERS, COGAN,
VOEGELIN & TENNANT, L.C.
1413 Eoff Street
Wheeling, WV 26003

## CERTIFICATE OF SERVICE

Service of the foregoing **Motion in Limine** was had upon the following by mailing a true copy thereof, by United States mail, postage prepaid, this 21st day of July, 1997,

By: _____
William Cipriani,
Counsel for Defendant

David Godwin
First Assistant United States Attorney
P.O. Box 750
Clarksburg, WV 26303-0750
Counsel for the Government

Gary B. Zimmerman, Esq.
100 Ross Street
Suite 304
Pittsburgh, PA 15219
Counsel for James Rogers

3