IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 1:96CR-43-<u>02</u> |
| JAMES R. ROGERS, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OF LAW
### THE SCOPE OF CROSS-EXAMINATION

AND NOW comes the Defendant, James R. Rogers, by his attorney Gary B. Zimmerman, and submits the following Memorandum of Law on the scope of cross-examination pursuant to the Federal Rules of Evidence

The scope of cross-examination in this case is critical given that, as to the Defendant, there are no video or audio tapes which provide any meaningful proof of the defendant's knowledge or intent to commit the crimes charged in the indictment. of any offense charged. No undercover officer or agent can provide any assistance to the jury in convicting the defendant of anything. The Government's case will rely almost in its entirety on the credibility of Okey Marshall, whose credibility will be challenged by virtually every means in which credibility is normally tested in a criminal case.

As the United States Court of Appeals for the Third Circuit has held:

> "Cross-examination is the principle means by which the trustworthiness of a witness is tested. David vs. Alaska, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d. 347 (1974). So essential is cross-examination to this purpose that the absence of proper confrontation 'calls into question the ultimate integrity of the fact finding process'. Ohio vs. Roberts, 448 U.S. 56, 64 100 S. Ct. 2531, 2537, 65 L. Ed. 2d 597 (1980)".

United States vs. Riggi, 951 F. 2d. 1368, 1376 (3rd Circuit, 1991).

The more significant the witness is to the Government's case, the more significant is the Constitutional protection of the defendant's right to confront that witness and the more carefully scrutinized will be the Court's exercise of discretion in limiting that examination. See, United States vs. Foster, 986 F. 2d. 541, 543-545 (D.C. Circuit, 1993) (reversing conviction); United States vs. Lankford, 955 F. 2d. 1545, 1548 (11th Circuit, 1992); United States vs. Calle, 822 F. 2d. 1016, 1020 (11th Circuit, 1987).

Matters of impeachment of Government witnesses clearly involve the defendant's Sixth Amendment rights to confront those witnesses and the opportunity that Amendment guarantees for effective cross-examination. Delaware vs. Fensterer, 474 U.S. 15 (1985). See also, Davis vs. Alaska, 415 U.S. 398 (1974); Olden vs.

Kentucky, 488 U.S. 227 (1988); Delaware vs. Van Arsdale, 475 U.S. 673, (1986). For this reason, an improper limit on cross-examination of such witnesses leaves little room for harmless error analysis and a reversal of the conviction based upon limited cross-examination is more than a mere probability. See United States vs. Williams, 892 F. 2d. 296 (3rd Circuit, 1989).

The Federal Rules of Evidence declare that the scope of cross-examination should be limited to the subject matter of direct examination "and matters affecting the credibility of the witness." Rule 611(b), Federal Rules of Evidence. In addition, Rule 607 allows the credibility of a witness to be attacked by any party. Rule 608 also allows the credibility of a witness to be attacked or supported by evidence in the form of opinion or reputation and by specific instances of conduct which may be inquired into on cross-examination. See, Rule 6-8(a) and (b), Federal Rules of Evidence.

In this connection, however, it must be remembered that one of the basic purposes of cross-examination is to show that a witness is biased and proof of bias is never considered to be a collateral matter; proof of bias through extrinsic evidence is proper. United States vs. Able, 105 S.Ct 465 (1984); United States vs. Calle, 822 F. 2d. 1016, 1020 (11th Circuit, 1987); United States vs. Pelullo, 964 F. 2d. 193, 218

3

(3rd Circuit, 1992) (a denial of the defendant's right to explore matters such as a plea agreement or promises of leniency may result in reversible error). Proof of bias is not limited to a showing of a witness' expressed agreement with the Government or his receipt of a definitive promise of some help. Courts have held that there is no such limit on cross-examination where the matter relates to the bias of a witness in giving their testimony.

In United States vs. Croucher, 532 F. 2d. 1042, 1045-1046 (5th Circuit, 1976), the Court of Appeals reversed the conviction based on a limitation placed on the examination of the Government informant regarding the possibility of filing of criminal charges against him which the Government had not yet pursued, even though the Court acknowledged that neither the prosecution nor the witness had stated that there was an agreement with respect to the filing of those charges. Citing Davis vs. Alaska, supra, the Court indicated that evidence that a witness faces the possibility of charges is enough of a showing of his possible bias towards the Government since such proof would allow the jury to conclude that his cooperation was motivated by a desire to placate the prosecutors and keep the charges at bay.

In United States vs. Anderson, 881 F. 2d. 1128, 1138 (D.C. Circuit, 1989), the Court held that the absence of an explicit promise of leniency should not limit a

4

proper defense inquiry to show conduct by the Government which may have lead an informant to believe that his hoped for favorable treatment would depend upon the degree and intensity of his cooperation.

In United States vs. Lankford, supra, the Court explicitly held that the importance of cross-examination in some cases "does not depend upon whether or not some deal in fact exists between the witness and the Government". Id. at 1548. Quoting Green vs. Wainwright, 634 F. 2d. 272 (5th Circuit, 1981), the Lankford Court noted:

> "What counts is whether the witness may be shading his testimony in an effort to please the prosecution. A desire to cooperate may be formed beneath the conscience level, in a manner not apparent even to the witness, but such a subtle desire to assist the State nevertheless may cloud perception". Id.

In Lankford, the defendant was limited from questioning the informant as to whether the informant's children had recently been arrested by a state official on a drug charge. Even though these was no evidence that the witness actually had an agreement with the Federal Government regarding that case, the Court held that the witness could have been motivated by it since it was possible that he expected that by helping the Federal Government, the Federal prosecutors would either not adopt the drug case for prosecution or would render some other assistance to his children regarding it. Since this represented classic evidence of motive and

5

bias, the refusal to admit the testimony was error.

Indeed, in <u>Kyles vs. Whitley</u>, 115 Ct. 1515, 131 L. Ed. 2d. 490 (1995), the Supreme Court even noted that a defendant could cross-examine police on their knowledge of the possible involvement of others in a crime and thereby attack the reliability of the investigation to discredit the police efforts in assembling their case.

The Defendant in the present case requests a broad scope of cross-examination as the road to the truth in this matter will take the jury directly through the credibility of these witnesses. Any light to be shone on that road will be in the service of the truth.

Respectfully submitted,

/Gary B. Zimmerman
Attorney for the Defense
Suite 304
100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133
PA ID No. 10080