Department of Justice

William D. Wilmoth
United States Attorney
Northern District of West Virginia

Post Office Box 591
Wheeling, WV 26003-0011

304/ 234-0100
Fax 304/ 234-0111

August 13, 1997

U.S. DISTRICT COURT
FILED AT WHEELING, WV

AUG 1 3 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

Mr. William Cipriani
Attorney at Law
634 Charles Street
Wellsburg, West Virginia  26070

Mr. William Gallagher
Attorney at Law
1413 Eoff Street
Wheeling, West Virginia  26003

In re:   United States v. Floyd Raymond Looker
         Criminal Nos. 5:96CR40, 1:96CR42 and 1:96CR43

Dear Messrs. Cipriani and Gallagher:

   This will confirm conversations with you concerning your client, Floyd Raymond Looker (hereinafter referred to as Mr. Looker).

   All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

   It is agreed between the United States and your client as follows:

_____     August 13, 1997
Floyd Raymond Looker          Date Signed

_____     8/13/97
William Cipriani, Attorney    Date Signed
Counsel for Mr. Looker

_____     8/13/97
William Gallagher, Attorney   Date Signed
Counsel for Mr. Looker

149                           1

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997

1.  Mr. Looker will plead guilty to:

    a)  Count One of Criminal No. 1:96CR43, Conspiracy to Commit an Offense Against the United States, in violation of Title 18, United States Code, Section 371;

    b)  Count Three of Criminal No. 1:96CR43, Providing Material Support to Terrorists, in violation of Title 18, United States Code, Section 2339A;

    c)  Count Five of Criminal No. 5:96CR40, causing the Transportation of an Unregistered Firearm in Interstate Commerce, in violation of Title 26, United States Code, Section 5861(j); and

    d)  Count Five of Criminal No. 1:96CR42, causing the Transportation of an Unregistered Firearm in Interstate Commerce, in violation of Title 26, United States Code, Section 5861(j).

2.  The maximum penalty to which Mr. Looker will be exposed by virtue of his pleas of guilty, as stated in paragraph 1 above, is:

    a.  imprisonment for a period of five (5) years, a fine of $250,000 and a term of at least three (3) years of supervised release [18 USC 371] (Count One - 1:96CR43)

    b.  imprisonment for a period of ten (10) years, a fine of $250,000 and a term of at least three (3) years of supervised release [18 USC 2339A] (Count Three - 1:96CR43)

_____          August 13, 1997
Floyd Raymond Looker              Date Signed

_____          8/13/97
William Cipriani, Attorney        Date Signed
Counsel for Mr. Looker

_____          8-13-97
William Gallagher, Attorney       Date Signed
Counsel for Mr. Looker

2

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997

    c. imprisonment for a period of ten (10) years, a fine of $250,000 and a term of at least three (3) years of supervised release [26 USC 5861(j)] (Count Five 5:96CR40 and Count Five 1:96CR42)

and a mandatory special assessment of $200.00 (18 USC 3013) which should be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Looker might be required by the Court to pay the costs of his incarceration.

  3. Mr. Looker stipulates that he and his co-defendant Terrell P. Coon caused the transportation of explosive materials from Pennsylvania to West Virginia on September 6, 1995, including C-4 plastic explosive, high explosive TNT, and numerous additional civilian and military explosives-related materials including electric blasting caps, blasting fuses, firing devices, detonation cord, and blasting machines. Mr. Looker further stipulates that the overt acts alleged in Count One of Criminal No. 5:96CR40 are true and correct.

  4. Mr. Looker will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Looker will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

  5. Nothing contained in any statement or any testimony given by Mr. Looker, pursuant to paragraph 4, will be used against him as

_____  August 13, 1997
Floyd Raymond Looker     Date Signed

_____  8/13/97
William Cipriani, Attorney  Date Signed
Counsel for Mr. Looker

_____  8-13-97
William Gallagher, Attorney Date Signed
Counsel for Mr. Looker

3

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997


the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Looker in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Looker's applicable guideline range. However, this agreement does not prevent Mr. Looker from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Looker for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 4 above. The defendant understands that the Federal Bureau of Investigation has conducted an investigation of him and others in relation to certain allegedly fraudulent checks, sometimes known as "Schweitzer checks" and that a prosecution of him in this Court or in another United States District Court is not precluded by this agreement.

    6. At final disposition, the United States will advise the Court of Mr. Looker's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At final disposition, the United States will move to dismiss the remaining counts pending against Mr. Looker in Criminal Nos. 5:96CR40 and 1:96CR42.

    7. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter

| Signature | Date Signed |
|---|---|
| Floyd Raymond Looker | August 13, 1997 |
| William Cipriani, Attorney<br>Counsel for Mr. Looker | 8/13/97 |
| William Gallagher, Attorney<br>Counsel for Mr. Looker | 8-13-97 |

4

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997

should and will be. This agreement includes the <u>nonbinding</u> recommendation by the United States, pursuant to Rule 11(e)(1)(B) that if the defendant accepts responsibility, and the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation in regard to the four counts of conviction provided for in this agreement. The United States will oppose the third level reduction for early acceptance for any of the cases. The parties are free to take such other positions related to sentencing as each deems appropriate. However, the defendant understands that the Court is <u>not</u> bound by this sentence recommendation, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendation set forth in this paragraph.

9. The parties recommend that the Court consolidate the sentencing of the defendant on all four cases and the parties agree, under Rule (e)(11)(C) that the appropriate disposition of the cases would be a sentence of less than twenty-five (25) years maximum.

10. If in the opinion of the United States the defendant either engages in conduct defined under the Application Notes 3(a) through (i) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment, to the best of his financial ability, prior to the sentencing hearing, or violates any other provision of the plea agreement, then the United States will not be bound to make the foregoing recommendations and the defendant will not have the right to withdraw the plea.

11. The United States reserves the right to provide to the

_____    August 13, 1997
Floyd Raymond Looker                  Date Signed

_____    8/13/97
William Cipriani, Attorney            Date Signed
Counsel for Mr. Looker

_____    8-13-97
William Gallagher, Attorney           Date Signed
Counsel for Mr. Looker

5

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997


Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, relevant information including Mr. Looker' background, criminal record, offense charged in the indictments and other pertinent data referred to in Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court by Mr. Looker or his counsel.

   12.   The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence of ten (10) years or less on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives its right to appeal the sentence. The parties have the right during any appeal to argue in support of the sentence.


_____      August 13, 1997
Floyd Raymond Looker           Date Signed

_____      8/13/97
William Cipriani, Attorney     Date Signed
Counsel for Mr. Looker

_____      8-13-97
William Gallagher, Attorney    Date Signed
Counsel for Mr. Looker

Mr. William Cipriani, Attorney
Mr. William Gallagher, Attorney
August 13, 1997

13. If the defendant's plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

14. The above thirteen (13) paragraphs constitute the entire agreement between Mr. Looker and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

*William D. Wilmoth*

WILLIAM D. WILMOTH
United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

| | |
|---|---|
| *Floyd R. Looker Jr.* | August 13, 1997 |
| Floyd Raymond Looker | Date Signed |
| *[signature]* | 8/13/97 |
| William Cipriani, Attorney<br>Counsel for Mr. Looker | Date Signed |
| *[signature]* | 8-13-97 |
| William Gallagher, Attorney<br>Counsel for Mr. Looker | Date Signed |

7