IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff

CRIMINAL NO. 1:96CR43

V.

FLOYD RAYMOND LOOKER, a/k/a RAY and
JAMES R. ROGERS, a/k/a Rich

DEFENDANT'S MEMORANDUM OF LAW REGARDING
TESTIMONY OF SPECIAL AGENT EARL ROBERTS

The Defendant, James R. Rogers, ("Rogers") objects to the testimony of Special Agent Earl Roberts ("Roberts") as an expert witness for the purpose indicated by the Government. Most significantly, the proposed testimony violates the well-established principle that "expert" witnesses should not be permitted to offer an opinion concerning the subjective intent of the witness where intent is an element of the crime and would violate the limitation of Rule 704(b) of the Federal Rules of Evidence. Second, Roberts is not qualified as an expert in the area of explosive demolition.[1] Each of these grounds will be discussed separately.

---

[1] There is no evidence introduced to indicate what type of destruction the Government believes the defendants had in mind, although the Government has indicated that they believed the defendants were going to attempt to blow up the

According to the Government's Memorandum concerning this witness,[2] Agent Roberts "will testify that the blueprints chosen by . . . Rogers . . . were the blueprints among the hundreds of blueprints of the entire facility, which would be important and necessary to doing damage to or to destroying the Criminal Justice Information Services Division complex." The Government argues that such testimony is admissible "because it is helpful to show the jury that the defendant's intent and motive to injure or destroy this facility. . . ." The Government argues that such "technical and/or specialized knowledge of the blueprints [will] assist the jury in determining the motives of the defendants."

No testimony has been introduced to suggest that Rogers knew about any

---

facility. Notably, however, the evidence indicates that the Rogers had no knowledge at all of any proposed destruction.

[2] As further grounds to support the exclusion of this Roberts' testimony, the defendant cites Rules 16 E of the Federal Rules of Criminal Procedure, which requires the Government to provide a summary of the proposed witness' opinion, the bases for the opinion and the qualifications of the witness. Rule 16D provides for sanctions should the Government fail to disclose in a proper and timely fashion. The Government's disclosure has been neither proper nor timely. They have still failed to set forth what the **bases** are for the opinion of Roberts. It is insufficient to state only what the opinion is; rather, the expert must state why he believes it. This has not been done and is grounds for exclusion of the testimony, as is the failure to timely disclose. See, e.g., United States v. Wicker 848 F.2d 1059 (10th Cir. 1988)(failure to disclose grounds for exclusion). Accord, United States v. Valentine, 984 F.2d 906 (8th Cir.), *cert. denied*, 114 S.Ct. 93 (1993)("[e]vidence should be excluded when the discovery rules have been violated in a manner that prejudices the defendant's substantive rights.")

plans to destroy the Clarksburg facility, nor is it believed that any evidence to prove this point exists.

> I. The Federal Rules and Federal Cases Prohibit Expert Testimony Concerning The Defendant's Subjective Intent when Intent is an Element of the Crime

It is a long-standing principle of jurisprudence that expert witnesses should not be permitted to testify about the subjective state of mind of a defendant, since such testimony impermissibly invades the province of the jury. "The Federal Rules of Evidence prohibit experts from testifying as to whether the defendant did or did not have the requisite intent to commit a specific crime." United States v. Juvenile Male, 864 F.2d 641, 648 (9th Cir. 1988) It is, moreover, unfair to permit a so-called "expert" to speculate about what a defendant intended, when there is no factual evidence to prove or disprove such a claim. This principle has been long-standing at common law and has more recently been held by some courts to be supported by the Federal Rules of Evidence as well.

Rule 704(b) of the Federal Rules of Evidence, provides as follows:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or defense thereto. Such ultimate issues matters for the trier of fact alone.

Repeatedly, Federal Courts of Appeals have held that admission of expert testimony concerning the defendant's intent, where intent is an element of the crime (such as possession of contraband with intent to deliver), is error. See, e.g., United States v. Smart, 98 F.3d 1379 (D.C. Cir. 1996); United States v. Valle, 72 F.3d 210 (1st Cir. 1995); United States v. Buchanan, 70 F.3d 818 (5th Cir. 1995); and United States v. Boyd, 55 F.3d 667 (D.C. Cir. 1995). Accord, Moriarty, *Psychological and Scientific Evidence in Criminal Trials* (Clark Boardman Callaghan, 1996)section 10-16 "[w]here 'intent' is an element of the crime charge, it may be an error to permit expert witnesses to render an opinion as to the defendant's intent.'"

The Fourth Circuit Court of Appeals has noted that in considering Rule 704(b), "courts have distinguished between expert opinion testimony that describes the significance of a defendant's actions to an illegal enterprise from opinion testimony that a defendant had an actual thought or intent." United States v. Barber, 80 F.3d 964, 970 (4th Cir. 1996). Here, the government's proposed use of its expert is for the prohibited reason; namely, that Rogers singled out those blueprints because Rogers thought they would be integral to the destruction of the facility. Such testimony runs should not be permitted.

The Second Circuit Court of Appeals has held that it was error to permit an

-4-

expert to testify that the defendant "must have known" that the purpose of the scheme was to avoid paying taxes, United States v. Rea, 958 F.2d 1206 (2d Cir. 1992). The Ninth Circuit has held that it was error to permit an expert to testify that the defendant had structured a transaction to avoid reporting requirements. United States v. Gomez-Osorio, 957 F.2d 635 (9th Cir. 1992). The First Circuit has noted that it is error to ask an expert whether the defendant intended to defraud. United States v. Schneider, 111 F.3d 197 (1st Cir. 1997).

The rule to be gleaned from these cases is as follows: Expert testimony is not available to supply the evidence that is missing from the facts. Most significantly, expert testimony cannot supply the subjective mental state that the Government wishes to prove; only direct or circumstantial factual evidence can supply that evidence. The purpose of expert testimony is solely to aid the jury in understanding technical or scientific aspects of the case that would be difficult for the jury without the benefit of such testimony. It is not to fill in the missing pieces of direct or circumstantial evidence.

Here, the Government wants Agent Roberts to explain to the jury *why* the defendant selected one blueprint over another to photograph. That "why" is a key issue and quite honestly, Agent Roberts does not know. He is an engineer who participated in the design and construction of the Clarksburg facility. He could

testify about how it was built and from what materials it was built (if such testimony were relevant to the case), but he cannot testify that the blueprints were chosen by the defendant because they "would be important and necessary to doing damage to or destroying" the building. While Agent Roberts might be correct that such blueprints were necessary for that purpose, they could have been chosen for any one of another purposes. However, those purposes are either known to the person who took the pictures or may have been explained to someone else. Unless Agents Roberts interviewed the defendant and the defendant made a statement to that effect, he does not know why the photographs were taken and cannot render an opinion to that effect. It is nothing short of speculation that he would be testifying to and it would be unfairly prejudicial speculation, at that.

>    II. Agent Roberts is not Qualified to Testify as Expert on the
>        <u>Subjects in Question</u>

The Government also wants Roberts to testify as an expert about the destruction of the Clarksburg facility by means of explosives and why certain blueprints would facilitate that intent. While the Government's witness is ostensibly an expert in mechanical engineering (still unproved by the government), nothing in the Government's proffer indicates that Roberts is an

expert in explosive demolition. He may have known how to build it, but he does not know how to blow it up. The area of demolition by explosives is an exact and detailed science. Nothing in the statement of the witness' summary of credentials indicates: (1) he has had any training or education in explosive demolition; (2) he has any field experience in that area; (3) he knows the significance between certain blueprints and demolition plans; or (3) he has ever testified as an expert on that subject.

It is not simply that expert testimony must be helpful to the trier of fact, the expert in question must be *qualified* to provide such testimony.

Accordingly, since the proposed testimony is prohibited by the Federal Rules of Evidence, Rule 704 (b) and case law, and the witness is not even qualified to testify about the subject matter generally, such testimony should be precluded by this Honorable Court.

Respectfully Submitted,

Gary B. Zimmerman
100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133