IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | 1:96CR43-02 |
| | ) | |
| JAMES R. ROGERS | ) | |

## MOTION FOR JUDGMENT OF ACQUITTAL

AND NOW, comes the defendant James R. Rogers, by his attorney, Gary B. Zimmerman and moves this Honorable Court pursuant to Rule 29(c) of the Federal Rules of Procedure for a Judgment of Acquittal.

1. The defendant was indicted on November 8, 1997 in a two-count indictment.

   A. Count one charged him with violating 18 U.S.C. 371 in that it was alleged that he conspired with Floyd Raymond Looker to provide material support and resources with the knowledge and intent that the material support and resources so provided would be used in the preparation for committing an injury to the property of a department or agency of the United States of America;

   B. Count two charged that on or about February 18, 1996 the defendant unlawfully, willfully and knowingly provided material support or resources with the intent that said material support or resources were to be used in preparation for the commission of the offense injuring the property of a department or agency of the United States Government, i.e., the Criminal Justice Information Service facility of the FBI, violating 18 U.S.C. 1361: which is a violation of 18 U.S.C. 2339A.

2. The case was tried before a jury and on August 25, 1997 the

defendant was found Not Guilty as to Count 1, Conspiracy and Guilty as to Count 2, 18 U.S.C. 2339A.

3. The defendant submits that the evidence viewed in the light most favorable to the Government, lacks sufficient substantial relevant evidence from which any rational trier of fact could have found guilt beyond a reasonable doubt as to Count 2 of the indictment. <u>Jackson V. Virginia</u>, 443 U.S. 307, 319 (1979).

In <u>Jackson V. Virginia</u>, much of the court's reasoning analyzes what it means to have a jury verdict rest upon sufficient evidence. In this reasoning process, the court held that "a mere modicum . . . of evidence could not by itself rationally support a conviction beyond a reasonable doubt" 443 U.S. at 320, 99 S.Ct. at 2790. The test is not whether the evidence excludes every hypothesis except guilt, but whether the jury reasonably could have found the defendant guilty beyond a reasonable doubt, <u>United States V. Sotelo-Revera</u>, 931 F.2d 1317 (9th Cir. 1991); <u>United States V. Turner</u>, 926 F.2d 883, 889 (9th Cir. 1991). Stated another way, the standard must be more substantive than just some evidence, as the "question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt beyond a reasonable doubt <u>Jackson V. Virginia</u>, at 2791.

4. The evidence when viewed in the light most favorable to the Government is as follows:

a. At the repeated request of Mr. Looker and the Government operative Richards, the defendant delivered photographs of portions of the blue prints of the FBI Center to Richards. This occurred on February 18, 1996.

b. On March 7, 1996, the defendant, Mr. Looker and Mr. Richards met in Richards' office where Rogers explained some photographs.

c. Before the transfer of the photographs, the discussion among the parties was that the information was necessary if they called the militia into action when and if "The shit hit the fan," a phrase used by the parties to designate when the U.N. Forces and the New World order took over our government and began to enslave the population.

d. During the March 7, 1996 meeting Government operative Richards at the instructions of the FBI engaged the defendant in a conversation concerning when he thought it would be appropriate to move against the building. The defendant answered he did not know. Later in the conversation the defendant stated that it might be appropriate to act when the U.N. Forces took over the country.

e. The March 7, 1996 meeting had three separate agendas. Looker was putting together a package of information, including the photographs to sell to Steve (FBI'S under cover agent) who so that the building could be damaged. The facts are clear that the defendant was not aware of Looker's agenda. In fact he thought Looker's agenda was the same as his, which was to keep the photos in a safe place until the U.N. Forces took over the country. The third agenda was that of Richards and the FBI to get evidence to charge and convict Looker and the defendant.

f. Finally, Government operative Richards promised the defendant on February 18, 1996 that they would bury and not use the photos unless the U.N. Forces took over the country.

5. On March 22, 1996, the defendant and Richards again discussed the photos and agreed itwas a good thing that they were secure, so that no one could use with them unless the U.N. Forces move to take over the country.

6. The defendant submits that there is not substantial relevant evidence from which any rational person could have found guilt beyond a reasonable doubt:

    a. The delivery of the photographs of the blue prints on February 18, 1996 and the defendant's explanation of them on March 7, 1996 must be viewed as the completed crime. Thus, the analysis must focus on the defendant's actions and his intent then. While it was proper for the government to introduce evidence of other matters such as the Morpho observations and the FEMA fears to attempt to establish a conspiracy, it is not proper to apply that tangential evidence to the crime for which the defendant was found guilty. The question that must be addressed is did the defendant intend that the photographs of the blue prints be used in preparation for injuring the property of a department or agency of the United States of America.

    b. The evidence is clear that there was not a plan to damage the building. There was no evidence that a plan was even contemplated. There was a lot of rhetoric but never a plan.

    c. The evidence is clear that the defendant's intent was that if the government of the United States of America no longer existed then and only then would these photos be used for whatever purpose was appropriate.

    d. A violation of the underlying statute 18 U.S.C. 1361 requires that there be a willful injury to government property, or willfully attempts to damage government property. It is clear there is no evidence that there was any injury or any attempted injury to the FBI center.

    e. A violation of 18 U.S.C. 2339A requires that a person provide material support or resources knowing or intending that

they are to be used in preparation for a violation of 18 U.S.C. 1361, i.e., damage to the FBI center. Without entering the murky interpretation of the word <u>material</u> or whether the photos in question are in fact other physical assets that equal material support or resources, the defendant asserts that there is no evidence that the defendant intended these photos of the blueprints be used for any purpose unless the government of the United States of America no longer in existed and the population was being enslaved by United Nations Forces at the direction of the leaders of the new world order.

7. The defendant submits that there is insufficient substantial evidence from which a rational person could have found that when he delivered the photographs in question and explained what they depicted, that he intended them to be used in preparation for damaging government property. WHEREFORE, the defendant requests that this Court enter a judgment of acquittal as to Count 2 of the indictment.

Respectfully submitted,

Gary B. Zimmerman

Attorney for the Defendant
Suite 304, 100 Ross Street
Pittsburgh, PA 15219
(412) 566-2133

PA I.D. #10080

Date 9-3-97

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and complete copy of the Defendant's Motion for Judgment of Acquittal to the following by U.S. Mail on September 3, 1997:

>David Godwin
>Assistant United States Attorney
>P.O. Box 591
>Wheeling, WV 26003-0001

_____
Gary B. Zimmerman