IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
                    Plaintiff,

v.                                          Case No. 1:96CR43-02

JAMES R. ROGERS, a/k/a RICH,
                    Defendant.

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR A NEW TRIAL

Now comes the United States of America and William D. Wilmoth, United States Attorney, by David E. Godwin, First Assistant United States Attorney, and responds to defendant's motion by stating:

1) The United States opposes the motion for a new trial.

2) Brief overview of Fourth Circuit Law from the *Fourth Circuit Criminal Handbook*, 1996-97 edition, §258:

The Fourth Circuit has developed a five-part test for evaluating motions for a new trial based on newly-discovered evidence. Under *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989), a motion for an new trial should only be granted if: (1) the evidence is newly discovered; (2) the movant exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues; and (5) the evidence would probably result in an acquittal at a new trial. . Accord *United States v. Custis*, 988 F.2d 1355 (4th Cir. 1993)(reversing district court's grant of new trial based on newly discovered impeachment evidence), aff'd, 114 S.Ct. 1732 (1994); and *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987).

For recent application of the *Chavis* five-part test, see *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995) (no abuse of discretion in denial of motion for new trial

1

where "new evidence" was defendant's discovery that key witness "was intimated into acting as an informant against her will"); *and United States v. Bynum*, 3 F.3d 769, 773-74 (4th Cir. 1993) (no abuse of discretion in denial of motion for new trial where "new evidence" was offered to contradict scientific testimony on "gas chromatography" admitted at trial), *cert. denied*, 114 S. Ct. 1105 (1994).

The Court emphasized in *Custis* that "merely impeaching" evidence is ordinarily insufficient to justify a new trial, and recited again "the general rule that a motion for a new trial requires a defendant to establish *each* of the five elements" *Id.* At 1359. On this latter point (all elements must be met to justify new trial), *see also Singh*, 54 F.3d at 1190; *and United States v. Carmichael*, 726 F.2d 158, 159 (4th Cir. 1984).

. . .

Finally, the Fourth Circuit's long-term practice has been to leave motions for a new trial to the broad discretion of the trial court, requiring or allowing new trials only in very limited circumstances. *See, e.g., United States v. Greene*, 834 F.2d 86, 88 (4th Cir. 1987); *Bales*, 813 F.2d at 1295; *United States v. Stockton*, 788 F.2d 210, 220 (4th Cir. 1986); *United States v. Arrington*, 757 F.2d 1484, 1386 (4th Cir. 1985); *Johnson*, 487 F.2d at 1279; *United States v. Williams*, 415 F.2d 232, 233-34 (4th Cir. 1969); *United States v. Wechsler*, 406 F.2d 1032 (4th Cit. 1969); *and Sloan v. Colebank*, 304 F.2d 668 (4th Cir. 1962). In general, motions for a new trial are not favored and should be sparingly granted, 3 Charles A. Wright, *Federal Practice and Procedure* §557 (2d ed. 1982).

3) The Court at the trial of this case instructed the jury on the entrapment defense. Included in the Court's charge was the following:

> A valid entrapment defense has two related elements: government inducement to the crime charged in the indictment and lack of predisposition on the part of the defendant to engage in the crime so charged. To establish inducement, the defendant must introduce evidence of excessive behavior on the part of the government that could be said to be so inductive to a reasonably firm person as likely to displace a criminal intent.

4) The defendant's motion contains a number of factual errors, including:

a) Paragraph 3.A. (page 2) is not a fair representation of the prosecution's evidence regarding the defendant's provision of information to Mr. Looker. The government's

2

evidence does not clearly establish that the defendant intended the photographs to remain in Richard's possession until the constitution was suspended.

b) While the Court instructed the jury on the law of entrapment as indicated in the Second paragraph 2 (page 3); the defendant raised the defense only through cross examination of government witnesses and without any evidence of any inducement to the defendant by Richards.

c) Paragraph 5 misrepresents the testimony of Special Agent Raffety. The agent's statement that he had not made a report (Transcript p. 79) referred to two earlier phone calls. The report referred to by the agent on page 102 of the transcript pertained to two interviews of Richards in May, 1995. There was no inconsistency or reversal in the agent's testimony.

d) In paragraph 7 on page 5, the defendant states that "[i]t was clear that in all of these conversations, Richards guided the topic of discussion and led the defendant into many declarations." This is a self-serving conclusion that is not supported by the evidence or by the jury's verdict.

e) Paragraph 11 of the motion on pages 6-7 is very poor summary of Special Agent Raffety's report of Richards' statement regarding the two meetings involving Damon Black. The motion misrepresents the agent's report. Richards participated at Looker's invitation not his insistence; the meetings were in October and November of 1994, not the spring of 1993; Richards did not relate to Raffety that Black was a major militia operative from North Carolina and Colorado; nor that Black was giving advice and instructions about forming a militia; Richards did not relate that any violent or unlawful goals were discussed at these two meetings; Richards did not relate that he was invited to Black's Colorado ranch to formulate militia plans; and Richards did not tell Raffety that Gene Board was a major participant in the militia movement. All of these embellishments of the report were fabricated by the defendant in his

3

motion.

f) The defendant in paragraph 12 of his motion states as a fact that Richards' statements to Special Agent Raffety in May of 1995 are false. While this assertion is made without qualification, it is apparently based on contradictory statements made by Mr. Black in a telephone interview.

5) This "newly discovered evidence" is totally irrelevant to any claim of entrapment by the defendant as asserted in paragraph 13 of the motion. The meetings in October and November of 1994, no matter what the role of Richards, had nothing to do with the defendant, Rogers. How could Rogers have been induced to commit his crime by actions that predated his joining the militia by several months and predated the commission of his crime by nearly one and a half years.

6) Contrary to the defendant's further assertion in paragraph 13 that "[t]his evidence, if known by the jury, would have provided the basis for a vercidt [sic] of not guilty" this information is not admissible under Rules 401, 403 and 608(b) of the Federal Rules of Evidence and would not likely have any effect on the verdict, even if admitted into evidence.

7) The defendant's allegations in paragraph 4 of misconduct by the prosecutor in this matter is without merit. The Federal Bureau of Investigation memo was not Brady information or Giglio information; particularly in light of the absence of a specific Brady request.

8) The defendant has not met the five criteria set forth in *Chavis*. Taken in the light most favorable to the defendant, the evidence: a) is only "impeaching" evidence if used in conjunction with prohibited Rule 608(b), extrinsic evidence; b) is not relevant to any material issue of the trial and is totally disconnected to any entrapment claims; and c) would not likely have any effect on the jury (other than to waste the jury's time) and clearly would not have such impact as to

"probably result in an acquittal at a new trial."

Accordingly, for the reasons stated herein and such other reasons as may appear to the Court form the record herein, the United States requests that the Court deny the defendant's motion without a hearing.

>Respectfully submitted,
>
>WILLIAM D. WILMOTH
>UNITED STATES ATTORNEY
>
>By: *David E. Godwin*
>David E. Godwin
>First Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR A NEW TRIAL was served upon the defendant by placing a copy thereof in the United States mail, postage prepaid, addressed to Gary B. Zimmerman, counsel for James R. Rogers, Suite 304, 100 Ross Street, Pittsburgh, PA 15219.

Dated: October 29, 1997

>*David E. Godwin*
>David E. Godwin
>First Assistant United States Attorney
>Post Office Box 750
>Clarksburg, West Virginia 26302-0750

5