IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action Nos. 5:96CR40-01
                                                  1:96CR42-01
FLOYD RAYMOND LOOKER,               1:96CR43-01
                                                       (STAMP)

    Defendant.

## ORDER SETTING DEADLINES FOR RESPONSE

On November 6, 1997, the defendant Floyd Raymond Looker, filed with this Court an application for withdrawal of his guilty plea and a plea of nolo contendere with this Court. This Court notes, upon review of the application for withdrawal, that the application was filed by the defendant and not by his court-appointed counsel. Further, this Court notes that the application for withdrawal of guilty plea was served on neither his attorney nor on counsel for the government. The application is attached hereto and incorporated by reference.

Defendant is advised that the original of all motions and other pleadings must be filed with the Clerk of this Court with a certificate stating that the motion or pleading was served upon counsel for the defendant. Failure to observe these rules may result in delay or refusal by the Court to consider such motion or other pleading. This Court cannot and will not effect service of pleadings on behalf of either party.

It is therefore ORDERED that any and all responses to the defendant's application for withdrawal of guilty plea be filed with this Court on or before **November 28, 1997**.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the defendant and to counsel of record herein.

ENTERED: November 12, 1997

*/s/ Frederick P. Stamp*
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

NOV - 6 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

United States of America
Plaintiff,

V.

Floyd Raymond Looker, Jr.
Defendant.

Criminal Actions:
5:96CR40 - 01
1:96CR41
1:96CR42
1:96CR43

APPLICATION FOR WITHDRAWAL
OF GUILTY PLEA AND A PLEA
OF NOLO CONTENDERE BE ENTERED
ON BEHALF OF DEFENDANT

The defendant, Floyd Raymond Looker, Jr., respectfully moves that the guilty pleas entered in these cases be withdrawn and a plea of nolo contendere (NO CONTEST) be entered on behalf of defendant for the following reasons:

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances.

3. Ineffective assistance of counsel throughout this entire judicial process in all the these cases.

Page 1 of 4

101

# MEMORANDUM IN SUPPORT

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial, Trial (case #1:96CR41)

    Defendant was shocked that defense attorney William Cipriani never bothered to contest any thing the U.S. attorney said or did, even when he knew that the prosecution lied and falsified the information. Mr. Cipriani never attempted to lay a foundation for entrapment to support minimum instructions to the jury concerning these issues. Mr. Cipriani refused to lay a foundation for outrageous government conduct and only gave token representation to defendant's motion to dismiss as well as abandoning critical elements of that motion.

    The finding of the Jury of guilty for attempting to plan a business without a license was so shocking to everything defendant was ever taught or ever believed in. How this could be construed to be a crime is beyond defendant's understanding. This could only have happened because of the lies and falsification of information by the prosecution and the FBI, as well as the ineffective assistance of counsel.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances,

While defendant and his family were in a state of shock we were pressured to plead guilty immediately or face 45 years in a federal prison if I did not plead guilty immediately. The 2nd trial was scheduled the very next day and Mr. Cipriani had not subpoenaed any witnesses on behalf of defendant and made no effort to challenge any evidence submitted at the evidentiary hearing. It was clear to defendant, that Mr. Cipriani, after failing to defend the defendant at the 1st trial, that he was not prepared to represent defendant at the 2nd trial, a more complex trial.

Mr. Cipriani also in formed defendant that unless I cooperated completely in every way the court would force me into trial and I would get the maximum sentence allowable at law. I was instructed to cooperate fully or face the consequences of 45 years in federal prison.

3. Ineffective assistance of counsel throughout this entire judicial process in all ~~the~~ these cases,

a. Defense attorney William Cipriani in addition to the above incidences of ineffective assistance of counsel also include Mr. Cipriani's expressed belief that the constitution of the United States was no longer valid in America today and expressed his belief that the government had a right to violate constitutional and civil rights of the defendant.

b. Mr. Cipriani was reluctant to expose the lies of the prosecution in both pretrial hearings and during the 1st trial of defendant, even to the extent of not presenting exculpatory evidence on behalf of defendant.

c. Mr. Cipriani consistently ignored the deadlines of the court and caused mistakes and late filing of motions to the detriment of defendant's defense.

d. Mr. Cipriani refused to hire an investigator to ascertain the truth of defendant's allegations of governmental abuse of federal police power and outrageous conduct charges.

e. Mr. Cipriani refused to file a supplemental motion to defendant's pre-trial motion to dismiss when the government refused to allow defendant to copy pertinent material from law books and removed the typewriter from the law library at a time when motions were required to be filed.

f. Mr. Cipriani never bothered to prepare for the 2nd trial, nor did he even attempt to critique defendant to prepare him for the 2nd trial. Mr. Cipriani never intended to go to trial.

g. Mr. Cipriani evidenced serious conflict of interest throughout this entire judicial process. He did not believe in the constitutional rights of American citizens, he did not believe in the right of the people to form militias, or to protest any action of government bureaucrats. Mr. Cipriani expressed belief that the fears and concerns of the American people was only foolishness.

Wherefore, the defendant requests this court allow a withdrawal of guilty plea and grant a plea of nolo contendere so that justice may be more fully granted in these cases.

Respectfully submitted this 4TH day of November, 1997

pro se

Floyd Raymond Looker Jr
Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

United States of America
    Plaintiff,

V.

Floyd Raymond Looker, Jr.
    Defendant.

Criminal Actions:
1:96CR40
1:96CR41
1:96CR42
1:96CR43 - c i

U.S. DISTRICT COURT
FILED AT WHEELING, WV

NOV - 6 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

APPLICATION FOR WITHDRAWAL
OF GUILTY PLEA AND A PLEA
OF NOLO CONTENDERE BE ENTERED
ON BEHALF OF DEFENDANT

The defendant, Floyd Raymond Looker, Jr., respectfully moves that the guilty pleas entered in these cases be withdrawn and a plea of nolo contendere (NO CONTEST) be entered on behalf of defendant for the following reasons:

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances.

3. Ineffective assistance of counsel throughout this entire judicial process in all the these cases.

Page 1 of 4

# MEMORANDUM IN SUPPORT

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial, Trial (case #1:96CR41)

      Defendant was shocked that defense attorney William Cipriani never bothered to contest any thing the U.S. attorney said or did, even when he knew that the prosecution lied and falsified the information. Mr. Cipriani never attempted to lay a foundation for entrapment to support minimum instructions to the jury concerning this issues. Mr. Cipriani refused to lay a foundation for outrageous government conduct and only gave to ken representation to defendant's motion to dismiss as well as abandoning critical elements of that motion.

      The finding of the Jury of guilty for attempting to plan a business without a license was so shocking to everything defendant was ever taught or ever believed in. How this could be construed to be a crime is beyond defendant's understanding. This could only have happened because of the lies and falsification of information by the prosecution and the FBI, as well as the ineffective assistance of counsel.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances,

While defendant and his family were in a state of shock we were pressured to plead guilty immediately or face 45 years in a federal prison if I did not plead guilty immediately. The 2nd trial was scheduled the very next day and Mr. Cipriani had not subpoenaed any witnesses on behalf of defendant and made no effort to challenge any evidence submitted at the evidentiary hearing. It was clear to defendant, that Mr. Cipriani, after failing to defend the defendant at the 1st trial, that he was not prepared to represent defendant at the 2nd trial, a more complex trial.

Mr. Cipriani also in formed defendant that unless I cooperated completely in every way the court would force me into trial and I would get the maximum sentence allowable at law. I was instructed to cooperate fully or face the consequences of 45 years in federal prison.

Page 3 of 4

3. Ineffective assistance of counsel throughout this entire judicial process in all the these cases,

a. Defense attorney William Cipriani in addition to the above incidences of ineffective assistance of counsel also include Mr. Cipriani's expressed belief that the constitution of the United States was no longer valid in America today and expressed his belief that the government had a right to violate constitutional and civil rights of the defendant.

b. Mr. Cipriani was reluctant to expose the lies of the prosecution in both pretrial hearings and during the 1st trial of defendant, even to the extent of not presenting exculpatory evidence on behalf of defendant.

c. Mr. Cipriani consistently ignored the deadlines of the court and caused mistakes and late filing of motions to the detriment of defendant's defense.

d. Mr. Cipriani refused to hire an investigator to ascertain the truth of defendant's allegations of governmental abuse of federal police power and outrageous conduct charges.

e. Mr. Cipriani refused to file a supplemental motion to defendant's pre-trial motion to dismiss when the government refused to allow defendant to copy pertinent material from law books and removed the typewriter from the law library at a time when motions were required to be filed.

f. Mr. Cipriani never bothered to prepare for the 2nd trial, nor did he even attempt to critique defendant to prepare him for the 2nd trial. Mr. Cipriani never intended to go to trial.

g. Mr. Cipriani evidenced serious conflict of interest throughout this entire judicial process. He did not believe in the constitutional rights of American citizens, he did not believe in the right of the people to form militias, or to protest any action of government bureaucrats. Mr. Cipriani expressed belief that the fears and concerns of the American people was only foolishness.

**Wherefore, the defendant requests this court allow a withdrawal of guilty plea and grant a plea of nolo contendere so that justice may be more fully granted in these cases.**

Respectfully submitted this 4TH day of November, 1997

pro se

Floyd Raymond Looker Jr.
Defendant

Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

NOV - 6 1997

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

United States of America
Plaintiff,

V.

Floyd Raymond Looker, Jr.
Defendant.

Criminal Actions:
~~5:96CR40~~
~~1:96CR41~~
✓ 1:96CR42-01
~~1:96CR43~~

APPLICATION FOR WITHDRAWAL
OF GUILTY PLEA AND A PLEA
OF NOLO CONTENDERE BE ENTERED
ON BEHALF OF DEFENDANT

The defendant, Floyd Raymond Looker, Jr., respectfully moves that the guilty pleas entered in these cases be withdrawn and a plea of nolo contendere (NO CONTEST) be entered on behalf of defendant for the following reasons:

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances.

3. Ineffective assistance of counsel throughout this entire judicial process in all ~~the~~ these cases.

Page 1 of 4

## MEMORANDUM IN SUPPORT

1. At the time of the guilty plea defendant was in a state of shock after having been found guilty on the first trial, Trial (case #1:96CR41)

    Defendant was shocked that defense attorney William Cipriani never bothered to contest any thing the U.S. attorney said or did, even when he knew that the prosecution lied and falsified the information. Mr. Cipriani never attempted to lay a foundation for entrapment to support minimum instructions to the jury concerning this issues. Mr. Cipriani refused to lay a foundation for outrageous government conduct and only gave to ken representation to defendant's motion to dismiss as well as abandoning critical elements of that motion.

    The finding of the Jury of guilty for attempting to plan a business without a license was so shocking to everything defendant was ever taught or ever believed in. How this could be construed to be a crime is beyond defendant's understanding. This could only have happened because of the lies and falsification of information by the prosecution and the FBI, as well as the ineffective assistance of counsel.

2. Extreme pressure to plead guilty by defendant's attorney of record in order to get the best deal possible under the circumstances,

While defendant and his family were in a state of shock we were pressured to plead guilty immediately or face 45 years in a federal prison if I did not plead guilty immediately. The 2nd trial was scheduled the very next day and Mr. Cipriani had not subpoenaed any witnesses on behalf of defendant and made no effort to challenge any evidence submitted at the evidentiary hearing. It was clear to defendant, that Mr. Cipriani, after failing to defend the defendant at the 1st trial, that he was not prepared to represent defendant at the 2nd trial, a more complex trial.

Mr. Cipriani also <u>in formed</u> defendant that unless I cooperated completely in every way the court would force me into trial and I would get the maximum sentence allowable at law. I was instructed to cooperate fully or face the consequences of 45 years in federal prison.

3. Ineffective assistance of counsel throughout this entire judicial process in all ~~the~~ these cases,

a. Defense attorney William Cipriani in addition to the above incidences of ineffective assistance of counsel also include Mr. Cipriani's expressed belief that the constitution of the United States was no longer valid in America today and expressed his belief that the government had a right to violate constitutional and civil rights of the defendant.

b. Mr. Cipriani was reluctant to expose the lies of the prosecution in both pretrial hearings and during the 1st trial of defendant, even to the extent of not presenting exculpatory evidence on behalf of defendant.

c. Mr. Cipriani consistently ignored the deadlines of the court and caused mistakes and late filing of motions to the detriment of defendant's defense.

d. Mr. Cipriani refused to hire an investigator to ascertain the truth of defendant's allegations of governmental abuse of federal police power and outrageous conduct charges.

e. Mr. Cipriani refused to file a supplemental motion to defendant's pre-trial motion to dismiss when the government refused to allow defendant to copy pertinent material from law books and removed the typewriter from the law library at a time when motions were required to be filed.

f. Mr. Cipriani never bothered to prepare for the 2nd trial, nor did he even attempt to critique defendant to prepare him for the 2nd trial. Mr. Cipriani never intended to go to trial.

g. Mr. Cipriani evidenced serious conflict of interest throughout this entire judicial process. He did not believe in the constitutional rights of American citizens, he did not believe in the right of the people to form militias, or to protest any action of government bureaucrats. Mr. Cipriani expressed belief that the fears and concerns of the American people was only foolishness.

Wherefore, the defendant requests this court allow a withdrawal of guilty plea and grant a plea of nolo contendere so that justice may be more fully granted in these cases.

Respectfully submitted this 4th day of November, 1997

pro se

Floyd Raymond Looker
Defendant

Page 4 of 4