IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

```
                                    U.S. DISTRICT COURT
                                    FILED AT WHEELING, WV
                                        NOV 2 8 1997
                                    NORTHERN DISTRICT OF WV
                                      OFFICE OF THE CLERK
```

UNITED STATES OF AMERICA,
     Plaintiff,

v.                 CRIMINAL NO.  5:96CR40-01
                                 1:96CR42-01
                                 1:96CR43-01
                                   (Stamp)

FLOYD RAYMOND LOOKER,
     Defendant.

UNITED STATES' RESPONSE TO DEFENDANT'S "APPLICATION
FOR WITHDRAWAL OF GUILTY PLEA AND A PLEA OF NOLO CONTENDERE
BE ENTERED ON BEHALF OF DEFENDANT"

    Now comes the United States of America and William D. Wilmoth, United States Attorney for the Northern District of West Virginia, by Sam G. Nazzaro, Assistant United States Attorney for said District, and files the United States' Response to defendant's Application for Withdrawal of Guilty Plea and a Plea of Nolo Contendere be Entered on Behalf of Defendant as follows:

    1.    Defendant has moved that the guilty pleas entered in the cases be withdrawn and a plea of nolo contendere be entered based on defendant's "alleged state of shock," alleged extreme pressure to plea by defendant's attorney, and alleged ineffective assistance of counsel.  For the reasons set forth below, defendant's Motion is



completely without merit and must be denied.

2. In the first instance, defendant's motion must be dismissed because he does not have the authority or right to file a pro se motion when he is already represented by counsel. In effect, his motion would permit hybrid representation without Court approval which is not permitted. See Faretta v. California, 4232 U.S. 806 (1975); United States v. Barfield, 969 F.2d 1554, 1558 (4th Cir. 1992) (Court has no obligation to ask pro se defendant whether he wanted assistance of stand-by counsel.) Therefore, defendant's motion must be dismissed and/or denied.

3. If the Court permits this motion pursuant to Rule 32(e), the burden is on a moving defendant to show a "fair and just reason" why withdrawal of a guilty plea should be allowed. See e.g. United States v. Patino, 887 F.2d 42, 46 (4th Cir. 1989); United States v. Defreitas, 865 F.2d 80 (4th Cir. 1989); and, United States v. Haley, 784 F.2d 1218 (4th Cir. 1986).

4. In United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991), the Court noted six factors to be considered in determining any motion to withdraw plea: 1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; 2) whether the defendant credibly asserted his legal innocence; 3) whether there was a delay between entering the plea and moving for withdrawal; 4) whether defendant had close assistance of competent counsel; 5) whether withdrawal

would prejudice the government; and, 6) whether withdrawal would inconvenience the Court and waste judicial resources. In the case here, when analyzed in light of the above factors, defendant has failed to provide a "fair and just" reason for a withdrawal of his plea.

5. First, defendant has failed to provide any credible evidence that his plea was not knowing or voluntary, especially in light of the comprehensive and detailed questioning by the Court at the plea hearing. Defendant completely overlooks the plea hearing in his Motion.

6. Second, in his pleadings, defendant has failed to assert his legal innocence in the cases from which he seeks withdrawal and, in any event, has failed to do so on a credible basis. In fact, defendant only wishes to plead guilty by way of nolo contendere which is not a plea of innocence but, in effect, a modification of his plea agreement.

7. Third, defendant has moved for withdrawing his plea over three months after entering his plea and close in time to his upcoming sentencing. In Moore, supra at 248, the Court held that six weeks was considered a significant delay.

8. Fourth, defendant had close assistance of competent counsel. Attorneys Cipriani and Gallagher, as the record is clear, acted in a competent and thorough manner. In fact, defendant represented at the plea that he was adequately represented.

9. Fifth, the withdrawal of the plea at this juncture would severely prejudice the government and inconvenience the Court and waste judicial resources. The government has extended significant time and resources in prosecuting Mr. Looker and to do so again, every time Mr. Looker changes his mind, is severely prejudicial to the government. Furthermore, it would inconvenience the Court and waste judicial resources that would be required for another trial. In fact, to allow a withdrawal now would require three additional trials which could have already been completed had defendant not tendered his plea.

10. In sum, defendant has failed to demonstrate any of the factors to withdraw his guilty plea. The Fourth Circuit Court of Appeals has been reluctant to allow withdrawals of pleas despite a much stronger case for the defendant then the case here. See e.g. United States v. Sparks, 67 F.3d 1145, 1153-54 (4th Cir. 1995) (no abuse of discretion in denial of motion to withdraw plea by defendant who wrongly believed her actions to be lawful and whose first attorney failed to give "competent advice" prior to its entry).

WHEREFORE, for the reasons set forth above, defendant's Motion should be dismissed and/or denied.

                        Respectfully submitted,

                        WILLIAM D. WILMOTH
                        United States Attorney

By:   Sam G. Nazzaro
       Assistant United States Attorney

CERTIFICATE OF SERVICE

I, Sam G. Nazzaro, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S "APPLICATION FOR WITHDRAWAL OF GUILTY PLEA AND A PLEA OF NOLO CONTENDERE BE ENTERED ON BEHALF OF DEFENDANT" was served upon the defendant by placing a true and correct copy thereof in the United States Mail, postage prepaid, addressed to his attorneys: William Cipriani, Charles Street, Wellsburg, West Virginia 26070 and William G. Gallagher, 1413 Eoff Street, Wheeling, West Virginia 26003 and upon defendant: Floyd Raymond Looker, c/o U.S. Marshals Service, Northern Regional Jail, Moundsville, West Virginia 26041 on this 26th day of November, 1997.

_____
Sam G. Nazzaro
Assistant United States Attorney